# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

OYSTER OPTICS, LLC,

*Plaintiff*,

v.

CORIANT (USA) INC., CORIANT NORTH
AMERICA, LLC, AND CORIANT
OPERATIONS, INC.,

*Defendants.*

Civil Action No. 2:16-cv-01302-JRG-RSP

**LEAD CASE**

## PROTECTIVE ORDER

WHEREAS, Plaintiff Oyster Optics, LLC ("Plaintiff") and Defendants Coriant (USA) Inc.,

Coriant North America, LLC, Coriant Operations, Inc., Infinera Corporation, Fujitsu Network

Communications Inc., Ciena Corporation, Ericsson Inc., Huawei Technologies Co., Ltd. and

Huawei Technologies USA, Inc. (collectively, "Defendants"), hereafter referred to as "the

Parties," believe that certain information that is or will be encompassed by discovery demands by

the Parties involves the production or disclosure of trade secrets, confidential business

information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing an appropriate designation ("CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") on such document, information or material. The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, or for electronically stored information produced in native form, in the file name of the native electronic file. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.  Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only"

shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated by the producing Party to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1][2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

[2] Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.  If, prior to receiving such notice, the recipient(s) has disseminated the DESIGNATED MATERIAL to individuals not authorized to receive it hereunder, it shall retrieve the DESIGNATED MATERIAL.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    counsel of record in consolidated Civil Action No. 2:16-CV-01302-JRG-RSP ("this Action") for the Parties;

(b)    employees of such counsel of record assigned to and reasonably necessary to assist  such counsel in the litigation of this Action;

(c)    no more than two (2) in-house counsel for the receiving Party who are not involved in research or development for the receiving Party and who agree not to be involved in research or development for a period of three (3) years following exposure to any DESIGNATED MATERIAL who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL.  Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(e) herein;

(d)     up to and including five (5) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL.   Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(e) herein;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with:

- a current curriculum vitae of the consultant or expert;
- a list of all consulting relationships in the past four (4) years including at least identification of case by name and number, location of court, and party for whom the expert or consultant performed services;
- a list of the consultant's or expert's publications for the last eight (8) years;
- any previous or current professional relationship with or opposite to any of the Parties

at least ten (10) days before access to the Protected Material is to be given to that consultant or expert.  A producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, stenographers, or videographers, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)    except for Defendant-designated "CONFIDENTIAL" documents, information and material, any supplier to a Defendant of technology products which are accused by, or believed to be implicated by, the claims of infringement of any of the patents-in-suit as needed or convenient to assist a Defendant in defending against Plaintiff's claims, including the supplier's counsel and employees of such counsel; and

(h)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases)

("Source Code Material"), the producing Party may designate such Protected Material as

"RESTRICTED CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY,

access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a-b) and (e-h).

10.  For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be located at the offices of the producing Party's outside counsel, or at another location as agreed by the Parties.   A receiving Party shall provide at least five (5) days notice that it will be sending individuals authorized to review Source Code Material prior to any such review.   All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code review room to view the Source Code and when they enter and depart.   The producing Party shall be responsible for providing and maintaining said log.   No outside electronic devices, recordable media or recordable devices, including without limitation laptops, tablet devices, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code review room, except as provided in subsection 10(j) below;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., on business days (weekdays that are not Federal holidays).   However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.   The producing Party may visually monitor the activities of the receiving Party's representatives during any Source Code review to ensure that no unauthorized recording, copying, or transmission of the Source Code or other information concerning the Source Code are being created or transmitted in any way.;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party shall install reasonably available commercial tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist, are presently used in the ordinary course of the producing Party's business, and do not require payment of additional license fees.  In no event shall the receiving Party use any compilers, interpreters or simulators in connection with the producing Party's Source Code Material absent the consent of the producing Party;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.            ;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as provided in this sub-paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code for use in any manner (including by way of example only, the receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  In no event shall the receiving Party seek to communicate electronically any copy of Source Code Material, including via email, FTP, or any other means of electronic communication, and in no event shall any copy of Source Code Material be created using optical character recognition technology.  If a receiving Party reasonably believes that it needs to submit a portion of Source Code Material as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code Material and such Source Code Material will not be filed absent agreement from the

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

producing Party that the confidentiality protections will be adequate. If a producing Party agrees to provide written permission to the receiving Party that an electronic or any other copy needs to be made for a Court filing or other paper (such as for example an expert report or drafts thereof), access to the receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code Material (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code Material under the provisions of this Order, and the Court where applicable. Any court filings containing Source Code Material shall be filed under seal. Any expert report containing Source Code Material from a given Producing Party shall be transmitted only to that Producing Party, and to the extent any Source Code Material of another Producing Party (or any specific description thereof) appears in such a report, the Source Code Material and accompanying specific descriptions shall be redacted accordingly to prevent one Producing Party from viewing any other Producing Party's Source Code Material.

