**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| OYSTER OPTICS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| CORIANT AMERICA INC. ET AL., | § | 2:16-cv-01302-JRG LEAD CASE |
| ALCATEL-LUCENT USA, INC., | § | 2:16-cv-01297-JRG |
| CISCO SYSTEMS, INC. ET AL., | § | 2:16-cv-01301-JRG |

*Defendants*.

## CONSOLIDATION ORDER

The above-captioned cases are hereby **ORDERED** to be **CONSOLIDATED** for all pretrial issues (except venue) with the LEAD CASE, Case No. 2:16-cv-01302. All parties are instructed to file any future filings (except relating to venue) in the LEAD CASE. Individual cases remain active for venue determinations and trial. The Court will enter one docket control order, one protective order, and one discovery order that will govern the entire consolidated case.

The scheduling conference in Case No. 2:16-cv-1297, which previously had been set for May 31, 2017, is hereby **CANCELLED**. (*See* C.A. No. 2:16-cv-1297, Dkt. No. 44.)

The Parties are **ORDERED** to submit any proposed amendments to the Docket Control Order, Protective Order, or Discovery Order in Lead Case No. 2:16-cv-1302 within 14 days of the date of this Order.

The Court hereby appoints David Folsom, Jackson Walker, L.L.P., 6002-B Summerfield

Drive, Texarkana, Texas 75503, telephone number 903-255-3251, fax number 903-255-3266, and email dfolsom@jw.com, as mediator in Case Nos. 2:16-cv-1297 and 2:16-cv-1301.[1]

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket that may also be appropriate for consolidation with this case.

The Clerk is instructed to add the consolidated defendants into the Lead Case and their corresponding Lead and Local Counsel only. Additional counsel may file a Notice of Appearance in the Lead Case if they wish to continue as counsel of record in the lead consolidated action. Counsel who has appeared *pro hac vice* in any member case may file a Notice of Appearance in the Lead Case without filing an additional application to appear *pro hac vice* in the Lead Case. Counsel who have not appeared in a member case at the point when it is consolidated into the Lead Case should file a Notice of Appearance only in the Lead Case, and such Notice should state the relevant member case.

In light of this Order, Plaintiff's Joint Motion to Consolidate Cases (C.A. No. 2:16-cv-1297, Dkt. No. 46) and Plaintiff's Unopposed Motion to Consolidate (C.A. No. 2:16-cv-1301, Dkt. No. 25) are hereby **GRANTED**.

---

[1] The Court designates plaintiff's counsel to be responsible for timely contacting the mediator and defendant's counsel to coordinate a date for the mediation. Mediation shall be governed by the Court-Annexed Mediation Plan, found at: http://www.txed.uscourts.gov/page1.shtml?location=mediation. In particular and without limitation, the Mediation Plan requires the presence at the mediation conference of all parties, corporate representatives, and any other required claims professionals (e.g., insurance adjusters, etc.) with full authority to negotiate a settlement. Exceptions to this requirement may be made only by the presiding judge in writing.

**So Ordered this**

**May 18, 2017**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE