IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| OYSTER OPTICS, LLC, *Plaintiff,* v. | |
|---|---|
| CORIANT AMERICA INC., ET AL., | 2:16-cv-01302-JRG-RSP LEAD CASE |
| INFINERA CORPORATION, | 2:16-cv-01295-JRG-RSP |
| ALCATEL-LUCENT USA, INC., | 2:16-cv-01297-JRG-RSP |
| FUJITSU NETWORK COMMUNICATIONS, INC., | 2:16-cv-01299-JRG-RSP |
| CISCO SYSTEMS, INC., ET AL., | 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD., ET AL., *Defendants.* | 2:16-cv-01303-JRG-RSP |

**AGREED ORDER FOCUSING PATENT CLAIMS
AND PRIOR ART TO REDUCE COSTS**

In consideration of an agreement of the Parties (Dkt. No. 171), the Court **ORDERS** as follows:

1.      This Order supplements all other discovery rules and orders.  It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

***Phased Limits on Asserted Claims and Prior Art References***

2.      By October 24, 2017, Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert no more than a total of 48 claims in each civil action against the Defendant[1] in that civil action.  Not later than November 14, 2017, each Defendant shall serve a Preliminary Election of Asserted Prior Art, in which the Defendant in each civil action shall assert

---

[1] For purposes of this Order, the Coriant entities are considered a single Defendant.  Likewise, the Huawei entities are considered a single Defendant.

no more than a total of 60 prior art references.[2]

3. No later than December 8, 2017, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than a total of 16 claims from among the 48 previously identified claims to assert in each civil action against the Defendant(s) in that civil action. By the date set for the service of opening expert reports on invalidity, Defendants shall serve a Final Election of Asserted Prior Art, in which the Defendant(s) in each civil action shall identify no more than a total of 20 asserted prior art references from among the 60 prior art references previously identified by the Defendant(s) in that civil action. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

*Modification of this Order*

4. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[3]

**So ORDERED and SIGNED this 23rd day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[3] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.