**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, AND CORIANT OPERATIONS, INC.,<br><br>        DEFENDANTS. | Civil Action No. 2:16-CV-01302-JRG-RSP<br><br>**LEAD CASE** |
| INFINERA CORPORATION | Civil Action No. 2:16-CV-01295-JRG-RSP |
| FUJITSU NETWORK COMMUNICATIONS INC., | Civil Action No. 2:16-CV-01299-JRG-RSP |
| CISCO SYSTEMS, INC. | Civil Action No. 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA, INC., | Civil Action No. 2:16-CV-01303-JRG-RSP |
| ALCATEL-LUCENT USA INC., | Civil Action No. 2:16-cv-01297-JRG-RSP<br><br>FILED UNDER SEAL |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS P.R. 3-1 INFRINGEMENT CONTENTIONS WITH REGARD TO FUJITSU NETWORK COMMUNICATIONS, INC.**

Pursuant to Local Rule P.R. 3-6(b), Plaintiff Oyster Optics, LLC ("Oyster" or "Plaintiff") respectfully seeks leave to amend its P.R. 3-1 Infringement Contentions with regard to Defendant Fujitsu Network Communications, Inc.) ("FNC" or "Defendant"). Good cause exists because Oyster's amendments clarify what FNC has always known and recently confirmed through discovery – that both the Flashwave 9500 and 1Finity series products are among the Accused Instrumentalities in the case. The Flashwave 9500 Series products are named in

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Plaintiff's original complaint, and Oyster's amendments explicitly recite them in the contentions by clarifying the definition of "Accused Instrumentalities," and by furnishing factual details confirming infringement by those products. The proposed amendments, attached as Exs. A-D, were served nearly two months before the fact discovery cutoff and well before the claim construction hearing. In light of the significant and recent confidential discovery FNC has provided on the products named in this amendment, FNC suffers no prejudice as a result of it.

**I.      Factual Background**

Oyster filed this lawsuit on November 23, 2016, and named among the Accused Products the "FLASHWAVE 9500." D.I. 1 at ¶ 12. Oyster also sued several other optical networking companies in the Eastern District of Texas, alleging infringement of the same and additional patents. Oyster asserts a total of eight patents in these actions: U.S. Patent Nos. 6,469,816 (the "'816 Patent"); 6,476,952 (the "'952 Patent"); 6,594,055 (the "'055 Patent"); 7,099,592 ("'592 Patent"); 7,620,327 (the "'327 Patent"); 8,374,511 (the "'511 Patent"), 8,913,898 (the "'898 Patent"); and 9,363,012 (the "'012 Patent"). Three of these are asserted against FNC – the '327, '511, and '898 Patents (collectively, the "asserted patents"). On February 24, 2017, the Court consolidated this case with lead case *Coriant (USA) Inc., et al.,* Civil Action No. 2:16-CV-01302-JRG-RSP. Infringement contentions against Fujitsu were served on April 4, 2017, which recited infringement by certain "Flashwave products," "the compatible chassis in which they are installed" and "other products operating in a substantially similar manner." Since that time, FNC has produced documentary discovery on May 8, 2017, June 2, 2017, September 15, 2017 and September 20, 2017. Among these productions are thousands of pages of confidential technical discovery concerning the Flashwave 9500 and 1Finity products. On September 21, 2017 Oyster deposed ▮▮▮▮▮▮▮▮▮▮ product line manager who worked on both the Flashwave

2

9500 and 1Finity series products. He offered several hours of testimony on the Flashwave 9500 Series and 1Finity products, further explaining their functionality and establishing their infringement of Oyster's asserted claims. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Upon review of ▇▇▇▇ testimony and documents, some of which were produced the day before ▇▇▇▇ deposition, Oyster notified FNC on October 10, 2017 of its intent to amend its contentions to clarify that the Flashwave 9500 and 1Finity series products were among the Accused Instrumentalities. Oyster circulated the proposed amendments on October 27, 2017 which comprise an amended cover pleading and revised claim charts explaining in detail how ▇▇▇▇ testimony and FNC's recently produced documents establish infringement by the Flashwave 9500 and 1Finity products. *See, e.g.,* Exs. A-D. FNC indicated that it would oppose the amendments.

**II.     Legal principles**

Under L.P.R. 3-6(b), infringement contentions may be amended only by order of the Court based upon a showing of good cause. The Court has discretion to determine whether "good cause" exists for amending infringement contentions, and normally considers four factors: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Cell & Network Selection LLC v. AT&T Inc.*, Civil Action No. 6:13-CV-403, 2014 U.S. Dist. LEXIS 185020 at *5-6 (E.D. Tex. Nov. 10, 2014).

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### III.   Argument

    a.   **Oyster's Amended Contentions Clarify Its Original Contentions By Explicitly Naming Products FNC Has Provided Discovery Upon, And Recite Facts Not Available Until Very Recently In The Discovery Process**

Discovery provided in late September confirmed infringement by the Flashwave 9500 and 1Finity products – products that Oyster's complaint and original contentions already describe in specific and general terms. *See, e.g.,* Exs. A-D; D.I. 1 at 3, ¶ 12. The "Accused Instrumentalities" described in Oyster's contentions include the "Flashwave 7420 WDM Platform products, as well as the compatible chassis in which they are installed, and *other products operating in a substantially similar manner,*" such as the Flashwave 9500 and 1Finity series products. *See, e.g.,* Exs. A-D. █████

█████ offered confidential testimony on several aspects of the Flashwave 9500 product that confirm its infringement of numerous independent and dependent claims. █████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

Though none of this information was available to Oyster before ████████ deposition, his confidential testimony makes it clear that the Flashwave 9500 and 1Finity products infringe Oyster's asserted claims, ████████████████████████████████████ ██████████████████████████████████ As such, about 2 weeks after ███

---

- ████████████████████████████
- ████████████████████████████████████
████████████████████████████████████████████████
  - ██████████████
  - ████████████████
  - ██████████
  - ██████████████████

██ deposition, Oyster diligently notified FNC of its intent to amend its contentions to explicitly add those products and factual elaboration of their infringement. Oyster then provided amended contentions about 2 weeks after that. These clarifying amendments could not have been made without ██ confidential testimony and the documents provided in the days prior to his deposition. Therefore, granting Oyster leave to amend its contentions is appropriate in this instance.

    b. **The Amendments Are Important Because They Explain How Several FNC Products Infringe Under Theories Oyster Has Already Advanced**

FNC argues that the failure to explicitly name the Flashwave 9500 and 1Finity products removes them from the case even though FNC has not (and cannot) explain how those products function differently from other Flashwave products already accused. Oyster's amendments establish that, for purposes of infringement, the Flashwave 9500 and 1Finity series products function similarly to Accused Instrumentalities that have already been named. They also recite factual evidence uncovered through recent discovery, particularly the confidential testimony of ██ as discussed in detail above. Courts in this District have permitted the kind of fact-based supplementation Oyster is providing here, so granting leave would be consistent with this Court's prior practice and the law. *See, e.g., Cellular Comm'ns Equip., LLC v. Apple, Inc.,* Case No. 6:14-cv-00251-KNM, D.I. 193 (E.D. Tex. Aug. 10, 2016) (granting leave to supplement infringement contentions with source code citations, but denying to the extent new infringement theories were being added via amendment). Moreover, denying leave would be unfair to Oyster, particularly in light of the clear confirmatory evidence of infringement that Oyster has uncovered and now presents in its contentions. Denial would allow FNC to avoid liability on products it has already provided discovery on based upon ambiguities in the original description of the Accused

Instrumentalities in Oyster's infringement contentions.

    **c. Given Its Litigation Conduct To Date And The Early State Of The Case, FNC Does Not Suffer Any Prejudice, And No Continuance Is Required**

FNC's discovery conduct demonstrates that it has always understood the Flashwave 9500 and 1Finity Series products to be part of Oyster's infringement case. After providing thousands of pages of highly confidential discovery on those products, as well as the highly confidential testimony of a technical witness whose work was focused upon them, FNC cannot now credibly claim to be surprised that Oyster would clarify and supplement its infringement contentions to explicitly recite the Flashwave 9500 and 1Finity Series products. FNC provided documents relating to the Flashwave 9500 as early as June of 2017, and provided additional technical discovery in late September of 2017. ▇▇▇ detailed testimony based upon his experience with these products was also provided without reservation. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Furthermore, the Defendant admits in its recent motion to stay that "much work remains ahead of the parties in the case." D.I. 176 at 7. This is certainly true. When FNC was notified of Oyster's intent to amend shortly after ▇▇▇ deposition, over two months remained before the close of fact discovery, and even today nearly a month remains. No claim construction ruling has yet issued, expert discovery has not yet begun, and trial is nearly 8 months away. Furthermore, Oyster's amended contentions do introduce any new infringement theories – they simply apply Oyster's present infringement theories to products that are functionally similar to the Accused Instrumentalities that have been explicitly named. Because FNC cannot show prejudice arising from Oyster's amendments, leave to amend should be granted. And because

much of the discovery in this case has already covered the Flashwave 9500 and 1Finity products, no continuance beyond the December 22, 2017 discovery cutoff is necessary.

### IV.  Conclusion

From the beginning of this lawsuit, FNC has known that infringement by the Flashwave 9500 and 1Finity series products were at issue. Its litigation conduct to date highlights this awareness. FNC should not be allowed now to evade infringement claims by feigning surprise where there is none, and barring Oyster's amendments. Oyster's amendments explicitly explain how the Flashwave 9500 and 1Finity series products infringe, relying upon highly confidential, non-public evidence FNC has freely and recently provided. As such, Oyster respectfully asks the Court to grant leave to amend its contentions as to FNC.

Dated:  December 5, 2017            Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SB No. 246953)
Neil Rubin (CA SB No. 250761)
Amir Naini (CA SB No. 226627)
Arka D. Chatterjee (CA SB No. 268546)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: rmirzaie@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: anaini@raklaw.com
E-mail: achatterjee@raklaw.com

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1127 Judson Road, Ste 220
Longview, Texas 75601
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

***ATTORNEYS FOR PLAINTIFF OYSTER OPTICS, LLC***

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(h), I hereby certify that Reza Mirzaie, counsel for Oyster, met and conferred with counsel for defendant FNC regarding the relief sought in this motion through correspondence and email dated October 10, October 27, November 7, and November 8, 2017 and a phone call on November 10, 2017 in a good faith attempt to resolve the matter without Court intervention. The parties could not reach agreement as to the relief requested in this motion, and discussions have conclusively ended in an impasse, leaving an open issue of the Court to resolve.

*/s/ Reza Mirzaie*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that this document is authorized to be filed under seal pursuant to Local Rule CV-5(a)(7) because it contains material designated as CONFIDENTIAL and/or RESTRICTED - ATTORNEYS' EYES ONLY under the Protective Order approved and entered in this case (Dk. No. 95).

*/s/ Reza Mirzaie*

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on December 5, 2017, with a copy of this document via the Court's ECF system.

/s/ *Reza Mirzaie*