FILED UNDER SEAL
PURSUANT TO
PROTECTIVE ORDER

# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OYSTER OPTICS, LLC, ~~~~~~~~~~~~~~Plaintiff, ~~~~~~~v.~~ ~~OYSTER OPTICS, LLC~~ ~~PLAINTIFF~~ INFINERA CORPORATION, | | ~~Civil Action No.~~ 2:16-~~CV~~cv-01295-JRG-RSP |
| ALCATEL-LUCENT USA, INC., | | 2:16-cv-01297-JRG-RSP |
| ~~FUJITSU NETWORK COMMUNICATIONS INC.,~~ FUJITSU NETWORK COMMUNICATIONS, INC., | | ~~Civil Action No.~~ 2:16-~~CV~~cv-01299-JRG-RSP |
| ~~CIENA CORPORATION AND ERICSSON INC.,~~ CISCO SYSTEMS, INC. ET AL., | | ~~Civil Action No.~~ 2:16-~~CV 01300~~cv-01301-JRG-RSP |
| ~~HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA, INC.,~~ HUAWEI TECHNOLOGIES CO., LTD. ET AL., | | ~~Civil Action No.~~ 2:16-~~CV~~cv-01303-JRG-RSP |
| CIENA CORPORATION | | 2:17-cv-00511-JRG-RSP |

**PLAINTIFF OYSTER OPTICS, LLC'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS TO FUJITSU NETWORK COMMUNICATIONS**

I.   **P.R. 3-1.  Disclosure of Asserted Claims and Infringement Contentions**

Pursuant to Patent Rule 3-1, Oyster Optics, LLC ("Oyster" or "Plaintiff") submit the following First Amended Disclosure of Asserted Claims and Infringement Contentions.

This disclosure is based on the information available to Oyster as of the date of this disclosure, and Oyster reserves the right to amend this disclosure to the full extent consistent with the Court's Rules and Orders.

### A. Patent Rule 3-1(a): Asserted Claims

Oyster asserts that Defendant Fujitsu Network Communications ("Fujitsu" or "Defendant") infringes one or more of the following claims, directly, by inducement, and/or by contributory infringement:

(1) U.S. Pat. No. 7,620,327 ("'327 Patent"), Claims 1, 3-125, 10, 11, 14, 16-2318, 22, 25-, 27-29, 33, 34, and 36-38 (collectively, "'327 Asserted Claims");

(2) U.S. Pat. No. 8,374,511 ("'511 Patent"), Claims 1-4 and 9-12 (collectively, "'511 Asserted Claims");

(3) U.S. Pat. No. 8,913,898 ("'898 Patent"), Claims 1, 3-12, and 14, 15, and 17-24 (collectively, "'898 Asserted Claims");

(collectively, "Asserted Claims").

### B. Patent Rule 3-1(b): Accused Instrumentalities of which Oyster is aware

Oyster asserts that the Asserted Claims are infringed by the various systems, apparatuses, services, and methods made, used, sold, offered for sale, imported, or supplied by Defendant related to fiber optic data transmission, including but not limited to, 100G OIF 168pin Coherent Transceiver (FIM85200), 100G CFP DCO Transceiver (FIM38000/100; FIM38100/100), 100G/200G CFP2 ACO Transceiver (FIM38500; FIM38100), 100G CFP Transceiver (FIM37101; FIM37102; FIM37201; FIM37102), 100G CFP2 Transceiver (FIM37301; FIM37302; FIM37401; FIM37402), 100G QSFP28 Transceiver (FIM37700; FIM37800), 100G/400G LN Modulator (FTM7992HM; FTM7990HKA; FTM7977HQA), 100G/400G Integrated Coherent Receiver (FIM24901; FIM24721), HD62 OTN Switch Aggregator Unit, TM61 OTU4 OTN Transponder

Demarcation Unit, and Flashwave 7420 WDM Platform products, as well as the compatible chassis in which they are installed and other products operating in a substantially similar manner such as, for example, the Flashwave 9500 Platform product and all compatible components and chassis, and the 1Finity Platform product and all compatible components and chassis. ("Fujitsu Accused Instrumentalities").

Specific Accused Instrumentalities that infringes each of the Asserted Claims are further specified in Exhibits A through C.  Oyster in no way intends that the Accused Instrumentalities are limited to the methods and apparatuses that are identified in Exhibits A through C.  The Accused Instrumentalities specifically include all systems, apparatuses, services, and methods of Defendant similar to those identified in these exhibit that include the claimed elements.  Unless otherwise stated, Oyster assertions of infringement apply to all variations, versions, editions, and applications of each of the Accused Instrumentalities, on information and belief, that different variations, versions, editions, and applications of each of the Accused Instrumentalities all operate in the substantially the same manner for purposes of infringement of the Asserted Claims.

### C.  Patent Rule 3-1(c): Claim Charts

Oyster's analysis of Defendant's methods and apparatuses is based upon information recently revealed in highly confidential deposition testimony, in highly confidential document produced immediately prior to that is deposition, and publicly available and based on information uncovered through Oyster's own ongoing investigation which commenced prior to any discovery in these actions.  The publicly available information, evidencing the underlying methods and apparatuses used by Defendant that are available to Oyster, consisted of Internet websites, public datasheets, and other public documentation by Defendant.

While the publicly available information constitutes evidence of the methods and apparatuses used by Defendant in the Accused Instrumentalities, direct evidence of the actual

3

apparatuses and methods are at times not publicly available.  Accordingly, these infringement contentions are based on the available public information, highly confidential documents and deposition testimony, and reasonable inferences drawn from that information.

Oyster reserves the right to amend or supplement these disclosures for any of the following reasons:

(1) Defendant provides evidence of the apparatuses and methods used in the Accused Instrumentalities;

(2) The Asserted Claims may include elements that involve features that are implemented by hardware and software structures and logic and Oyster's current positions on infringement are set forth without the benefit of access to Defendant's source code, schematics, drawings, or other proprietary specifications or information, which cannot be obtained through publicly available information, for the Accused Instrumentalities. Therefore, it may be necessary for Oyster to supplement its positions on infringement after a complete production of such proprietary specifications or information by the Defendant;

(3) Oyster's position on infringement of specific claims will depend on the claim constructions adopted by the Court. Because said constructions have not yet occurred, Oyster cannot take a final position on the bases for infringement of the Asserted Claims;

(4) Oyster's investigation and analysis of Defendant's Accused Instrumentalities are based upon information made publicly available by Defendant, Defendant's Highly Confidential documents and testimony, and by Oyster's own investigations. Oyster reserves the right to amend these contentions based upon discovery of additional non-

4

public information that Oyster anticipates receiving from Defendant during discovery; and

Attached as Exhibits A through ~~G~~C, and incorporated herein in its entirety, are charts identifying where each element of the Asserted Claims of the '327, '511, and '898 Patents are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, editions, and applications of each respective Accused Instrumentalities described above.

### D.  Patent Rule 3-1(d): Literal Infringement / Doctrine of Equivalents

With respect to the patents at issue, Oyster contends that each element of each Asserted Claim is literally present.  To the extent that Defendant identifies elements of the Asserted Claims that they contend are not literally present in the Accused Instrumentalities, Oyster contends that such elements are present under the doctrine of equivalents.

### E.  Patent Rule 3-1(e): Priority Dates

The Asserted Claims of the '327, '511, and '898 Patents are entitled to priority dates at least as early as July 9, 2001.

### F.  Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention

Oyster does not presently assert that its own apparatuses, products, devices, processes, methods, acts, or other instrumentalities practice the claimed invention.  Oyster reserves the right to supplement this response should further investigation, discovery, or the courts' claim construction ruling make such supplementation appropriate.

## II.     P.R. 3.2. Document Production Accompanying Disclosure

Pursuant to Patent Rule 3-2, Oyster submits the following Document Production Accompanying Disclosure, along with an identification of the categories to which each of the documents corresponds.

### A.  Patent Rule 3-2(a) documents:

Oyster is presently unaware of any documents sufficient to evidence any discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the inventions recited in the Asserted Claims of the Asserted Patents prior to the application date or priority date for the Asserted Patents.

A diligent search continues for documents and Oyster reserves the right to supplement this response.

### B.  Patent Rule 3-2(b) documents:

Oyster presently unaware of any documents that relate to conception, reduction to practice, design, and development created on or before the application date of patents-in-suit or priority date identified pursuant to P. R. 3-1(e), as disclosed above.

A diligent search continues for other documents and Oyster reserves the right to supplement this response.

### C.  Patent Rule 3-2(c) documents:

Oyster identifies the following documents as being the file histories for the Asserted Patents: OYSTER00000001-OYSTER00001820.

Dated: December 4, 2017                    Respectfully submitted,

                                          **OYSTER OPTICS, LLC**

                                          By: /s/ *Reza Mirzaie*

Marc A. Fenster, CA SBN 181067
E-mail: mfenster@raklaw.com
~~Jeffrey Z.Y. Liao~~Amir A. Naini, CA SBN ~~28894~~ 226627
E-mail: jliao@raklaw.com
Reza Mirzaie, CA SBN 246953
E-mail: rmirzaie@raklaw.com
Arka Chatterjee, CA SBN 268546
E-mail: achatterjee@raklaw.com
Neil A. Rubin, CA SBN 250761
E-mail: nrubin@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone:     310/826-7474
Facsimile:     310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
Andrea L. Fair (TX SBN 24078488)
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 13231
Longview, Texas 75601
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff**
**OYSTER OPTICS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on December 4, 2017, with a copy of this document via the ~~Court's CM/ECF system per Local Rule CV-5(a)(3).~~ electronic mail.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                    /s/ *Reza Mirzaie*