# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>*Plaintiff,*<br><br>v. | |
| CORIANT NORTH AMERICA, LLC ET AL., | 2:16-cv-01302-JRG<br>LEAD CASE |
| INFINERA CORPORATION, | 2:16-cv-01295-JRG |
| ALCATEL-LUCENT USA INC., | 2:16-cv-01297-JRG |
| FUJITSU NETWORK COMMUNICATIONS, INC., | 2:16-cv-01299-JRG |
| CISCO SYSTEMS, INC., | 2:16-cv-01301-JRG |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | 2:16-cv-01303-JRG |
| *Defendants.* | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF A SINGLE ISSUE IN THE
<u>COURT'S CLAIM CONSTRUCTION ORDER (DKT NO. 190)</u>**

**I.      INTRODUCTION**

Coriant North America, LLC, Coriant Operations, Inc., Coriant (USA) Inc., Infinera Corporation, Fujitsu Network Communications, Inc., Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Cisco Systems, Inc., and Alcatel-Lucent USA Inc. (collectively, "Defendants") respectfully request that the Court reconsider its Claim Construction Order (Dkt. No. 190) on the narrow legal issue of whether the disclaimer that occurred during prosecution of the '898 patent applies to the '327 and '511 patents, which are in the same patent family and share a common disclosure. Defendants respectfully submit that reconsideration is warranted because the claim construction is not consistent with the holding in *Microsoft Corp. v. Multi-Tech Sys., Inc.*, particularly in light of two other controlling Federal Circuit decisions that were not the subject of *Markman* briefing because this issue was raised by Oyster for the first time in Oyster's reply brief.[1]

The Federal Circuit held in *Microsoft* that when patents are in the same family and have a common disclosure, the disclaimer occurring during prosecution of one patent applies to common terms in the other patents in the family, even those that have already issued at the time of the disclaimer. *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004). Then, in *NTP, Inc. v. Research In Motion, Ltd.,* 418 F.3d 1282, 1293 (Fed. Cir. 2005) the

---

[1] Specifically, it was not until Plaintiff filed its reply claim construction brief on October 10, 2017, that Plaintiff raised the notion that, if a disclaimer occurred, it should not apply to the earlier family members. (Dkt. No. 167 at 9.) Notwithstanding that Defendants raised the prosecution history disclaimer to Plaintiff's attention during meet-and-confers and in Defendants' Local P.R. disclosures, Plaintiff had not raised this issue before its reply. Plaintiff's opening claim construction brief was silent other than to say "nowhere in that intrinsic record does the patentee disclaim the use of any particular type of 'receiver.'" (Dkt. No. 157, at 16–17.) Defendants' responsive claim construction brief thus argued that the construction of "receiver" in all three patents should give effect to the prosecution history disclaimer. (Dkt. No. 165 at 19-22, 1 n.1.) Although Defendants have always proposed that the term "receiver" be construed the same across all three patents, the discussion at the *Markman* hearing did not turn toward the possibility of construing the term "receiver" *differently* among the three patents.

Federal Circuit relied on *Microsoft* for the rule that, when patents "all derive from the same parent application and share many common terms, [the Court] **must** interpret the claims consistently across all asserted patents." *Id.* (bold supplied).  As stated in *NTP*, because the specifications of all three patents share a common specification and the claims "share many common terms," the meaning of the receiver term "must" be consistent across all three patents. *Id.*  The Federal Circuit reached the same conclusion in *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1306 (Fed. Cir. 2007).

Consistent with these Federal Circuit cases, Defendants respectfully request that the Court find that the disclaimer that occurred during the prosecution of the '898 patent (resulting in the construction of "receiver" as "receiver without a demodulator") applies equally to the members of the same patent family that share a common disclosure, even though the '327 and '511 patents had already issued when the disclaimer occurred.

## II.   FACTUAL BACKGROUND

The facts pertaining to the disclaimer in the prosecution history of the '898 patent are documented in the Court's claim construction order (Dkt. No. 190, at 30-36).[2]  The Court found that the patentee's amendments during prosecution of the '898 patent "amounted to 'acquiescence in the examiner's rejection' such that the patentee cannot 'obtain scope that was requested during prosecution, rejected by the Examiner, and then withdrawn by the applicant.'" (Dkt. No. 190, at 33 (citing *UCB, Inc. v. Yeda Research & Dev. Co.*, 837 F.3d 1256, 1260, 1261 (Fed. Cir. 2016).)  Based on the disclaimer, the Court construed the "receiver" term to mean "receiver without a demodulator." (*Id.*)

---

[2]   These facts are also set forth in Defendants' responsive claim construction brief. (Dkt. No. 165, 19-20.)

The last two pages of the Court's order on this term discussed the issue of whether the disclaimer should apply to the earlier family members, which was an issue Plaintiff raised for the first time in its reply brief. (*Id.* at 34-35.) The issue of whether the same claim term could be construed inconsistently in these circumstances also was not the subject of oral argument at the *Markman* hearing. Defendants reiterate below the facts applicable to the legal issue raised by this motion.

The three patents are a string of continuation applications. The first application was filed on July 3, 2002, and it issued as the '327 patent on November 17, 2009. On November 4, 2009, the applicant filed the application for the '511 patent as a continuation of the '327 patent. The '511 patent issued on February 12, 2013. On February 5, 2013, the applicant filed the application for the '898 patent as a continuation of the '511 patent. The prosecution history disclaimer occurred on October 13, 2013 when the applicant amended claims to overcome an enablement rejection of the limitation "a receiver having a demodulator" during prosecution of the '898 patent. (Dkt. No. 165, 19-20.)

The common specification of the three patents is identical.[3] The term at issue—receiver—is the same across the three patents and appears in claim limitations in the same context, namely a receiver for receiving data over optical fiber in a fiber optics communication system:

- "A transceiver card . . . a *receiver* optically connected to the fiber input for receiving data from the second optical fiber" ('327 patent, claim 1);

---

[3] Aside from a typographical error and a minor edit to two sentences, the written descriptions are word-for-word identical, and are identical in all material aspects. Ex. __ (Redline Comparison of the '327 and '511 Patent specification); Ex. __ (Redline Comparison of the '511 and '898 Patent specification.).)

3

- "A method . . . receiving the optical signals from the optical fiber at a *receiver* . . . and converting the optical signals to electronic output data" ('511 patent, claim 1); and

- "A transceiver card . . . a *receiver* configured to receive a second optical signal from the second optical fiber and to convert the second optical signal to output data" ('898 patent, claim 1).

Thus, the question raised during the prosecution history of the '898 patent—whether the common disclosure did or did not enable the claim scope of a "receiver with a demodulator"— presented the same issue across the three patents.

### III. LEGAL STANDARD

A motion to reconsider is proper where there is "the need to correct a clear error of law." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (motions to reconsider "permit a party to correct manifest errors of law or fact."); *accord Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). And, as this Court recognized in its Order, "[c]laim construction is clearly an issue of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)." (Dkt. No. 190, at 4.) Defendants seek reconsideration of the Court's Order to align it with Federal Circuit law that the same claim terms that exist in multiple patents sharing a common specification and arising from the same patent family should be construed the same way when a patentee has made a disclaimer in a later-filed application within the same patent family.

## IV. ARGUMENT

The issue addressed in this motion is purely a question of law that would be reviewed *de novo* by the Federal Circuit. Construing the same claim term in the same family consistently and applying a disclaimer consistently to common terms in a patent family having a common disclosure is required by the Federal Circuit's decisions in *Microsoft*, *NTP*, and *Verizon*.

In *Microsoft*, the Federal Circuit held that prosecution history occurring later in time was not "limited to the invention disclosed in the [later patent]" but was instead pertinent to "the inventions disclosed in all three patents," including to a patent in the family that had already issued. *Microsoft*, 357 F.3d at 1350. In that case, the Federal Circuit was faced with a large family of applications, and applied prosecution history disclaimer to an earlier-issued cousin in the same family. *Id.* This Court's decision rests in part on the notion that *Microsoft* should be limited to its facts, namely that prosecution history disclaimer can apply among siblings or cousins. (Dkt. 190, at 34.) However, *Microsoft* broadly held:

> Any statement of the patentee in the prosecution of a related application as to the scope of the invention would be relevant to claim construction, and the relevance of the statement made in this instance is enhanced by the fact that it was made in an official proceeding in which the patentee had every incentive to exercise care in characterizing the scope of its invention. Accordingly, we conclude that [the patentee's] statements made during the prosecution of the [later issuing family member] with regard to the scope of its inventions as disclosed in the common specification are relevant not only to [that patent] and [its co-pending family member], but **also to the earlier issued [family member]**.

*Id.*

Because the specifications of all three patents here are the same, whatever failures of disclosure exist in the '898 patent specification necessarily also exist in the '327 patent and the '511 patent specifications. Thus, the patentee's acquiescence that the '898 patent specification did not enable receivers with a demodulator was an acquiescence concerning "the inventions disclosed in all three patents"—namely that the identical specifications of the '327 patent and

5

'511 patents likewise do not enable receivers with a demodulator. *See Microsoft*, 357 F.3d at 1350 ("Multi-Tech's statement to the PTO was thus not limited to the invention disclosed in the '627 patent, but was a representation of its own understanding of the inventions disclosed in all three patents.").

In *NTP*, the Federal Circuit confirmed the holding of *Microsoft*. Under *NTP*, because all three patents share the same specification and many similar terms, the Court "must interpret the claims consistently across all asserted patents." *NTP, Inc.*, 418 F.3d at 1293 (citing *Microsoft¸* 357 F.3d at 1350) (analyzing common disclosure and prosecution history statements in a string of five continuations without regard to parent child relationships). Thus, the "receiver" term in the '327 and '511 patents must also be construed to mean "receiver without a demodulator."

In *Verizon*, the Federal Circuit likewise characterized the holding of *Microsoft* in broad terms: "We have held that a statement made by the patentee during prosecution history of a patent in the same family as the patent-in-suit can operate as a disclaimer." *Verizon*, 503 F.3d at 1306 (citing *Microsoft,* 357 F.3d at 1350.). In *Verizon,* a disclaimer that had occurred in a later-issuing parent applied with equal force to an already issued divisional child, not because of any specific category of familial relationship, but because of the broad holding in *Microsoft* applicable to patents in the same family, with a common disclosure. *Id.* The Federal Circuit held:

> [Patent owner] nonetheless argues that the disclaimer in the [later issuing parent] should not apply to the [already issued divisional child] because it occurred after the [child] issued. We reject this argument. As we held in *Microsoft*, where we faced the same situation (disclaimer occurred after patent-in-suit had issued), "we think that [ ] it is not unsound to apply the same interpretation to th[e] patent[-in-suit]," "even though [that] patent had already issued."

6

*Id.* at 1307. The same operative facts are present here: a later prosecution history disclaimer and earlier family members that had already issued, but share the same claim term and common disclosure.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court reconsider its decision to not apply the disclaimer of the '898 patent to the '511 and '327 patents and construe "receiver" consistently to mean "receiver without a demodulator" for all three patents.

Dated: December 12, 2017

Respectfully submitted,

By: */s/ Matthew D. Satchwell*
Matthew D. Satchwell
Illinois Bar No. 6290672
Shuzo Maruyama
Illinois Bar No. 6313434
**DLA Piper LLP**
203 N. LaSalle St., Suite 1900
Chicago, IL 60601-1293
312.368.2111 – Office
312.236.7516 – Facsimile
matthew.satchwell@dlapiper.com

Dawn M. Jenkins
State Bar No. 24074484
**DLA Piper LLP**
1000 Louisiana, Suite 2800
Houston, TX 77002
713.425.8454 –Office
713.300.6054 – Facsimile
Dawn.Jenkins@dlapiper.com

*ATTORNEYS FOR DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.*

By: */s/ Matthew Christopher Gaudet*
Eric H. Findlay (State Bar No. 00789886)
Brian Craft (State Bar No. 04972020)
Findlay Craft PC
102 N College Avenue, Suite 900
Tyler, TX 75702

903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Louis Norwood Jameson
Matthew Christopher Gaudet
John R Gibson
Duane Morris LLP
1075 Peachtree Street, NE Suite 2000
Atlanta, GA 30309-3929
404/253-6915
Fax: 404/253-6901
Email: wjameson@duanemorris.com
Email: mcgaudet@duanemorris.com
Email: jrgibson@duanemorris.com

Joseph Andrew Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
215-979-1842
Fax: 215-689-3797
Email: japowers@duanemorris.com

John Matthew Baird
Duane Morris LLP
505 9th Street, NW, Suite 1000
Washington, DC 20004-2166
202/776-7819
Fax: 202/776-7801
Email: jmbaird@duanemorris.com

Michael J Sacksteder
Fenwick & West
555 California Street, 12th Floor
San Francisco, CA 94104
415/875-2300
Fax: 415/281-1350
Email: msacksteder@fenwick.com

Darren E Donnelly
Armen Nercess Nercessian
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650.988.8500
Fax: 650.938.5200
Email: ddonnelly@fenwick.com
Email: anercessian@fenwick.com

***ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.***

8

By: */s/ Joseph V. Colaianni*
    Ruffin Cordell
    Bar No. 04820550
    cordell@fr.com
    Indranil Mukerji
    MA Bar No. 644059
    mukerji@fr.com
    Joseph V. Colaianni
    D.C. Bar No. 454744
    colaianni@fr.com
    Stephen A. Marshall
    D.C. Bar No. 1012870
    smarshall@fr.com
    Christopher Dryer *admitted pro hac vice*
    D.C. Bar No. 1022460
    dryer@fr.com
    Laura C. Whitworth *admitted pro hac vice*
    VA Bar No. 91170
    whitworth@fr.com
    FISH & RICHARDSON P.C.
    The McPherson Building
    901 15th Street NW, Suite 700
    Washington, DC 20005
    Telephone: (202) 783-5070
    Facsimile: (202) 783-2331

    William Brown Collier, Jr.
    Bar No. 24097519
    collier@fr.com
    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

*COUNSEL FOR DEFENDANT INFINERA CORPORATION*

By: */s/ Leonard Z. Hua*
    David M. Airan (admitted *pro hac vice*)
    IL State Bar No. 6215687
    John K. Winn (admitted *pro hac vice*)
    IL State Bar No. 6291073
    Leonard Z. Hua (admitted *pro hac vice*)
    IL State Bar No. 6303557
    **LEYDIG, VOIT & MAYER, LTD.**
    Two Prudential Plaza, Suite 4900
    180 North Stetson Avenue

Chicago, IL 60601-6731
Phone: (312)616-5600
Fax: (312)616-5700
Email: dairan@leydig.com
Email: jwinn@leydig.com
Email: lhua@leydig.com

Andrew W. Stinson
State Bar No. 24028013
**RAMEY & FLOCK, P.C.**
100 East Ferguson, Suite 404
Tyler, Texas 75702
Phone: (903) 597-3301
Fax: (903) 597-2413
Email: andys@rameyflock.com

***ATTORNEYS FOR DEFENDANTS HUAWEI
TECHNOLOGIES CO., LTD., AND HUAWEI
TECHNOLOGIES USA, INC.***

By: */s/ Thomas K. Pratt*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Timothy C. Meece (IL SB No. 6226967)
tmeece@bannerwitcoff.com
J. Pieter van Es (IL SB No. 6210313)
pvanes@bannerwitcoff.com
Thomas K. Pratt (IL SB No. 6209761)
tpratt@bannerwitcoff.com
Timothy J. Rechtien (IL SB No. 6293623)
trechtien@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-463-5000

***ATTORNEYS FOR DEFENDANTS CORIANT
(USA) INC., CORIANT NORTH AMERICA, LLC
AND CORIANT OPERATIONS, INC.***

By: */s/ Allison H. Altersohn*

Michael E. Jones
Potter Minton, a Professional Corporation

10

110 N College Avenue
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com

Robert F. Perry
Allison H. Altersohn
Timothy H. Caine
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556 2316
Facsimile: (212) 556 2222
rperry@kslaw.com
aaltersohn@kslaw.com
tcaine@kslaw.com

Laura S. Huffman
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 572-4712
Facsimile: (404) 572-513
lhuffman@kslaw.com

***ATTORNEYS FOR DEFENDANT
ALCATEL-LUCENT USA INC.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of December, 2017.

*/s/ Matthew D. Satchwell*
Matthew D. Satchwell