**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC | |
| *Plaintiff*, | Civil Action No. 2:16-CV-01302-JRG-RSP |
| v. | **LEAD CASE** |
| CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, AND CORIANT OPERATIONS, INC., | **FILED UNDER SEAL** |
| | |
| INFINERA CORPORATION | Civil Action No. 2:16-CV-01295-JRG-RSP |
| | |
| FUJITSU NETWORK COMMUNICATIONS INC., | Civil Action No. 2:16-CV-01299-JRG-RSP |
| CISCO SYSTEMS, INC. | Civil Action No. 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA, INC., | Civil Action No. 2:16-CV-01303-JRG-RSP |
| ALCATEL-LUCENT USA INC., | Civil Action No. 2:16-cv-01297-JRG-RSP |
| *Defendants*. | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM CISCO SYSTEMS, INC.**

Pursuant to Fed. R. Civ. P. 26(b)(1) and Section 9 of the Discovery Order (dkt. 75), Plaintiff Oyster Optics, LLC ("Oyster") respectfully moves to compel Defendant Cisco Systems, Inc. ("Cisco") to make narrowly tailored productions of financial information concerning products that Oyster alleges infringe its patents. Specifically, Oyster seeks discovery of revenue information for CFP2 modules—a category of products identified in Oyster's infringement contentions—and for related products that are not useable without them. Oyster also seeks revenue information for certain cards in the NCS 2000 product family, which Cisco admits have hardware identical to products listed in Oyster's contentions.

Cisco's refusal to produce this information is based on an overly narrow reading of Oyster's infringement contentions, which focuses only on the text that precedes Oyster's claim charts and ignores the explicit identification of accused products within the claim charts. Cisco's unilateral effort to exclude products accused by Oyster should be rejected.

I.   **Factual Background**

The products at issue in this case relate to data communications over Dense Wavelength-Division Multiplexing (DWDM) fiber optic systems. Such systems utilize transceivers to transmit and receive data in optical form. Cisco's accused products contain such transceivers.

Cisco's accused products utilize a chassis, with multiple slots for inserting cards.[1] Some cards that Cisco sells utilize DWDM transceivers. In earlier generations of Cisco products, these cards had DWDM transceivers permanently fixed as a part of the card ("Integrated Card Transceivers"). In newer products, the cards contain slots for modules that follow the C Form-

---

[1] This is true of products in Cisco's ONS 15454, NCS 2000, NCS 4000, and NCS 5500 product lines. The NCS1002-K9 product is an exception. Rather than using a chassis with slots for cards to be inserted, the NCS1002-K9 is a compact chassis with the functions of a card integrated into the chassis.

factor Pluggable 2 ("CFP2") standard defined by the Optical Internetworking Forum ("OIF"). Cisco also sells CFP2 transceiver modules that plug into these slots ("CFP2 Modules").

Oyster filed this lawsuit on November 24, 2016. In its complaint, Oyster identified "Accused Instrumentalities designed in accordance with the OIF CFP2 ACO Standard" as among the products Oyster alleged infringed its '327, '511, and '898 patents. Oyster's complaint expressly accused CFP2 Modules of infringement.

On April 15, 2017, Oyster served on Cisco its initial disclosures pursuant to P.R. 3-1. Those initial disclosures included a set of claim charts attached as exhibits. Exhibit E containing a claim chart for the '327 patent is exemplary. The first three pages of this chart correspond to the preamble of '327 claim 1 and identify a series of "examples" of accused products. These examples include four products identified by name, the "ONS 15454 100-Gbps CP-DQPSK Full C-Band Tunable DWDM Trunk Card," "ONS 15454 40Gbps CP-DQPSK Full C-Band Tuneable Transponder Card," "NCS 2000 200-Gbps Multirate DWDM Line Card," and "NCS 2000 100-Gbps DWDM Line Card with Soft Decision FEC." (Ex. 1 at 1.) Each of those named products are Integrated Card Transceivers. Exemplary infringing products identified in the '327 chart also include transceiver modules covered by the "OIF 100G standard." (Ex. 1 at 2.) For numerous asserted claims that depend from '327 claim 1, Oyster's chart expressly cited to an OIF standard document called "OIF-CFP2-ACO-01.0," which defines the format and function of CFP2 Modules. (Ex. 1 at 3.) Like Oyster's complaint, Oyster's infringement contentions expressly identified CFP2 Modules as examples of products that infringed the asserted patents.

On June 15, 2017, Oyster deposed Cisco employee Ron Johnson. Oyster learned through Mr. Johnson's confidential testimony of [REDACTED]

2

██████████████████████████████████████████████
████████████████████████[2] The next day, Oyster emailed Cisco with a proposed amendment to its infringement contentions, expressly adding the NCS 1000, 4000, and 5500 chassis and associated cards to the list of accused Cisco products. (Ex. 1 at 4.) Although the CFP2 Modules used in these cards and chassis were already accused in Oyster's contentions, Oyster was concerned that Cisco might contend that elements of certain claims correspond to components on the chassis or box a CFP2 Module plugs into, rather than components in the CFP2 Module itself. Thus, Oyster sought to clarify that its infringement contentions covered all cards and chassis that the CFP2 Modules are used in, and not just the modules themselves.

On June 22, Cisco responded to Oyster's request and refused to take a definitive position on the amendment. Rather, Cisco stated that it had "concerns" with Oyster's original contentions, which it would identify in a future letter, and insisted that those concerns must be addressed before it would take a position on the proposed amendment. (Ex. 1 at 4.) Thus began a months-long process of supplementation and communications in an attempt to resolve the dispute concerning the CFP2 Modules and the cards and chassis they plug into. Even as this dispute festered, Cisco did produce documents concerning CFP2 Modules themselves. More than 90 documents produced by Cisco mention the CFP2 Modules. This includes hundreds of pages of "Product Requirements Specification" documents for its CFP2 Modules, produced on August 25 (e.g., document Cisco-Oyster_00011737). Cisco has not, however, produced any revenue information from sales of CFP2 Modules or associated cards, which Oyster requested in

---

[2] The NCS4K-4H-OPW-QC2 card was first introduced on or about June 22, 2017 (https://www.cisco.com/c/en/us/td/docs/routers/ncs4000/software/release/notes/ncs4016_releasenotes-R6122.html), and the NCS55-6X200-DWDM-S card was first introduced on or about July 14, 2017 (https://www.cisco.com/c/en/us/td/docs/iosxr/ncs5500/general/62x/release/notes/b-release-notes-ncs55k-622.html).

its Interrogatory No. 2.

On August 17, the parties held a meet and confer in attempt to resolve the issues concerning Oyster's infringement contentions and the CFP2 Modules. On October 2, Oyster provided a proposed supplement to its infringement contentions to address Cisco's concerns.  On October 31, Cisco provided objections to Oyster's 30(b)(6) notice, indicating that it would limit the deposition to "the specific optical cards identified" in Oyster's initial infringement contentions.  Cisco did not specify whether it considered the CFP2 Modules to be within this scope.  On November 6, Oyster deposed Cisco's 30(b)(6) witness on technical issues.  During that deposition, Cisco's counsel objected to questions concerning the CFP2 Modules and related cards as outside the scope of the deposition, and the witness indicated he did not know whether any of Cisco's NCS products utilized such CFP2 Modules.

On November 8, Oyster emailed Cisco objecting to Cisco's refusal to produce documents or deposition testimony on the CFP2 Modules and related products.  This email also raised an issue concerning revenue information for certain NCS 2000 Integrated Card Transceivers.  While Cisco produced sales data for certain specific NCS 2000 cards that it agreed were named in Oyster's contentions (including the NCS2K-100G-CK-LIC and NCS2K-100GS-CK-C), it refused to produce sales data for other nearly identically named cards (the NCS2K-100G-CK-C and NCS2K-100ME-CKC, the "Additional NCS 2000 Cards").  In an email dated November 22, Cisco stated that these Additional NCS 2000 Cards contain the same DWDM transceiver as another product expressly named in Oyster's contentions (the ONS 15454 100-Gbps card) (Ex. 5, but refused to provide financial data for the two Additional NCS 2000 Cards because of disagreements that Cisco had with Oyster's infringement theories against the ONS 15454 card.

On November 21 and December 15, the parties had additional meet-and-confer calls

concerning the CFP2 Module products and Additional NCS 2000 Cards.  On these calls, Cisco refused to provide any further discovery on these products.

## II.     Legal principles

Rule 26 of the Federal Rules of Civil Procedure provides that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A party requesting discovery "may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158, 2010 WL 547478, at *1 (E.D. Tex. Feb. 10, 2010); *see also Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 240 (E.D. Tex. 2008) (granting motion to compel); *Mosser v. Aetna Life Ins. Co.*, No. 4:15-CV- 430, 2016 WL 3653508, at *2 (E.D. Tex. May 27, 2016) (same).

## III.    Argument

Both Oyster's complaint and its infringement contentions have always identified Cisco's CFP2 Modules as among the accused products.  The contentions expressly point to products following the "OIF 100G standard" as examples of accused products.  (Ex. 1 at 2-3.)  As evidence of the "OIF 100G standard," the contentions cite to two OIF documents, including "OIF-CFP2-ACO-01.0," which defines the format and function of CFP2 Modules.  (Ex. 1 at 3.)  Cisco cannot deny that these contentions accuse CFP2 Modules of infringing Oyster's patents.

Cisco has produced documents that detail the design of these CFP2 Modules, and early in the case Oyster raised the issue of products that these modules plug into.  In response, Cisco created ambiguity and caused delay by refusing to take a position until unrelated issues with Oyster's infringement contentions were addressed.  Cisco then ultimately refused to provide requested discovery on these CFP2 Modules and on the Additional NCS 2000 based upon an

unreasonably narrow reading of Oyster's contentions—a reading which ignored text expressly identifying CFP2 Modules as accused products, refused Oyster discovery on NCS 4000 and 5500 cards introduced after the contentions were served, and excluded NCS 2000 cards (another product family expressly identified as infringing in Oyster's contentions) even though Cisco admits these cards contain transceivers identical to cards named in Oyster's contentions. Oyster has repeatedly, but unsuccessfully, tried to resolve this dispute without involving the Court.

    **a. Cisco Should Be Compelled to Produce Financial Data for the CFP2 Modules, Cards and Chassis That Utilize CFP2 Modules, and the Additional NCS 2000 Cards**

Cisco is improperly withholding crucial financial data (e.g., revenue from sales of CFP2 Modules), and in so doing Cisco has attempted to unilaterally deny Oyster any relief for infringement by a category of products expressly identified in the infringement contentions. Cisco has also decided to deny Oyster relief for infringement of the Additional NCS 2000 Cards, despite the fact that they have nearly identical model numbers of products listed in the contentions and despite Cisco's admission that these cards contain exactly the same DWDM transceiver as cards listed in the contentions. (Ex. 1 at 5.) *See LG Electronics, Inc. v. Hitachi, Ltd.*, 5:07-CV-90, 2009 WL 10677426, at *3 (E.D. Tex. Mar. 2, 2009) (granting motion to compel for products "reasonably similar or identical to" products in contentions).

In addition to financial discovery on the CFP2 Modules and Additional NCS 2000 Cards, Oyster is entitled to revenue information on the NCS 1000 chassis and NCS 2000, 4000, and 5500 cards that are designed to use the CFP2 Modules. The CFP2 Modules and associated cards (or chassis) are designed to work together as a unit—one has no meaningful function without the other. Oyster is entitled to the revenue data on the cards and chassis to pursue a convoyed sales theory of damages. Each of the categories of financial data sought is responsive to Oyster's

Interrogatory No. 2, as well as Cisco's obligations under Section 3(b) of the Discovery Order.

### b. Oyster's Request for Discovery Is Narrowly Tailored and Does Not Prejudice Cisco

Cisco's financial production to date consists of two spreadsheets, containing revenue and cost data for certain accused products through the third quarter of Cisco's 2017 fiscal year. The burden for Cisco to update these two documents to add the CFP2 Modules and the NCS 1000, 2000, 4000, and 5500 products that use them, along with the Additional NCS 2000 Cards is minimal. Indeed, Cisco will likely need to update these spreadsheets anyway to include sales between when the spreadsheets were produced and trial.

Ordering this additional discovery is unlikely to require any modification of the schedule in the Court's docket control order. Cisco's opposition to this motion is due on January 5, 2018, five days before Oyster's opening expert report on damages and twenty-six days before Cisco's rebuttal report on damages. Cisco should be able to provide it supplemental revenue production in a matter of at most a few days. Even if that supplement is served shortly after the January 10 deadline for opening damages reports, that can be addressed by permitting Oyster's expert a brief supplement that just addresses the calculation of damages based upon the additional revenue figures in Cisco's supplement. Such supplementation of damages reports with updated calculations is a routine part of damages discovery, which is almost certainly going to be required in this case anyway to address revenue from additional sales that occur prior to trial.

### IV. Conclusion

Cisco should not be permitted to entirely deny Oyster relief for infringement by products named in its infringement contentions and products that it admits have the same accused transceiver hardware by denying Oyster financial discovery. Oyster respectfully asks the Court to compel Cisco to provide the narrow discovery on these products requested by Oyster.

Dated:  December 22, 2017          */s/ Reza Mirzaie*

                                     Reza Mirzaie (CA SB No. 246953)
                                     Neil Rubin (CA SB No. 250761)
                                     Amir Naini (CA SB No. 226627)
                                     Arka D. Chatterjee (CA SB No. 268546)
                                     RUSS AUGUST & KABAT
                                     12424 Wilshire Boulevard 12th Floor
                                     Los Angeles, California 90025
                                     Telephone: 310-826-7474
                                     Facsimile: 310-826-6991
                                     E-mail: rmirzaie@raklaw.com
                                     E-mail: nrubin@raklaw.com
                                     E-mail: anaini@raklaw.com
                                     E-mail: achatterjee@raklaw.com

                                     Claire Abernathy Henry
                                     Texas State Bar No. 24053063
                                     E-mail: claire@wsfirm.com
                                     WARD, SMITH & HILL, PLLC
                                     1127 Judson Road, Ste 220
                                     Longview, Texas 75601
                                     (903) 757-6400 (telephone)
                                     (903) 757-2323 (facsimile)


                                     *Attorneys for Plaintiff*
                                     OYSTER OPTICS LLC

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(h), I hereby certify that Reza Mirzaie, counsel for Oyster, met and conferred with counsel for defendant Cisco regarding the relief sought in this motion through correspondence and email dated November 14, 2017 and a phone call on December 15, 2017 in a good faith attempt to resolve the matter without Court intervention. The parties could not reach agreement as to the relief requested in this motion, and discussions have conclusively ended in an impasse, leaving an open issue of the Court to resolve.

*/s/ Reza Mirzaie*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that on May 22, 2017, this Court entered a Protective Order (Dkt.95) which authorizes filing the attached documents under seal.

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on December 22, 2017, with a copy of this document via the Court's ECF system.

*/s/ Reza Mirzaie*