IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC, § § *Plaintiff*, § § v. § § CORIANT AMERICA INC. et al. § § § *Defendants*. § | § § § CIVIL ACTION NO. 2:16-CV-01302-JRG § § § § § § § § |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendants' Motion for Reconsideration of a Single Issue in the Court's Claim Construction Order (Dkt. No. 194), filed by Coriant North America, LLC, Coriant Operations, Inc., Coriant (USA) Inc., Infinera Corporation, Fujitsu Network Communications, Inc., Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Cisco Systems, Inc., and Alcatel-Lucent USA Inc. (collectively, "Defendants"). In the Motion, Defendants "respectfully request that the Court reconsider its Claim Construction Order [] on the narrow legal issue of whether the disclaimer that occurred during prosecution of the '898 patent applies to the '327 and '511 patents." (Dkt. No. 194 at 1). For the reasons below, the Motion is **DENIED**.

### I. Applicable Law and Background

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *accord Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not

previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. Reconsideration is not to be lightly granted as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Modern Am. Recycling Servs. v. Dunavant*, No. 10-3153, 2012 U.S. Dist. LEXIS 79649, at *6 (E.D. La. June 8, 2012) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) and *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Dunavant*, 2012 U.S. Dist. LEXIS 79649 at *6 (collecting cases).

Here, Defendants argue that "reconsideration is warranted because the claim construction is not consistent with the holding in *Microsoft Corp. v. Multi-Tech Sys., Inc.*," 357 F.3d 1340, 1350 (Fed. Cir. 2004) in conjunction with *NTP, Inc. v. Research In Motion, Ltd.,* 418 F.3d 1282, 1293 (Fed. Cir. 2005) and *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1306 (Fed. Cir. 2007). (Dkt. No. 194 at 1–2).

Following full briefing and oral argument, the Court issued its Claim Construction Order (Dkt. No. 190) wherein, *inter alia*, the Court construed the term "receiver." (Dkt. No. 190 at 30–36). The Court found that an amendment in the prosecution history of the '898 patent was properly viewed as "acquiescence in the examiner's rejection" such that the patentee could not have "obtain[ed] scope that was requested during prosecution, rejected by the Examiner, and then

2

withdrawn by the applicant." (Dkt. No. 190 at 33 (citing *UCB, Inc. v. Yeda Research & Dev. Co., Ltd.*, 837 F.3d 1256, 1260, 1261 (Fed. Cir. 2016))).

The Court then noted that "[t]he disputed term also appears in claims of the '327 Patent and the '511 Patent," that "[t]he '898 Patent is a continuation of the '511 Patent, which in turn is a continuation of the '327 Patent," and that "[b]oth the '327 Patent and the '511 Patent had already issued at the time of the above-discussed October 21, 2013 Response to Non-Final Office Action during prosecution of the '898 Patent." (Dkt. No. 190 at 34).

Disclaimers in one patent have been found to apply to both children and siblings, even when the sibling patent issued prior to the disclaimer at issue. (*Id*. at 34 (citing *Microsoft*, 357 F.3d at 1349–50)). In addition, "later prosecution history can be 'relevant' to earlier claims." (*Id.*) However, the Court found that "the enablement rejection and the responsive amendments [relevant to the disclaimer at issue] were specific to the claims of the '898 Patent" and that the necessity of applying "the disclaimer in the prosecution history of the '898 Patent" "to the earlier-issued '327 Patent and '511 Patent" had not been "demonstrated." (*Id*. at 35).

Finding that the disclaimer specific to the '898 patent was inappropriate to apply to the earlier-issued '327 Patent and '511 Patent, the Court construed the term differently between the patents, construing "receiver" in the '898 Patent as a "receiver without a demodulator," while giving "receiver" in the '327 Patent and '511 Patent its plain and ordinary meaning. (*Id*. at 36).

II.     **Analysis**

In the instant Motion, the Defendants argue that "[c]onstruing the same claim term in the same family consistently and applying a disclaimer consistently to common terms in a patent family having a common disclosure is required by the Federal Circuit's decisions in *Microsoft*, *NTP*, and *Verizon*." (Dkt. No. 194 at 5). The Defendants do not accept that the Court's construction, giving effect to the disclaimer as to the '898 Patent but not importing the prosecution

3

disclaimer into the previously issued parent and grand-parent patents, accords with Federal Circuit precedent.

The Court first notes that while Defendants make much ado about Plaintiff not raising "the notion that, if a disclaimer occurred, it should not apply to the earlier family members" before its reply, (Dkt. No. 194 at 1), Defendants themselves raised legal precedent, upon which the Court directly relied in its Claim Construction Order, for the first time at Oral Argument during the *Markman* Hearing. (*See* Dkt. No. 190 at 33 (discussing *UCB*, 837 F.3d at 1260, 1261)). Furthermore, the Court, in conjunction with the parties, has an obligation to apply the law as it is, not as it is presented or argued. While it is possible, and common, for parties to waive various arguments and theories during the course of advocacy, a party's failure to discuss binding case law in an opening brief does not "waive" the Court's duty to follow such precedent. In addition, the intended purpose of a reply is to offer counter arguments to the issues raised by an opponent's response. Pointing out in a reply why an opposing party's responsive position does not compel the result the opposing party advocates for is precisely the point of the reply. Paired with the subsequent oral argument, this theory prohibiting "inverse heredity," to coin a term, of the child's prosecution disclaimer was adequately presented. Accordingly, the Court does not find the timing of the Plaintiff's theory to be an issue.

Turning to the merits of the argument, Defendants argue that in *Microsoft*, the Federal Circuit "held that prosecution history occurring later in time was not 'limited to the invention disclosed in the [later patent]' but was instead pertinent to 'the inventions disclosed in all three patents,' including to a patent in the family that had already issued." (Dkt. No. 194 at 5 (quoting *Microsoft*, 357 F.3d at 1350)).

In *Microsoft*, the Federal Circuit found that a "statement made during prosecution of the '627 patent is relevant to an understanding of the *common disclosure* in the *sibling* '649 and '532

4

patents," as the statement "was *expressly directed to* the 'communications system' disclosed '*in the[] specification.*'" *Id*. at 1349 (emphasis added). This sort of specific comment on the scope of a specification common to a family of patents is not what the Court analyzed in the present case. Here, there was no "statement." Rather, the patentee amended the claim by striking the phrase "having a demodulator" (as well as the word "demodulate," which appeared in the same limitation), leaving only "a receiver." (Dkt. No. 190 at 32 (citing prosecution history)). Not only was this disclaimer effectuated by amendment, but "[t]he patentee did so without any substantive explanation other than asserting that '[a]mended claims 18, 31, 45, and 53 comply with the requirements of Section 112 (pre-AIA), first paragraph.'" (*Id*.)

Further, the disclaimer was not directed at "the specification" as in *Microsoft*. To the contrary, to the disclaimer was directed solely at the claim at issue and, notably, without comment as to any broader applicability the amendment might have beyond the specific claim and patent.

When the Federal Circuit found it "not unsound to apply the same interpretation" between sibling patents, even where one has already issued, they "[took] the patentee at its word" and did not "construe the scope" of the patent "more broadly than the patentee itself *clearly* envisioned." *Microsoft*, 357 F.3d at 1350 (emphasis added). In this case, it is proper to find disclaimer in the patentee's "acquiescence in the examiner's rejection," *UCB*, 837 F.3d at 1260, but the Court will not transform a specific disclaimer by claim amendment of a child application into a broader, binding commentary on the scope of an entire patent family absent "clear[]" intent, as required by *Microsoft*.

The Federal Circuit's decisions in *NTP* and *Verizon* reinforce this properly restrained approach to the application of prosecution history disclaimer. In *NTP*, the Federal Circuit noted that "we must interpret the claims consistently across all asserted patents," where the "patents all

*derive from the same parent application* and share many common terms." 418 F.3d at 1293 (emphasis added). Here, Defendants urge the Court to import a disclaimer from a child application into an issued parent. This goes against the normal course of heredity where limitations in parent applications are inherited by the child application.[1] This is also not required by *NTP*. Indeed, *NTP* held that there must be "words or expressions of manifest exclusion or restriction representing a clear disavowal of claim scope" "present" in the prosecution history in order to "disavow or disclaim scope of coverage." 418 F.3d at 1309. There is nothing in the prosecution history of the '898 patent which represents such a conspicuous disavowal as to scope common to both the '898 Patent and its previously issued ancestry. The '898 disclaimer is its own and goes no further.

Finally, the Court does not read *Verizon* to compel a different result. In *Verizon*, the Circuit examined the effect of subsequent prosecution disclaimer in a *divisional* application where the first divisional application had already issued. 503 F.3d at 1306–1307. Like continuation applications, "'divisional' applications are alike in that they are both continuing applications based on the same disclosure as an earlier application." *Transco Prods. v. Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994).[2] Finding disclaimer in the subsequently prosecuted divisional, the Circuit, applying *Microsoft*, gave effect to the disclaimer to the earlier divisional application, even though that divisional application had already issued as a patent. 503 F.3d at 1307. Contrary to Defendants' urging that *Verizon* compels the inverse heredity which they urge, the Circuit has characterized

---

[1] *See, e.g.*, *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1371–72 (Fed. Cir. 2003) (statements made during prosecution of parent patent surrendering subject matter binding on later interpretation of the claims); *Augustine Med., Inc. v. Gaymar Indus., Inc.*, 181 F.3d 1291, 1300 (Fed. Cir. 1999) ("[T]he prosecution history of a *parent* application may limit the scope of a later application using the same claim term.") (emphasis added).

[2] *Id.* ("They differ, however, in what they claim. A 'continuation' application claims the same invention claimed in an earlier application, although there may be some variation in the scope of the subject matter claimed. A 'divisional' application, on the other hand, is one carved out of an earlier application which disclosed and claimed more than one independent invention, the result being that the divisional application claims only one or more, but not all, of the independent inventions of the earlier application.") (citations omitted).

*Verizon*'s holding as standing for the proposition that "a disclaimer in the *parent* application carries forward into the construction of the same claim term in the *child*." *Cordis Corp. v. Bos. Sci. Corp.*, 658 F.3d 1347, 1356 n.5 (Fed. Cir. 2011) (citing *Verizon*, 503 F.3d at 1306). A disclaimer specific to a single patent may be carried *forward*, but this Court is aware of no authority which permits a disclaimer to be imputed from *progeny to ancestor* when it is not, as *Microsoft* requires, "a representation of [the patentee's] own understanding of the inventions disclosed in all [related] patents." 357 F.3d at 1350. For the same reasons, this case does not present that situation, especially given the specific heredity at issue here.

In sum, having considered the applicable authorities presented by the Defendants in support of their Motion for Reconsideration, the Court does not find its different construction of "receiver" between the '327, '898, and '511 patents to be clear error, or even incorrect. *Microsoft*, *NTP*, and *Verizon* do not, in this Court's view, stand for the proposition which Defendants seek to advance.

Finally, while the Defendants complain that "the discussion at the *Markman* hearing did not turn toward the possibility of construing the term 'receiver' differently among the three patents," (Dkt. No. 194 at 1 n.1), this is not a ground upon which they may raise a meritorious argument or properly seek reconsideration. It is "[t]he duty of the trial judge is to determine the meaning of the claims at issue, and to instruct the jury accordingly. *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1555 (Fed. Cir. 1995) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970 (Fed. Cir. 1995)). "In the exercise of that duty, the trial judge has an *independent obligation* to determine the meaning of the claims, *notwithstanding the views asserted by the adversary parties*." *Id*. (emphasis added). The Court did so in reaching its construction of the term.

### III.    Conclusion

As discussed above, the authorities relied upon by the Defendants do not amount to a "clear error of law." To the contrary, they only confirm the propriety of the claim construction reached by the Court. Defendants have not otherwise presented a proper basis for reconsideration by this Court. Disagreement with the Court's holding, no matter how firmly held, will not open the narrow doorway by which motions to reconsider are properly constrained. Accordingly, the Defendants' Motion to Reconsider (Dkt. No. 194) is hereby **DENIED**.

**So ORDERED and SIGNED this 2nd day of March, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE