# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC, *Plaintiff,* v. | |
| CORIANT NORTH AMERICA, LLC ET AL., | 2:16-cv-01302-JRG LEAD CASE |
| INFINERA CORPORATION, | 2:16-cv-01295-JRG |
| ALCATEL-LUCENT USA INC., | 2:16-cv-01297-JRG |
| FUJITSU NETWORK COMMUNICATION, INC. | 2:16-cv-1297-JRG |
| CISCO SYSTEMS, INC., | 2:16-cv-01301-JRG |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., *Defendants.* | 2:16-cv-01303-JRG |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR DISCOVERY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37**

**FILED UNDER SEAL**

Plaintiff Oyster LLC does not dispute that the spreadsheet produced by Plaintiff's counsel after discovery closed, which plainly references the WTAS Valuation, was in the possession of Oyster Inc.'s CFO throughout the litigation. Nor does Plaintiff dispute that it failed to produce that document or investigate the existence of a valuation with the two individuals most likely to know whether one existed, *i.e.*, Oyster Inc.'s CFO and CEO, before denying its existence in response to written discovery, meet-and-confers, and 30(b)(6) depositions of Oyster LLC and Oyster Inc. Plaintiff now turns to corporate form as a protective shield against this motion, but did just the opposite at every prior stage of this litigation. The record shows that Plaintiff, its ███ member Oyster Inc., and their counsel all created a protective bubble based on common legal representation, overlapping ownership, and the assertion of the common interest privilege. Simply put, having acted as one entity throughout this litigation when helpful, they reverse course when challenged for clear-cut discovery failures.

Additionally, Plaintiff argues that Defendants' failure to accuse Plaintiff of "bad faith" dooms this motion. That position is incorrect on the law,[1] and is a misplaced critique of Defendants' effort to file a measured brief. But that argument is now moot as a factual matter, because Plaintiff's Opposition bases its corporate form theory in part on demonstrably false factual representations, as described below.

---

[1] Plaintiff's cases discuss adverse inference instructions for spoliation or similar scenarios. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp.2d 598, 615-16 (S.D. Tex. 2010) ("a party seeking the sanction of an adverse inference instruction based on spoliation of evidence must establish that . . ."); *Jobe v. ATR Mktg., Inc.*, 189 F.3d 466, *6 n.3 (5th Cir. 1999) (discussing "adverse inference based on non-production or destruction of documents"). This motion is not a spoliation-type scenario where an inference would take the place of proof; instead, the proof that Defendants seek to present to the jury is laid out in the WTAS documents that were received from third-party Andersen Tax. The requested instructions instead cure the inability to build a full evidentiary record (*e.g.*, sponsoring witnesses, a complete investigation surrounding the WTAS Valuation, and rebuttal of explanations). Even if a heightened showing were necessary, the multiple discovery failings would meet it.

### A. Plaintiff's Shell Game Fails

The documents and testimony show that the relationship between Plaintiff and Oyster Inc. began *before* Plaintiff bought the patents from TQ Gamma. The Oyster LLC Operating Agreement states that Oyster Inc. was a founding member of Oyster LLC and has had its ███ interest in Oyster LLC since Oyster LLC's formation. Ex. 1 (excerpt from Oyster LLC Operating Agreement), at § 1.4 (making Operating Agreement effective "████████████████████████████████████"). TQ Gamma assigned the patents to Oyster LLC (and its founding member Oyster Inc.) over a month later, on July 15, 2016. At every point during the life of Oyster LLC, therefore, Oyster Inc. has been a ███ member, including when Oyster LLC acquired rights to the patents. Mr. Ronaldi confirmed this in his deposition. Ex. 2 (Ronaldi Dep.), at 164:2-5 ("████████████████████████████████████████████████████████.").

Plaintiff's opposition brief, in reliance on Mr. Ronaldi's sworn declaration, now insists that Plaintiff "had no connection or relationship whatsoever" with Oyster Inc. until "months after Plaintiff bought the Portfolio from TQ Gamma. Opp. at 1. These assertions are directly contradicted by the factual record, at set forth above, which confirms that Oyster Inc. was a founding member of Plaintiff. Further, the relationship between Plaintiff and Oyster Inc. was so intertwined that in response to Common Interrogatory No. 12—which asked Plaintiff to "Describe and identify each … relationship that Oyster has … with any person or entity that has … a stake in the above-captioned cases … whether direct or indirect"— Plaintiff did not identify Oyster Inc. Instead, Plaintiff responded only that "████████████████████████████████████████████████████████████████████████████████████████████████." In other words, Plaintiff simply subsumed Oyster Inc.

2

within the "Oyster Optics, LLC" definition (otherwise, they gave a knowingly false response).

Plaintiff also argues that it "***never even knew of*** the Valuation" (Opp. at 1), but first learned of its existence during the December 29, 2017 deposition of "Isaac Foster, a non-party who is the CFO of [Oyster Inc.]" (Opp. at 5). This argument is misplaced for several reasons.

First, Oyster LLC is comprised of just three members: Jeffrey Ronaldi, Bruce Lagerman, and Oyster Inc. Member Oyster Inc., in turn, is (at most) a 5-person entity, just two of whom appear to be meaningfully active: Seth Page (CEO) and Isaac Foster (CFO). All of them are represented here by the same law firm, and their knowledge and documents should have been timely investigated and made subject to full discovery.[2]

Second, this argument is premised on Plaintiff trying to exclude ███ of itself. It is undisputed that Oyster Inc.—through its CFO Isaac Foster—commissioned the WTAS Valuation in 2011 and, therefore, "***knew of***" the valuation.[3] Oyster Inc.'s knowledge should be imputed to Oyster LLC. *Cf. Khoobehi Properties, LLC v. Baronne Development No. 2 L.L.C.*, 216 So. 3d 287, 299 (La. App. Cir. 2017) ("[L]imited liability companies … are fictional legal entities that can only act through their members or managers."). It is also undisputed that Isaac Foster had documents in his possession at all times that identified the existence of the Valuation (*i.e.*, the spreadsheet produced literally during the deposition of Mr. Foster that was taken after the close of fact discovery. Nonetheless, Plaintiff and its counsel steadfastly denied the existence of any Valuation at every turn throughout the litigation. And as set forth in the Opening Brief, this was

---

[2] To the extent there was any doubt about their discovery obligations, Defendants served subpoenas on Oyster Inc., as well as both Mr. Page and Mr. Foster, which required the production of documents and testimony on these subjects.

[3] Defendants' reference to Mr. Foster having at least a "vague" recollection was not an "insinuation[]" (*see* Opp. at 5); it was a direct quote from Plaintiff's counsel's email summarizing the meet-and-confer. Ex. 3 (2/9/17 Email from R. Mirzaie).

3

not the only time Plaintiff has denied the existence of damages-related documents only to find them when they suited Plaintiff's needs. *See* Dkt. 241 at 7.

Third, Plaintiff's corporate form defense does not work as a matter of law. The cases cited by Plaintiff provide that a party need not "have legal ownership or actual physical possession of the documents at issue" for them to be considered within a party's "control"; "rather, documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit." *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-cv-3778, 2011 WL 3418396, *2 (S.D. Tex. Aug. 3, 2011). Here, Plaintiff asserts a common interest with Oyster Inc., they are both represented by the same counsel, and Oyster Inc. (as a ▮ owner of Oyster LLC) has a vested financial interest in the outcomes of these cases. Mr. Foster's documents regarding Oyster Inc. are thus in Plaintiff's "control." *See Perez v. Perry*, Civ. No. SA-11-CV-360-OLG-JES-XR, 2014 WL 1796661, *2 (W.D. Tex. May 6, 2014) (ordering party to produce documents possessed by non-parties represented by party's counsel without a subpoena).

Furthermore, Mr. Foster attempts to excuse his lack of memory and lack of possession of the Valuation on the passage of time and argues that Oyster Inc. "had nothing to do with the Portfolio for the bulk of that time" and became "nonoperational and lapsed as a formal Delaware entity years before Plaintiff purchased the Portfolio." Foster Decl. ¶¶ 2, 4. This is inconsistent with the fact that Oyster Inc. ▮ pursuant to its sale to TQ Gamma in 2011 and Mr. Foster's own prior testimony that Oyster Inc. continued to "operate" and be "involved" with TQ Gamma after the sale. *See* Ex. 4 (Foster Dep.) at 150; *see also* Ex. 5 (Page Dep.) at 212-213 (referring to "quarterly meetings, quarterly calls" with TQ Gamma following the 2011 sale), 248-253 (testifying that if there was ever any

4

point when Oyster Inc.'s corporate form lapsed, it was through mere inadvertence).[4]

### B. Plaintiff's Effort to Downplay Relevance and Prejudice Fails

Plaintiff mischaracterizes the record on the importance of these documents in three ways.

First, Plaintiff's citations to testimony from one of Defendants' damages experts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is consistent with everything Defendants have said: the Valuation and Notes are REBUTTAL evidence that undercuts ***Plaintiff's*** damages case.

Second, Plaintiff argues that the Valuation was "***never*** relevant for any purpose other than [Oyster Inc.'s] tax reporting." Opp. at 8-9. This argument is at best perplexing. WTAS provided a "fair market value" of the portfolio using the well-established "cost approach" to valuing intellectual property. Surely, Plaintiff is not suggesting that a valuation used for representations to the IRS is not reflective of the real market value of the portfolio.

Third, the absence of the word "nuisance" in the Valuation goes directly to Defendants' point: Oyster Inc.'s CFO described the ▮▮▮▮▮▮▮▮ agreements as "nuisance" value (per the Notes), and thus WTAS did not rely on them as part of the Valuation. Nevertheless, Plaintiff now argues that "in spite of Defendants' desire to attribute this 'nuisance' characterization to Mr. Foster at [Oyster Inc.], there is no evidence to show that it originated from Mr. Foster." Opp. at 9. This argument reflects the prejudice to Defendants because Plaintiff's discovery failures prevented Defendants from developing the factual record during Mr. Foster's deposition and, if necessary, via WTAS. But despite submitting a declaration, Mr. Foster does not deny making the statement to WTAS and essentially concedes that he is the most likely source of that statement. Foster Decl. at ¶4 ("I was WTAS's sole point of contact [Oyster] Inc.").

---

[4] Had Oyster Inc.'s corporate form lapsed and not been revived, it could not assert the various privileges. *See*, *e.g.*, *S.E.C. v. Carillo Huettel LLP*, No. 13 CV 1735 (GBD)(JCF), 2015 WL 1610282, *2 (S.D.N.Y. Apr. 8, 2015) ("The weight of authority … holds that a dissolved or defunct corporation retains no privilege.") (citing cases).

5

Dated: March 5, 2018            Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
Brian Craft
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Louis Norwood Jameson
Matthew Christopher Gaudet
John R Gibson
Alice Snedeker
Duane Morris LLP
1075 Peachtree Street, NE
Suite 2000
Atlanta, GA 30309-3929
404/253-6915
Fax: 404/253-6901
Email: wjameson@duanemorris.com
Email: mcgaudet@duanemorris.com
Email: jrgibson@duanemorris.com
Email: aesnedeker@duanemorris.com

Joseph Andrew Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
215-979-1842
Fax: 215-689-3797
Email: japowers@duanemorris.com

John Matthew Baird
Duane Morris LLP
505 9th Street, NW
Suite 1000
Washington, DC 20004-2166
202/776-7819
Fax: 202/776-7801
Email: jmbaird@duanemorris.com

Michael J Sacksteder  
Fenwick & West  
555 California Street  
12th Floor  
San Francisco, CA 94104  
415/875-2300  
Fax: 415/281-1350  
Email: msacksteder@fenwick.com  

Darren E Donnelly  
Armen Nercess Nercessian  
Fenwick & West LLP  
Silicon Valley Center  
801 California Street  
Mountain View, CA 94041  
650.988.8500  
Fax: 650.938.5200  
Email: ddonnelly@fenwick.com  
Email: anercessian@fenwick.com  

***ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.***

/s/Leonard Z. Hua  
David M. Airan (admitted *pro hac vice*)  
IL State Bar No. 6215687  
John K. Winn (admitted pro hac vice)  
IL State Bar No. 6291073  
Leonard Z. Hua (admitted *pro hac vice*)  
IL State Bar No. 6303557  
**LEYDIG, VOIT & MAYER, LTD.**  
Two Prudential Plaza, Suite 4900  
180 North Stetson Avenue  
Chicago, IL 60601-6731  
Phone: (312)616-5600  
Fax: (312)616-5700  
Email: dairan@leydig.com  
Email: jwinn@leydig.com  
Email: lhua@leydig.com  

Andrew W. Stinson  
State Bar No. 24028013  
**RAMEY & FLOCK, P.C.**  
100 East Ferguson, Suite 500  

7

       Tyler, Texas 75702
       Phone: (903) 597-3301
       Fax: (903) 597-2413
       Email: andys@rameyflock.com

       ***ATTORNEYS FOR DEFENDANTS HUAWEI TECHNOLOGIES CO., LTD., AND HUAWEI TECHNOLOGIES USA, INC.***


       */s/ Joseph V. Colaianni*
       Ruffin Cordell
       Bar No. 04820550
       cordell@fr.com
       Indranil Mukerji
       MA Bar No. 644059
       mukerji@fr.com
       Joseph V. Colaianni
       D.C. Bar No. 454744
       colaianni@fr.com
       Stephen A. Marshall
       D.C. Bar No. 1012870
       smarshall@fr.com
       Christopher Dryer  admitted *pro hac vice*
       D.C. Bar No. 1022460
       dryer@fr.com
       Laura C. Whitworth  admitted *pro hac vice*
       VA Bar No. 91170
       whitworth@fr.com
       FISH & RICHARDSON P.C.
       The McPherson Building
       901 15th Street NW, Suite 700
       Washington, DC 20005
       Telephone:  (202) 783-5070
       Facsimile:  (202) 783-2331

       William Brown Collier, Jr.
       Bar No. 24097519
       collier@fr.com
       FISH & RICHARDSON P.C.
       1717 Main Street, Suite 5000
       Dallas, TX 75201
       Telephone:  (214) 747-5070
       Facsimile:  (214) 747-2091

***ATTORNEYS FOR DEFENDANT INFINERA CORPORATION***

/s/ *Thomas K. Pratt*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Timothy C. Meece (IL SB No. 6226967)
tmeece@bannerwitcoff.com
J. Pieter van Es (IL SB No. 6210313)
pvanes@bannerwitcoff.com
Thomas K. Pratt (IL SB No. 6209761)
tpratt@bannerwitcoff.com
Timothy J. Rechtien (IL SB No. 6293623)
trechtien@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-463-5000

***ATTORNEYS FOR DEFENDANTS CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC AND CORIANT OPERATIONS, INC.***

/s/ *Laura S. Huffman*
Michael E. Jones
Potter Minton, a Professional Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com

        Robert F. Perry
        Allison H. Altersohn
        Timothy H. Caine
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 556 2316
        Facsimile: (212) 556 2222
        rperry@kslaw.com
        aaltersohn@kslaw.com
        tcaine@kslaw.com

        Laura S. Huffman
        King & Spalding LLP
        1180 Peachtree Street NE
        Atlanta, GA 30309
        Telephone: (404) 572-4712
        Facsimile: (404) 572-5134
        lhuffman@kslaw.com

        ***ATTORNEYS FOR DEFENDANT***
        ***ALCATEL-LUCENT USA INC.***

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that Defendants' Reply Brief is authorized to be filed under seal by the Protective Order, Dkt. No. 95, entered in Civil Action No. 2:16-cv-1302.

> */s/Eric H. Findlay*
> Eric H. Findlay
> *ATTORNEY FOR DEFENDANT CISCO SYSTEMS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on March 5, 2018.

> */Eric H. Findlay*
> Eric H. Findlay
> *ATTORNEY FOR DEFENDANT CISCO SYSTEMS, INC.*