**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OYSTER OPTICS, LLC,<br><br>      *Plaintiff*,<br>*v.* | | |
| CORIANT AMERICA INC. ET AL., | | 2:16-cv-01302-JRG<br><br>**LEAD CASE** |
| INFINERA CORPORATION, | | 2:16-cv-01295-JRG |
| ALCATEL-LUCENT USA, INC., | | 2:16-cv-01297-JRG |
| FUJITSU NETWORK COMMUNICATIONS, INC., | | 2:16-cv-01299-JRG |
| CISCO SYSTEMS, INC. ET AL., | | 2:16-cv-01301-JRG |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | | 2:16-cv-01303-JRG |

**ALCATEL-LUCENT USA INC.'S MOTIONS *IN LIMINE***

**REDACTED VERSION**
**FILED UNDER SEAL**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

TABLE OF EXHIBITS ...................................................................................................... iv

(Common) Motion *in Limine* No. 1: Overall Stock or Market Value, Total Sales
and Revenues, or Other Larger Financial Numbers That Would Skew the
Jury's Damages Horizon................................................................................... 1

(Common) Motion *in Limine* No. 2: IPR Proceedings ......................................... 3

(Common) Motion *in Limine* No. 3: Expert Opinions From Other Matters...................... 4

(Common) Motion *in Limine* No. 4: Pre-Suit Knowledge or Duty .................................. 5

(Common) Motion *in Limine* No. 5: Assigning Plaintiff's Lack of Commercial
Success to Alleged Infringement .................................................................... 6

(Common) Motion *in Limine* No. 6: Assertion that the '327 Patent Contains
Disclosures or Written Description Otherwise Present Only in Unasserted
Patents ........................................................................................................... 6

(Common) Motion *in Limine* No. 7: Frivolous Suits and/or Frivolous
Counterclaims ............................................................................................... 7

(Alcatel) Motion *in Limine* No. 8: The "Plurality of Thresholds" Limitation.................... 7

████████████████████████████████████████████

(Alcatel) Motion *in Limine* No. 10: The Patents-in-Suit Should Not Be Conflated
with Industry Standards .............................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*,
759 F.3d 1285 (Fed. Cir. 2014) ..................................................................................7

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
359 F. Supp. 2d 558 (E.D. Tex. 2005) .......................................................................8

*BMC Software, Inc. v. ServiceNow, Inc.*,
No. 2:14-cv-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ..........................2

*Connectel, LLC v. Cisco Sys., Inc.*,
391 F. Supp. 2d 526 (E.D. Tex. 2005) .......................................................................9

*ContentGuard Holdings v. Amazon.com*,
Nos. 2:13-cv-01112-JRG, 2:14-cv-00061-JRG, 2015 WL 11089490 (E.D.
Tex. Sept. 3, 2015) .....................................................................................................2

*Ericsson. Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)..............................................................................1, 2

*Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*,
No. 2:16-cv-0055, Dkt. No. 398 (E.D. Tex. Oct. 16, 2017) ....................................10

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052, Dkt. No. 440 (E.D. Tex. Sept. 29, 2017).................................2

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440 (E.D. Tex. Sept. 29, 2017)............3, 4

*Implicit, LLC v. Trend Micro, Inc.*,
No. 6:16-cv-00080, Dkt. No. 253 (E.D. Tex. Oct. 3, 2017) .....................................1

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d. 51 (Fed. Cir. 2012)....................................................................................1

*Promethean Insulation Tech. v. Sealed Air Corp.*,
No. 2:13-cv-1113, 2015 WL 11027036 (E.D. Tex. Aug. 14, 2015)..........................2

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*,
2:13-cv-213-JRG-RSP, Dkt. No. 248 (E.D. Tex. Jan. 1, 2015)................................4

*St. Lawrence Commc'ns LLC v. Motorola Mobility LLC*,
2:15-cv-349-JRG, Dkt. No. 458 (E.D. Tex. Mar. 2, 2017) ......................................5

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
    782 F.3d 671 (Fed. Cir. 2015)................................................................................7

**Statutes**

35 U.S.C. § 112.....................................................................................................7

**Other Authorities**

Fed. R. Evid. 401 ........................................................................... *passium*

Fed. R. Evid. 402 ........................................................................... *passium*

Fed. R. Evid. 403 ........................................................................... *passium*

Fed. R. Evid. 802 .........................................................................................9

Fed. R. Evid. 803 .......................................................................................10

## TABLE OF EXHIBITS

**Exhibit A:** ████████████████████████████████████████

**Exhibit B:** Portion of Expert Report of Stephen E. Dell, CVA Relating to Damages (Jan. 10, 2018) ("Dell Rep.")

**Exhibit C:** Portion of 10/16/2017 Transcript of Pre-Trial Hearing, *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-0055, Dkt. No. 398 (E.D. Tex. Oct. 16, 2017) ("Pre-Trial Hr'g Tr.")

**Exhibit D:** Order on Motions *in Limine*, *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-0052, Dkt. No. 440 (E.D. Tex. Sept. 15, 2017)

**Exhibit E:** Order on Motions *in Limine*, *St. Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2:15-cv-349-JRG, Dkt. No. 458 (E.D. Tex. Mar. 2, 2017)

**Exhibit F:** Order on Motions *in Limine* and Pretrial Motions, *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-00080-JRG, Dkt. No. 253 (E.D. Tex. Oct. 3, 2017)

**Exhibit G:** Order Regarding Motions *in Limine*, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, 2:13-cv-213-JRG-RSP, Dkt. No. 248 (E.D. Tex. Jan. 1, 2015)

**Exhibit H:** Portion of Transcript from the Deposition of Michael Stephen Lebby (Feb. 16, 2018) ("Lebby Dep.")

**Exhibit I:** Portion of the Transcript from the Deposition of Peter Snawerdt (Dec. 15, 2017) ("Snawerdt Dep.")

**Exhibit J:** Order Regarding Motions *in Limine*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, Dkt. No. 370 (E.D. Tex. Sept. 30, 2015)

**Exhibit K:** Order, *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, Dkt. No. 762 (E.D. Tex. Dec. 12, 2010)

**Exhibit L:** Order Regarding Motions *in Limine*, *Cellular Comm'ns Equip. LLC v. Apple, Inc.*, No. 6:14-cv-251, Dkt. No. 261 (E.D. Tex. Sept. 2, 2016)

Defendant Alcatel-Lucent USA Inc. ("Defendant" or "Alcatel") respectfully moves *in limine* to preclude certain arguments, evidence, and testimony from trial, as follows.

**(Common)[1] Motion *in Limine* No. 1: Overall Stock or Market Value, Total Sales and Revenues, or Other Larger Financial Numbers That Would Skew the Jury's Damages Horizon**

Oyster should be precluded from introducing evidence or argument disclosing any Defendant's stock value, market value, total sales, sales by segment, past annual revenue, past annual revenue from the sales of the accused product(s), estimated future annual revenue, sales figures for sales outside of the U.S., or overall capital expenditures. Similarly, Oyster should be precluded from arguing through a demonstrative or otherwise that the royalty rate it seeks is only a "fraction" or "small percentage" or similar characterization of any Defendant's overall revenues. The Federal Circuit has made clear that a patentee cannot use the entire market value of an accused product—*i.e.*, overall revenues, profits, or price—to establish damages absent proof that the patented feature drives demand for the entire accused product. *See Ericsson. Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d. 51, 67-68 (Fed. Cir. 2012). Because there is no such allegation here, these overall valuations including stock and market values, total revenues and sales, and capital expenditures should be excluded. *See LaserDynamics*, 694 F.3d at 68 ("[D]isclosure to the jury of the overall product revenues 'cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.'") (quoting U*niloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011)).

---

[1] MILs labeled "(Common)" are identical or similar to MILs being filed by other defendants.

This Court has granted similar motions *in limine*. *See, e.g.*, *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-cv-00080-JRG, Dkt. No. 253, at 6 (E.D. Tex. Oct. 3, 2017) (attached as Ex. F) (ordering that "[n]either party may reference Trend's size, profits, or total value without obtaining leave from the Court."); *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440, at 11 (E.D. Tex. Sept. 29, 2017) (attached as Ex. D) ("Huawei may not introduce evidence or argument disclosing T-Mobile's past annual revenue, estimated future annual revenue, or overall capital expenditures. Similarly, Huawei may not argue through a demonstrative or otherwise that the royalty rate it seeks is only a "fraction," "small percentage," etc., of T-Mobile's average revenue per customer per month, or otherwise compare the royalty rate to any revenue other than Dr. Vander Veen's estimation of T-Mobile's revenue per customer per month attributable solely to LTE technology."); *ContentGuard Holdings v. Amazon.com*, Nos. 2:13-cv-01112-JRG, 2:14-cv-00061-JRG, 2015 WL 11089490, at *5 (E.D. Tex. Sept. 3, 2015) ("ContentGuard is precluded from introducing any evidence or argument regarding Samsung's size, market capitalization, or revenues and profits not derived from the accused products or services."); *Promethean Insulation Tech. v. Sealed Air Corp.*, No. 2:13-cv-1113, 2015 WL 11027036, at *3-6 (E.D. Tex. Aug. 14, 2015) (precluding "testimony (including expert opinion), evidence, or argument regarding the total sales data, total revenues, size, or financial worth of Defendants or their affiliates (including Sealed Air Corporation), including comparing that information to corresponding information from Plaintiff or Covertech . . . except as to revenue from accused products."). Accordingly, Oyster should be required "to structure its damages presentation in such a way that the jury will not be able to calculate [any defendant's] total revenues, in accordance with the evidentiary rule set forth in *Ericsson*." *BMC Software, Inc. v.*

*ServiceNow, Inc.*, No. 2:14-cv-903-JRG, 2016 WL 379620, at *3 (E.D. Tex. Feb. 1, 2016) (citing

*Ericsson*, 773 F.3d at 1226).

Likewise, Oyster should be precluded under Fed. R. Evid. 401, 402, and/or 403 from

introducing other larger financial figures, such as any Defendant's market capitalization or capital

expenditures, that would only confuse the jury and skew the damages horizon.

**(Common) Motion *in Limine* No. 2: IPR Proceedings**

The parties should be precluded from presenting evidence or argument regarding the

petition for, or outcome of, *inter partes* review (IPR) proceedings, including any decisions to

institute or not institute review. However, the parties should not precluded from presenting

evidence or argument regarding statements made by the parties to the Patent Trial and Appeal

Board (PTAB) in IPR proceedings to the extent the statements are admissible under the Federal

Rules of Evidence. The parties should refer to any such statements as statements 'made to the

Patent Office,' without identifying the existence of IPR proceedings.

The Defendants have filed several Petitions for Inter Partes Review of Oyster's various

patents. Some of those Petitions have been instituted, some have not, and others remain pending.

The PTAB has rendered no final decision in relation to any of the Petitions. In accordance with

this Court's past practice, Defendants move to preclude any party from mentioning the existence

or institution outcome of any Petition; however, Defendants understand that statements made by

the parties themselves may be used to the extent admissible. *See Huawei Techs. Co. v. T-Mobile*

*US, Inc.*, No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440, at 2-3 (E.D. Tex. Sept. 29, 2017) (attached

as Ex. D) ("The parties are precluded from presenting evidence or argument regarding the petition

for, or outcome of, inter partes review (IPR) proceedings, including any decisions to institute or

not institute review. The parties are not precluded from presenting evidence or argument regarding

statements made by the parties to the Patent Trial and Appeal Board (PTAB) in IPR proceedings

to the extent the statements are admissible under the Federal Rules of Evidence. The parties shall refer to any such statements as statements 'made to the Patent Office,' without identifying the existence of IPR proceedings."). In the event that a party's statement to the PTAB is admissible, Defendants request that the parties be limited to referring to such statements as statements "made to the Patent Office" without identifying the existence of the IPR. *Id.*

**(Common) Motion *in Limine* No. 3: Expert Opinions From Other Matters**

The parties should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding the fact that testimony or opinions offered by any expert may have been excluded or found to be unreliable in any other lawsuits.

The issues in other cases do not implicate the accused devices in this case or the Patents-in-Suit, and were specific to the facts and circumstances of that case. Accordingly, the opinions offered by each of the parties' experts in other cases are entirely unrelated to the dispute at hand and are not probative of any fact at issue in this case. Such prior cases and exclusions are inadmissible as irrelevant under FRE 402. Similarly, because they risk unfairly prejudicing the jury, the opinions are also inadmissible under FRE 403. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG-RSP, Dkt. No. 248, at 4 (E.D. Tex. Jan. 31, 2015) (attached as Ex. G) (Pl.'s motions *in limine* no. 10). Indeed, were such testimony to be introduced, there would be substantial risk for a "mini trial" in which a party would be required to discuss the particular facts and circumstances of that case and explain why this case is different. This would needlessly waste time and only serve to confuse the jury as to the issues presently in dispute.

This *limine* is not intended to and does not prevent a party from referencing the fact that an expert has testified in other matters, nor does it prevent references to how long an expert has served in the capacity as an expert, so long as there is no numerical component regarding the frequency with which he has previously testified in that capacity. If a party offers evidence of an expert

having been accepted by other courts or touts the number of times an expert has testified, that may open the door for the opposing party to use prior judicial opinions pertaining to that prior expert testimony. To be clear, general testimony from an expert that an expert has testified as an expert in the past or has testified on behalf of plaintiffs and defendants in patent cases would not open the door. *See St. Lawrence Commc'ns LLC v. Motorola Mobility LLC*, 2:15-cv-349-JRG, Dkt. No. 458, at 4 (E.D. Tex. Mar. 2, 2017) (attached as Ex. E) (SLC's Unopposed MIL No. 2).

**(Common) Motion *in Limine* No. 4: Pre-Suit Knowledge or Duty**

Oyster should be precluded from arguing that Alcatel knew, should have known about, or had any duty to investigate any patent-in-suit before the lawsuit was filed.

There is no evidence in this case that Alcatel knew of Plaintiff or its predecessors prior to the filing of the lawsuit. The Court has granted a similar motion in *limine* for patents that a Defendant had no pre-suit knowledge of in these circumstances. *See Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, Dkt. No. 440, at 11-12 (E.D. Tex. Sept. 15, 2017) (attached as Ex. D) (Defendant's MIL 8). Moreover, the Court routinely excludes arguments where the Plaintiff tries to suggest that the Defendants have some general duty to investigate a Plaintiff's patents. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, Dkt. No. 370, at 9 (E.D. Tex. Sept. 30, 2015) (attached as Ex. J) (granting in part defendants motion *in limine* and stating "[Defendant] may not argue that [Plaintiff[ had an affirmative duty to investigate possible infringement"); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, Dkt. No. 762, at 2 (E.D. Tex. Dec. 12, 2010) (attached as Ex. K) ("Plaintiff may not argue or elicit testimony that defendants had a legal duty to investigate plaintiff's patents.").

**(Common) Motion *in Limine* No. 5: Assigning Plaintiff's Lack of Commercial Success to Alleged Infringement**

The Court should exclude evidence, testimony, and argument that implies that Alcatel's alleged infringement, or that any alleged infringement by others, prevented Plaintiff or its predecessors from commercializing its technology or otherwise achieving success through manufacturing or developing products. There is no evidence in this case of any relationship between any Alcatel entity and Plaintiff or its predecessors prior to the filing of the lawsuit. Nor is there any evidence in this case showing that any Alcatel entity knew of any of the asserted patents prior to the filing of the lawsuit, or that alleged infringement by any Alcatel entity or others had an impact on Plaintiff and its predecessors' lack of commercial activity. It is undisputed that Plaintiff and its predecessors made no sales of products. Allowing Plaintiff to argue that it would have been successful in commercializing products if not for infringement by Alcatel or others would be unfairly prejudicial to Alcatel. Fed. R. Evid. 401, 403.

**(Common) Motion *in Limine* No. 6: Assertion that the '327 Patent Contains Disclosures or Written Description Otherwise Present Only in Unasserted Patents**

The parties should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that an asserted patent contains disclosures present only in an unasserted patent. For example, Defendants expect Plaintiff to rely on testimony from its invalidity expert, Dr. Lebby, and the inventor, Peter "Rocky" Snawerdt, regarding the teaching of phase modulation in other patents to argue that the '327 patent adequately discloses how to do phase modulation. Dr. Lebby testified ██████████████████████████ Lebby Dep. 153:22-156:15 (attached as Ex. H). Similarly, Mr. Snawerdt testified that ███████████

████████████████████████████████████

██████ Snawerdt Dep. 129:15-130:9 (attached as Ex. I). Defendants believe Plaintiff will use this testimony to rebut Defendants' defenses of written description and enablement with respect to

the '327 patent. However, Plaintiff is not permitted to satisfy the written description or enablement requirements for one patent, here the '327 patent, by using disclosures from a different patent; the patent itself must disclose sufficient information to enable or teach persons of ordinary skill. 35 U.S.C. § 112; *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682-85 (Fed. Cir. 2015); *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1298-99 (Fed. Cir. 2014). Thus, under FRE 402 and 403, Plaintiff should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that an asserted patent contains disclosures present only in an unasserted patent (including those patents previously asserted and since withdrawn).

**(Common) Motion *in Limine* No. 7: Frivolous Suits and/or Frivolous Counterclaims**

The parties should be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that the Court has the power to dismiss frivolous suits and/or frivolous counterclaims and implying or explicitly stating that the claims are not frivolous because they are being tried. This exclusion is necessary because the facts underlying such an argument are irrelevant under FRE 402 and to prevent juror confusion and waste time under FRE 403. For example, were Plaintiff to assert that its claims necessarily have merit because, if they did not, the Court would have dismissed them already, would require Defendants to engage in a multi-pronged rebuttal describing the standards governing motions to dismiss, motions for summary judgment, and the like. This type of evidence and argument is irrelevant, would only lengthen the trial, and waste time. Accordingly, such argument and testimony should be excluded pursuant to FRE 401, 402, and 403.

**(Alcatel) Motion *in Limine* No. 8: The "Plurality of Thresholds" Limitation**

Oyster should be precluded from introducing evidence or argument that the "plurality of thresholds" limitation of the '327 Patent is met based on the use of "hysteresis." On February 26,

2018, Alcatel filed a motion to strike aspects of Oyster-expert Dr. Dallesasse relating to his allegations of Alcatel's use of hysteresis as alleged correspondence with the "plurality of thresholds" limitation. Mot. to Strike, Dkt. No. 256. That motion explains what appears now to be uncontested: Oyster's infringement contentions never identified hysteresis as corresponding or related to any limitation of any asserted claim. *Id.* at 2-5; *see also* Reply to Mot. to Strike, Dkt. No. 347.

Because the hysteresis allegation was not contained in Oyster's infringement contentions, Oyster should be precluded from making the argument at trial. *See, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.,* 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005); *Connectel, LLC v. Cisco Sys., Inc.,* 391 F. Supp. 2d 526 (E.D. Tex. 2005).

In the event the Court grants Alcatel's Motion to Strike, Alcatel respectfully requests the Court similarly grant this motion *in limine* and preclude Oyster from argument outside the scope of its infringement contentions.

████████████████████████████████████████████████

██████████████████████████████

**(Alcatel) Motion *in Limine* No. 10: The Patents-in-Suit Should Not Be Conflated with Industry Standards**

Oyster should be precluded from offering any argument, evidence, or testimony that the benefits and importance of the patents-in-suit are derived from, comparable to, or coextensive with the benefits and importance of any optical standard and should be precluded from arguing that Alcatel's accused products meet all of the limitations of the patents-in-suit claim based on compliance with any industry standard or implementation agreement.

On the issue of value, this Court routinely grants this type of motion *in limine* in cases involving patents and industry standards, and the issue is no different here. *Cellular Comm'ns Equip. LLC v. Apple, Inc.*, No. 6:14-cv-251, Dkt. No. 261, at 3 (E.D. Tex. Sept. 2, 2016) (attached as Ex. L) (excluding "[a]ny argument, evidence, testimony, or reference implying that the benefits and importance of the [asserted] patent is derived from, comparable to, coextensive with the benefits and importance [of industry standards]"); *Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-0052, Dkt. No. 440, at 10 (E.D. Tex. Sept. 15, 2017) (attached as Ex. D) ("Huawei may not present evidence or argument that the benefits from the asserted patent(s) are derived from the value of the standard as a whole or any increased value the patented feature gains from its inclusion in the standard."). Such a limitation is consistent with the Federal Circuit's requirement in *Ericsson v. D-Link* that "any royalty award must be based on the incremental value of the invention, not the value of the standard as a whole or any increased value the patented feature gains from its inclusion in the standard." 773 F.3d 1201, 1235 (Fed. Cir. 2014) (emphasis added); *see also CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015).

Moreover, Oyster should be precluded from arguing that Alcatel's accused products meet all of the limitations of the patents-in-suit claim based on compliance with any industry standard or implementation agreement. Such a ruling also complies with the same motion in *limine* from the *Cellular Communications Equipment* case, where the Court ruled that a party "may not conflate the [] Standard with the [patent-in-suit]" and may only "present the [] Standard as background to contextualize" the patent. *Cellular Comm'ns Equip. LLC*, No. 14-cv-251-KNM , Dkt. No. 261, at 3 (attached as Ex. L).

Date:  April 18, 2018                                          Respectfully submitted,

*/s/ M. Scott Stevens*
Michael E. Jones
**Potter Minton, a Professional Corporation**
110 N College Avenue
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com

John D. Haynes (GA Bar No. 340599)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
John.Haynes@Alston.com
Michael.Deane@Alston.com

M. Scott Stevens (NC Bar No. 37828)
Christopher C. Ziegler (NC Bar No. 46519)
**ALSTON & BIRD LLP**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1025
Facsimile: (704) 444-1935
Scott.Stevens@Alston.com
Chris.Ziegler@Alston.com

Allison H. Altersohn
Timothy H. Caine
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556 2316
Facsimile: (212) 556 2222
aaltersohn@kslaw.com
tcaine@kslaw.com

Laura S. Huffman
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 572-4712
Facsimile: (404) 572-5134
lhuffman@kslaw.com

***ATTORNEYS FOR DEFENDANT***
***ALCATEL-LUCENT USA INC.***

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that pursuant to Local Rule CV-5(a)(7)(B) that on May 18, 2017, the

Court entered a Protective Order (Dkt. No. 95) authorizing the filing of documents designated

pursuant to the Protective Order under seal.

   Dated: April 18, 2018

*/s/ M Scott Stevens*
M. Scott Stevens

## <u>CERTIFICATE OF CONFERENCE</u>

In accordance with Local Rule CV-7(h), I hereby certify that Scott Stevens, counsel for

Alcatel-Lucent met and conferred with Reza Mirzaie, counsel for plaintiff Oyster, regarding the

relief sought in this motion through a telephonic conference on April 12, 2018 in a good faith

attempt to resolve the matter without Court intervention. The parties could not reach agreement as

to the relief requested in this motion, and discussions have conclusively ended in an impasse,

leaving an open issue of the Court to resolve.

   Dated: April 18, 2018

*/s/ M Scott Stevens*
M. Scott Stevens

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a true and correct copy of the foregoing document

and a notice of filing of this document, under seal, pursuant to Local Rule CV-5(a)(7) were

served by electronic mail to the persons at the addresses below:

| | |
|---|---|
| Marc A. Fenster<br>E-mail: mfenster@raklaw.com<br>Reza Mirzaie<br>E-mail: rmirzaie@raklaw.com<br>Amir A. Naini<br>Email: anaini@raklaw.com<br>Neil A. Rubin<br>Email: nrubin@raklaw.com<br>Arka Chatterjee<br>E-mail: achatterjee@raklaw.com<br>Stanley H. Thompson, Jr.<br>Email: sthompson@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard<br>12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310/826-7474<br>Facsimile: 310/826-6991<br><br>T. John Ward, Jr.<br>E-mail: jw@wsfirm.com<br>Claire Abernathy Henry<br>E-mail: claire@wsfirm.com<br>Andrea L. Fair<br>E-mail: andrea@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>P.O. Box 13231<br>Longview, Texas 75601<br>Tele: 903/757-6400<br>Facsimile 903/757-2323<br><br>Attorneys for Plaintiff<br>OYSTER OPTICS, LLC | |

Dated: April 18, 2018

*/s/ M Scott Stevens*
M. Scott Stevens