# Exhibit 2

| | |
|---|---|
| OYSTER OPTICS, LLC, | |
| Plaintiff, | Civil Action No. 2:16-cv-01302 |
| v. | |
| CORIANT (USA) INC., ET AL. | LEAD CASE |
| ALU-USA. | |

## ALU-USA'S P. R. 3-3 INVALIDITY CONTENTIONS

Pursuant to Docket Control Order (Dkt. No. 111) and Local Patent Rule 3-3, Defendant Alcatel-Lucent USA, Inc.( "ALU-USA") hereby provides its Invalidity Contentions, which include the accompanying claim charts, to Plaintiff Oyster Optics, LLC.

### I. Introduction

As disclosed in its P. R. 3-1 Infringement Contentions served on ALU-USA, Plaintiff asserts the following patents and claims[1]:

| Patent | Claims |
|---|---|
| **Group 1 Patents** | |
| U.S. Patent No. 6,469,816 | 1–20 |
| U.S. Patent No. 6,476,952 | 1-6, 11 |
| U.S. Patent No. 6,594,055 | 1–27 |
| U.S. Patent No. 7,099,592 | 1-8, 11, 13 |

---

[1] For convenience, and to reduce the burden on the Court and the parties in this action, these Invalidity Contentions address all of the claims asserted against all of the Defendants for all of the patents in this action. However, not all of the patents or the claims addressed in these Invalidity Contentions are asserted against ALU-USA. Accordingly, ALU-USA offers these Invalidity Contentions only to the extent that these Invalidity Contentions address patents and claims that are asserted against ALU-USA. ALU-USA reserves the right to supplement these Invalidity Contentions if Plaintiff asserts additional claims (including claims already addressed in these Invalidity Contentions) against ALU-USA obtains additional information.

publications, the state of the art, and testimony to establish bases for combinations of certain cited references that render the Asserted Claims obvious.

Because discovery has just recently begun, ALU-USA anticipates that additional prior art and invalidity bases may be found. ALU-USA's investigation and analysis of the prior art is continuing, and thus ALU-USA reserves the right to supplement, amend, and/or revise the information provided herein as ALU-USA conducts further investigation and/or analysis, including identifying, charting, and relying on additional references.

Additionally, in view of likely third-party discovery that will be taken, ALU-USA reserves the right to present additional items of prior art under 35 U.S.C. §§ 102(a), (b), (e), and/or (g) and/or § 103 located during discovery or further investigation, and to assert contentions of invalidity under 35 U.S.C. §§ 102(c), (d), or (f). For example, ALU-USA expects to issue subpoenas to third parties believed to have knowledge, documents, and/or other evidence concerning invalidity of one or more of the Asserted Claims.

In addition to the positions and prior art identified in these Invalidity Contentions (including the accompanying invalidity claim charts), ALU-USA also incorporates by reference all invalidity contentions, prior art,[4] and invalidity claim charts (including, without limitation, all anticipation positions, obviousness positions, all prior art combinations and motivations to combine, indefiniteness positions, written description positions, and non-enablement positions) concerning one or more of the Asserted Patents, as disclosed at any time. This includes without limitation disclosures in previous or related litigations, in United States Patent & Trademark Office ("USPTO") proceedings, by the Plaintiff, or by the named inventors or any individuals

---

[4] Prior art appearing in the file histories of the Asserted Patents is not required to be separately produced by ALU-USA under P. R. 3-4(b).

associated with the prosecution and/or post-grant review of the Asserted Patents. ALU-USA specifically incorporates by reference, without limitation, the invalidity contentions of Defendants Ciena Corporation, Coriant (USA) Inc., Coriant North America, LLC, Coriant Operations, Inc., Infinera Corporation, Ericsson, Inc., Fujitsu Network Communications, Inc., Huawei Technologies Co., Ltd., and Huawei Technologies USA, Inc. served on June 2, 2017, and Defendant Cisco Systems, Inc., due on June 23, 2017.

ALU-USA reserves the right to supplement or otherwise amend these Invalidity Contentions in response to any relevant discovery provided by third parties, Plaintiff, opening or rebuttal expert reports, fact or expert depositions, or in response to any claim construction ruling(s) issued by this Court (regardless of how and when such ruling is made). ALU-USA also reserves the right to supplement or otherwise amend these Invalidity Contentions in response to any rebuttal evidence disclosed by Plaintiff or as otherwise may be necessary or appropriate under the circumstances.

## III.    P. R. 3-3(a) – Identification of Prior Art

Pursuant to P.R. 3-3(a), and subject to the ALU-USA's reservation of rights, ALU-USA identifies exemplary items of prior art that anticipate or render obvious the Asserted Claims in Tables 1 and 2 below.

ALU-USA's disclosure of prior art is premised on the alleged priority dates of the Asserted Patents as identified in Plaintiff's Infringement Contentions:

| Patent(s) | Claims | Priority Date |
|---|---|---|
| 6,469,816 | 2–3, 9–10 | May 24, 2001 |
| | All other asserted claims | January 17, 2001 |
| 6,476,952 | 1, 3 | January 17, 2001 |
| | All other asserted claims | November 26, 2001 |
| 6,594,055 | All asserted claims | January 17, 2001 |
| 7,099,592 | All asserted claims | February 2, 2001 |
| 7,620,327 | All asserted claims | July 9, 2001 |

Consequently, ALU-USA reserves the right to amend, modify, or supplement these invalidity contentions should additional information become available to them through discovery.

## IV.    P. R. 3-3(b) – Invalidity Grounds

Pursuant to P.R. 3-3, ALU-USA contends that certain prior art references below anticipate one or more Asserted Claims and that to the extent the identified prior art references do not anticipate the Asserted Claims, those claims are invalid as obvious under 35 U.S.C. § 103. Each anticipatory prior art reference, either alone or in combination with other prior art, also renders the Asserted Claims invalid as obvious. In particular, each anticipatory prior art reference may be combined with (1) information generally known to persons skilled in the art at the time of the alleged invention, and/or (2) any of the other anticipatory prior art references. To the extent that Plaintiff contends that any of the anticipatory prior art fails to disclose one or more limitations of the Asserted Claims, ALU-USA contends that any difference between the reference and the corresponding patent claims would have been obvious to one of ordinary skill in the art. Thus, all anticipation charts should be interpreted as both reflecting anticipation by the reference as well as invalidity due to single reference obviousness, to the extent that Plaintiff contends that any limitation is missing.

### A.  Anticipation

As stated above, ALU-USA incorporates by reference all other invalidity contentions related to the Asserted Patents served on or otherwise provided to Plaintiff, whether past or future. In accordance with P.R. 3-3(b) and (c), prior art references anticipating the Asserted Claims are provided below. The prior art listed below anticipates the Asserted Claims under the proper construction of the claims and/or under Plaintiff's apparent interpretation of the claims as

- Kitano '303 anticipates claims 1, 2, 6-11, 14-16, 20-23

**7. U.S. Patent No. 9,363,012**

- Cohen '392 anticipates claims 1-3, 8, 16, 17
- Darcie '234 anticipates claims 1-3, 5-8, 16, 17
- Leone '909 anticipates claims 1-3, 5-7, 16, 17

**B. Obviousness**

As stated above, ALU-USA incorporates by reference all other invalidity contentions related to the Asserted Patents served on or otherwise provided to Plaintiff, whether past or in the future. In addition to certain claims being anticipated under Plaintiff's apparent claim constructions as indicated above, the Asserted Claims are also invalid as obvious over the same teachings identified for anticipation. Further, the Asserted Claims are obvious over various combinations of the references shown in the claim charts accompanying or incorporated by reference into this disclosure. No Asserted Claim goes beyond combining familiar elements in known methods to achieve predictable results or does more than choose between clear alternatives known to those of skill in the art. Thus, to the extent that an Asserted Claim is not anticipated, it is nevertheless invalid as obvious. Specifically, ALU-USA asserts that any charted or incorporated reference in combination with one or more other charted or incorporated references renders the Asserted Claims obvious.

Motivations to combine, as well as the general state of the art, may be found in a variety of places including in the references defined above, and the specification of the Asserted Patents. For example, many of the references relate to fiber optic data transmission. A person of ordinary skill in the art at the time of the alleged invention would have been motivated to combine any one piece of identified prior art with any other identified piece of prior art. For at least these reasons, it would have been obvious to a person of skill in the art at the time of the alleged invention of the Asserted Claims to combine the various references cited herein so as to practice