# Exhibit 5

```
 1              IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF TEXAS

 3                       MARSHALL DIVISION

 4

 5   OYSTER OPTICS, LLC

 6               Plaintiff

 7   vs.                          Civil Action No:

 8   CORIANT AMERICA, INC.            2:16-cv-01302

 9   et al.

10        Defendants

11   _____/

12

13

14              The Videotaped DEPOSITION OF GEORGE PAPEN,

15   Ph.D. was held on Wednesday, February 7, 2018,commencing

16   at 11:23 a.m., at Duane Morris, LLP, 509 Ninth Street,

17   N.W., Suite 1000, Washington, D.C. 20004, before Heather

18   Bjork Avalos, Notary Public.

19

20

21

22

23

24   REPORTED BY:  Heather Bjork Avalos

25
```

BARKLEY
Court Reporters

18:52 1 and for transmitting data over a first optical fiber

18:52 2 and receiving data over a second optical fiber.

18:52 3     Q    So it's your opinion that it would have

18:52 4 been obvious to change Corke to use one fiber to

18:52 5 transmit and the other fiber to receive, correct?

18:52 6     A    It would have been obvious to a person of

18:52 7 skill in the art at the time to implement features of

18:52 8 Corke in combination with Nesnidal so as to have a card

18:53 9 for telecommunications box for transmitting data over

18:53 10 the first optical fiber and receiving data over a

18:53 11 second optical fiber.

18:53 12     MR. RUBIN:  So we're not quite at 7:00, but

18:53 13 I'll pass the witness.

18:53 14     MR. BAIRD:  Quick break.

18:53 15     THE VIDEOGRAPHER:  Off the record at 6:54.

18:53 16     (There was a break in the proceedings.)

18:53 17     THE VIDEOGRAPHER:  Back on the record at

19:06 18 7:07.

19:06 19     CROSS EXAMINATION BY MR. BAIRD:

19:06 20     Q    Good evening, Professor Papen.

19:06 21     A    Good evening.

19:06 22     Q    So earlier today, counsel for Oyster Optics

19:06 23 was asking questions.  There were a series of questions

19:07 24 pertaining to the table of contents and your

19:07 25 anticipation opinions.

BARKLEY
Court Reporters

Do you have any anticipation opinions in

the report other than the ones that are reflected as

anticipation in the table of contents?

A      Yes, I do.

Q      And what are those?

A      Referring to the table of contents with

regard to the Pirelli system, wherein section D, a

Pirelli system, numbers 4 -- this is on page -- it's in

the table of contents.  Number 4, 5, 6, 7, and 8.  As

stated, those in the table of contents is obvious.  The

actual -- that actually should have been anticipated.

Q      And what claims are those section headings

relate to?

A      Those claims are associated with Pirelli

system and the claims in the '327 Patent, specifically

that the card -- the RTX card satisfies all of those

claims under the construction of Oyster that -- strike

that.  Under the -- satisfy all the claims of the

patent.

Q      So, Professor Papen, when you were

referencing your table of contents, section D, you were

reading Roman letters, four, five, six, seven, eight.

So my question is just the RXT module.  The

anticipation opinions that you have with respect to the

RXT module, what claims does that pertain to?

145

BARKLEY
Court Reporters

A     Okay.  So let me go to those claims.  So

specifically on section four which deals with claim 1

of the '327 Patent, it now anticipates one pre

transceiver card for a communications box for

transmitting data over a first optical fiber and

receiving data over a second optical fiber, the card

comprising.  So with respect to that claim and it being

a telecommunications -- so I'll keep reading.  That's

claim 1.

Claim 5 --

MR. BAIRD:  I think they're listed in the

table of contents.

THE WITNESS:  They are.  But I'm going to

read what they are because -- the card recited in claim

1 wherein an energy level detector includes a

photodiode and a linear logarithmic amplifier scaling

an output of the photodiode.

Claim 11.  The card is decided, one, where

the plurality of thresholds indicate an increase of the

optical energy level.

Claim 38.  The card as recited in claim 36

further comprising the photodiode in a linear

logarithmic amplifier scaling and output of the

photodiode.

So this anticipation opinion is based on

GEORGE PAPEN, Ph.D.

BARKLEY
Court Reporters

19:12 1    Oyster's contention that the electrical signals within

19:12 2    a box can be signals within a card.  And thus the RTX

19:12 3    card -- the internal structure of the RTX card

19:12 4    satisfies that viewpoint.  And therefore the RTX card

19:12 5    in the Pirelli system anticipates the claims as I

19:13 6    stated.

19:13 7        Q    So is it your opinion that the RXT module

19:13 8    anticipates claim 1, 5, 11, 36, and 38 of the '327

19:13 9    Patent?

19:13 10    A    It is.

19:13 11    Q    Turning to the '511 Patent, do you have any

19:13 12    anticipation opinions other than what is reflected in

19:13 13    your table of contents?

19:13 14    A    Yes.  So in the table of contents, Part C

19:13 15    the Pirelli system, the Pirelli system anticipates the

19:13 16    '511 Patent.

19:13 17        And so claim 1, one premethod for operating

19:14 18    an optical fiber multiplex and comprising.  In

19:14 19    paragraph 1487, to the extent the preamble is limiting,

19:14 20    a person that is skilled in the art at the time of the

19:14 21    invention would have understood that the Pirelli system

19:14 22    embodied and rendered obvious a method for operating an

19:14 23    optical fiber multiplexor.

19:14 24        For each one of the claims of the '511

19:14 25    Patent, the Pirelli systems embodies that claim and

GEORGE PAPEN, Ph.D.

BARKLEY
Court Reporters