(h)     No copies of all or any portion of the Source Code Material may leave the Source Code review room except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. The producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code Material with pre-numbered paper which may also be watermarked to track further reproduction. The receiving Party shall only request printing of limited portions of the Source Code Material only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). The receiving Party may request up to five (5) printed copy sets of any printed portion of the Source Code Material. The producing Party shall not unreasonably deny a receiving Party's request to print additional copies, providing that the request is for good cause and for use that otherwise complies with this Order. The receiving Party shall maintain a log of all copies of the source code (received from a producing Party) that are provided by the receiving Party to any qualified person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. No more than 10% or 500 pages of the total Source Code Material for any software release, whichever is less, may be printed, except pursuant to agreement of the Parties or Court order. The receiving Party shall not request printed Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).     The producing Party shall print, Bates number, and label

"RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested by the receiving Party. Within four (4) days, or such additional time as necessary due to the volume requested, but in no event more than seven (7) days, the producing Party shall either (i) provide up to five (5) copy sets of such pages to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action;

(i)     Access to and review of Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any Source Code Material for purposes unrelated to this case, and no person may use any knowledge gained as a result of reviewing Source Code Material in this case in any other pending or future dispute, proceeding, or litigation;

(j)     Solely for the purpose of investigating the claims and defenses at issue in this case as described in Subparagraph (i), the Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but may not copy the Source Code into such notes. To the extent the Receiving Party desires to take notes electronically, the producing Party shall provide a stand-alone note-taking computer (e.g., a computer, which is distinct from the Source Code Computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") in the Source Code review room for the receiving Party's use in taking such notes. The notes shall not contain verbatim copies of lines of source code. Producing party shall install commercially reasonable tools that are sufficient for taking and saving of encrypted notes on the note-taking computer, and do not require payment of additional license fees. The producing Party shall not deny receiving Party's reasonable requests for specific note-taking tools. The producing Party shall also provide a maximum of three (3) encrypted USB drives onto which the receiving Party may copy such notes at the end of a source code review session, unless otherwise agreed upon by the receiving and producing Party. Whether the copying of such notes from the note-taking computer onto the encrypted USB drive(s) occurs inside or outside of the Source Code review room will be at the discretion of the producing Party. The producing Party may observe the copying of such notes from the note-taking computer onto the encrypted USB drive(s) but may not access or review the content of such notes. The receiving Party shall be responsible for deleting any notes and any files containing information remaining on the

computer that refer to, reference, or otherwise permit the review or reconstruction in whole or part of, such notes, including without limitation any temporary files or file fragments, remaining on the note-taking computer. The receiving Party's notes shall be treated in accordance with the requirements of Fed. R. Civ. P. 26(b)(4)(B) or (C) as appropriate. Any notes (electronic or non-electronic) relating to the Source Code will be treated as RESTRICTED CONFIDENTIAL SOURCE CODE, and shall further be subject to subparagraph 10(n).

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. For depositions, the receiving Party shall not bring copies of any printed Source Code Material. Rather, at least four (4) days before the date of the deposition, the receiving Party shall notify the producing Party about specific portions of the Source Code Material it wishes to use at the deposition, and the producing Party shall bring printed copies of those portions to the deposition for use by the receiving Party. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code Material brought to the deposition shall remain with the producing Party's outside counsel for secure destruction in a timely manner following the deposition. In place of physical copies, the producing party may opt to bring a stand-alone computer to the deposition. The receiving party may use the stand-alone computer to review, under supervision, the specific portions of source code designated in advance as per this section's requirements. Use of the stand-alone computer will be subject to the same restrictions included in paragraph a;

(l)     Any expert or consultant retained on behalf of a receiving Party who is to be given access to a producing Party's Source Code Material (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to image sensors for a period of one (1) year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such expert or consultant from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to optical systems;

(m)     Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. No other copying or transcribing of Source Code Material is allowed beyond that described

in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order; and

(n)     Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving Party must, at the producing Party's option, either serve upon the producing Party, or certify the destruction of, all copies of the producing Party's Source Code Material. In addition, all persons to whom the copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were returned to the receiving Party's counsel who provided them the information and that they will make no use of the Source Code Material or of any knowledge gained from the Source Code Material in any future endeavor.

11.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (i) the field of the invention of the patents-in-suit, or (ii) the accused technology of the Defendants' products-in-suit, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create a screening procedure that prevents disclosure of any information related to this Action "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or

assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. This prohibition against the prosecution of applications shall not preclude an attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material who has had access to HIGHLY SENSITIVE MATERIAL from initiating, assisting in the initiation of, providing comments or otherwise participating in any post-grant proceeding  (including ex parte and inter partes reexamination, inter partes review, and covered business method review, except that any attorney representing Plaintiff may not assist Plaintiff in drafting, amending or proposing for substitution patent claims in any post-grant patent proceeding) of any patent. .  Nothing in this paragraph shall apply to any individual permitted to receive the producing Party's Protected Material and who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL if said HIGHLY SENSITIVE MATERIAL is only of a financial nature and not of a technical nature.

Nothing herein shall prevent any attorney from communicating with or sending any prior art or other litigation materials to the attorney's client, client's patent prosecution counsel, or client's post-grant proceeding counsel for the purpose of ensuring that such materials are submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor and/or to avoid a finding of inequitable conduct. If the foregoing prior art or other litigation materials sought to be disclosed by the attorney were designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS'

EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the producing Party, then the attorney may provide copies of said confidential materials to his/her client's patent prosecution or post-grant proceeding counsel only if the producing Party agrees to this submission or, if agreement cannot be reached, upon order of the Court. To the extent that that Parties reach agreement or the Court orders the submission of the confidential materials, then that confidential material may be submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government), and will be submitted under seal and in accordance with the U.S. Patent Office (or foreign office) rules and regulations for such documents. The counsel involved in prosecution or post-grant proceedings to whom confidential material is provided pursuant to this section shall not be subject to the prohibition against the prosecution of applications ("Prosecution Bar"), notwithstanding the confidential material also being material subject to the Prosecution Bar. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

The receipt or review of the following documents and materials shall not trigger the Prosecution Bar set forth above: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third-party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonable royalty rates.

The Prosecution Bar set forth in the paragraphs above shall be personal to any attorney who receives or reviews Protected Materials designated "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall not be imputed to any other persons or attorneys at the attorney's law firm or company unless information concerning the Protected Materials was communicated to an individual by one who reviewed such Protected Materials.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Within five (5) business days of this notice, the receiving Party shall gather from all recipient(s) and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

No use shall be made of such documents or information during depositions, through motion practice, or at trial.  The receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify the producing Party's counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

15.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have

access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a producing Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17.   Native Files.   Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the

file contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 5(e), or for any other reason consistent with the provisions of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.    Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden

shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all

documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. The provisions of this Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record and (b) that a Party may seek the written permission of the producing Party or further order of the Court with respect to the dissolution or modification of this Order.  The Court retains and shall have continuing jurisdiction over the parties and recipients of the DESIGNATED MATERIAL.

29. In the event that any Party or individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any DESIGNATED MATERIAL, such Party or individual shall (a) provide lead counsel for any Party whose DESIGNATED MATERIAL is the subject of said subpoena or other judicial process with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the DESIGNATED MATERIAL at issue consistent with this Order.

30. Export Control Requirements: Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all Protected Materials produced by any Defendant:  Disclosure of DESIGNATED MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIAL, including the release of such technical data to foreign

persons or nationals in the United States or elsewhere, including but not limited to the provisions in 30(a) and (b) below.   Subject to this provision, no DESIGNATED MATERIAL may leave the United States of America, except for DESIGNATED MATERIAL for the personal use of the individuals in paragraph 5, including such material on that individual's laptop or other electronic device.   Without limitation, this prohibition extends to DESIGNATED MATERIAL, including copies, in physical and electronic form. The viewing of DESIGNATED MATERIAL through electronic means outside the territorial limits of the United States of America is similarly prohibited.   The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent such agreed-to procedures conform with applicable export control laws and regulations.

(a) The receiving Party acknowledges that the Protected Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.   The receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Protected Materials of the producing Party.   The receiving Party acknowledges that Protected Materials disclosed by the producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

(b) The receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing Party's Protected Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Protected Materials, subject to ECCN 5E002, without U.S. Government authorization.   The receiving Party furthermore, agrees to notify the producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the "stand-alone" computer(s) referenced in Paragraph 10(a), access to hard copies of Protected Materials, or placement on a project requiring receipt or review of the producing Party's Protected Materials.   The term "national" is defined as any person who is

not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

31.     This Order does not confer any right to one Defendant to access DESIGNATED MATERIAL of any other Defendant.   Plaintiff shall not produce DESIGNATED MATERIAL of one Defendant to any other Defendant or Defendant's counsel absent the written consent of the producing Party.

32.     This Order shall not be deemed a waiver of any Party's right to use its own documents and its own DESIGNATED INFORMATION in its sole and complete discretion.

33.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So Ordered this**
**May 18, 2017**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC | |
|                 PLAINTIFF, | Civil Action No. 2:16-CV-01302-JRG-RSP |
|    V. | **LEAD CASE** |
| CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, AND CORIANT OPERATIONS, INC., | |
|             DEFENDANTS. | |
| INFINERA CORPORATION | Civil Action No. 2:16-CV-01295-JRG-RSP |
| FUJITSU NETWORK COMMUNICATIONS INC., | Civil Action No. 2:16-CV-01299-JRG-RSP |
| CIENA CORPORATION AND ERICSSON INC., | Civil Action No. 2:16-CV-01300-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA, INC., | Civil Action No. 2:16-CV-01303-JRG-RSP |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

     My current employer is _____.

     My current occupation is _____.

1

2.      I have received a copy of the Protective Order in this action.  I have carefully read and
understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence,
will not disclose to anyone not qualified under the Protective Order, and will use only for
purposes of this action any information designated as "CONFIDENTIAL,"
"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things
designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"
or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,
and all documents and things that I have prepared relating thereto, to the outside counsel
for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _