**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OYSTER OPTICS, LLC,<br><br>*Plaintiff,*<br>*v.*<br>CISCO SYSTEMS, INC.,<br><br>*Defendant.* | | 2:16-cv-1302-JRG<br>LEAD CASE<br><br><br>2:16-cv-01301-JRG |

## DEFENDANT CISCO SYSTEMS, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF OYSTER OPTICS, LLC'S COMPLAINT

Defendant Cisco Systems, Inc. ("Cisco") hereby files its First Amended Answer and Affirmative Defenses to Plaintiff Oyster Optics, LLC's ("Plaintiff") Complaint for Patent Infringement (the "Complaint") as follows:

In response to the preamble, Cisco admits that the Complaint purports to set forth a claim for patent infringement arising under the Patent Laws of the United States of America and names Cisco and British Telecommunications PLC ("BT") as Defendants. Cisco denies all allegations of infringement set forth in the Complaint.

### PARTIES

1.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 1 of the Complaint, and Cisco therefore denies them.

2.      Cisco admits the allegations in paragraph 2 of the Complaint.

3.      Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 3 of the Complaint, and Cisco therefore denies them.

4.      Cisco denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.        Cisco admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. Cisco further admits that this Court has subject matter jurisdiction over civil actions arising under Title 35 under 28 U.S.C. §§ 1331 and 1338.

6.        Cisco does not contest personal jurisdiction in this particular action. Cisco denies that it has committed acts of infringement within the Eastern District of Texas, or any other District within the State of Texas. Cisco admits that it maintains offices within the State of Texas and is registered to do business in the State of Texas. Cisco further admits that it has a registered agent that can be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Cisco otherwise denies the allegations in paragraph 6 of the Complaint.

7.        Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 7 of the Complaint, and Cisco therefore denies them.

8.        Cisco denies that this District is a proper venue for Plaintiff's claims against Cisco, at least for the reason that 28 U.S.C. § 1400(b) does not provide for venue in this District for this action. See, e.g., *TC Heartland LLC v. Kraft Foods Group Brands LLC*, Supreme Court docket no. 16-341. Cisco further denies that this district best serves the convenience of the parties and witnesses or the interests of justice in this particular case pursuant to 28 U.S.C. § 1404(a). Cisco admits that it transacts business in this District, but denies that it has committed acts of infringement in this judicial district or elsewhere. Cisco otherwise denies the allegations in paragraph 8 of the Complaint.

## BACKGROUND

9.        Cisco is without knowledge sufficient to admit or deny the allegations in paragraph 9 of the Complaint, and Cisco therefore denies them.

2

10.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 6,469,816 (the "'816 Patent"), but admits that the '816 Patent is entitled "Phase-Modulated Fiber Optic Telecommunications System" and that the '816 Patent states that it was issued on October 22, 2002. Cisco admits that what purports to be a true and correct copy of the '816 Patent is attached to the Complaint as Exhibit A. Cisco denies that the '816 Patent was duly and lawfully issued.

11.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 6,476,952 (the "'952 Patent"), but admits that the '952 Patent is entitled "Phase-Modulated Fiber Optic Telecommunications System" and that the '952 Patent states that it was issued on November 5, 2002. Cisco admits that what purports to be a true and correct copy of the '952 Patent is attached to the Complaint as Exhibit B. Cisco denies that the '952 Patent was duly and lawfully issued.

12.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 6,594,055 (the "'055 Patent"), but admits that the '055 Patent is entitled "Secure Fiber Optic Telecommunications System and Method" and that the '055 Patent states that it was issued on July 15, 2003.  Cisco admits that what purports to be a true and correct copy of the '055 Patent is attached to the Complaint as Exhibit C. Cisco denies that the '055 Patent was duly and lawfully issued.

13.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 7,099,592 (the "'592 Patent"), but admits that the '592 Patent is entitled "Telecommunications Card for Secure Optical Data Transmission and Installation Method" and that the '592 Patent states that it was issued on August

29, 2006. Cisco admits that what purports to be a true and correct copy of the '592 Patent is attached to the Complaint as Exhibit D. Cisco denies that the '592 Patent was duly and lawfully issued.

14.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 7,620,327 (the "'327 Patent"), but admits that the '327 Patent is entitled "Fiber Optic Telecommunications Card with Energy Level Monitoring" and that the '327 Patent states that it was issued on November 17, 2009.  Cisco admits that what purports to be a true and correct copy of the '327 Patent is attached to the Complaint as Exhibit E.  Cisco denies that the '327 Patent was duly and lawfully issued.

15.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 8,374,511 (the "'511 Patent"), but admits that the '511 Patent is entitled "Fiber Optic Telecommunications Card with Security Detection" and that the '511 Patent states that it was issued on February 12, 2003. Cisco admits that what purports to be a true and correct copy of the '511 Patent is attached to the Complaint as Exhibit F. Cisco denies that the '511 Patent was duly and lawfully issued.

16.     Cisco is without knowledge or information sufficient to admit or deny whether Plaintiff is the owner by assignment of United States Patent No. 8,913,898 (the "'898 Patent"), but admits that the '898 Patent is entitled "Fiber Optic Telecommunications Card with Security Detection" and that the '898 Patent states that it was issued on December 16, 2014. Cisco admits that what purports to be a true and correct copy of the '898 Patent is attached to the Complaint as Exhibit G.  Cisco denies that the '898 Patent was duly and lawfully issued.

<u>**COUNT I**</u>

**(Alleged Infringement of the '816 Patent against Cisco)**

17.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-16 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1–16, as set forth above.

18.     Cisco denies the allegations of paragraph 18 of the Complaint.

19.     Cisco is without knowledge or information sufficient to know what Plaintiff means when it refers to the 40G Accused Instrumentalities as a "fiber optic data transmission system" and, therefore, Cisco denies the allegation. Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC-768c/STM-256c Tunable WDMPOS Interface Module refer to Packet over SONET/SDH (POS) protocol, but otherwise denies the allegations in paragraph 19 of the Complaint.

20.     Cisco is without knowledge or information sufficient to know what Plaintiff means when it refers to the 40G Accused Instrumentalities as having "a laser emitting a continuous wave light" and, therefore, Cisco denies the allegation. Cisco admits that certain documents relating to CRS-1 1-Port OC-768c/STM-256c Tunable WDMPOS Interface Module refer to a "full C-band tunable laser". Cisco denies that the CRS-1 1-Port OC-768c/STM-256c Tunable WDMPOS Interface Module utilizes DSPK technology and, therefore, denies the remaining allegations of paragraph 20.

21.     Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to the Packet over SONET/SDH (POS) protocol. Paragraph 21 of the Complaint otherwise contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 21 of the Complaint.

22.     Cisco denies the allegations in paragraph 22 of the Complaint.

23.     Cisco denies the allegations in paragraph 23 of the Complaint.

24.     Cisco admits that it has knowledge of the '816 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 24 of the Complaint.

25.     Cisco admits that it has knowledge of the '816 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 25 of the Complaint.

26.     No response is required to Plaintiff's reservation of rights contained in paragraph 26 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '816 Patent, willfully or otherwise, or that Plaintiff can make the reservation of rights it purports to make.

27.     Cisco denies the allegations in paragraph 27 of the Complaint.

28.     Cisco denies the allegations in paragraph 28 of the Complaint.

## **COUNT II**

### **(Alleged Infringement of the '952 Patent against Cisco)**

29.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-28 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-28, as set forth above.

30.     Cisco denies the allegations in paragraph 30 of the Complaint.

31.     Cisco is without knowledge or information sufficient to know what Plaintiff means when it refers to the 40G Accused Instrumentalities as a "fiber optic data transmission system" and, therefore, Cisco denies the allegation.  Cisco admits that certain documents relating to Cisco CRS-1 1-Port  OC-768c/STM-256c  Tunable  WDMPOS  Interface  Module  refer  to  the  Packet  over SONET/SDH (POS) protocol, but otherwise denies the allegations in paragraph 31 of the Complaint.

32.     Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to a "full C-band tunable laser". Cisco denies the

6

allegations in paragraph that refer to the so-called "40G Accused Instrumentalities." Additionally, paragraph 32 of the Complaint otherwise contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 33 of the Complaint.

34.     Cisco denies the allegations in paragraph 34 of the Complaint.

35.     Cisco denies the allegations in paragraph 35 of the Complaint.

36.     Cisco admits that it has knowledge of the '952 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 36 of the Complaint.

37.     Cisco denies the allegations in paragraph 37 of the Complaint.

38.     Cisco denies the allegations in paragraph 38 of the Complaint.

## <u>COUNT III</u>

### (Alleged Infringement of the '055 Patent against Cisco)

39.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-38 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-38, as set forth above.

40.     Cisco denies the allegations in paragraph 40 of the Complaint.

41.     Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to the Packet over SONET/SDH (POS) protocol, but otherwise denies the allegations in paragraph 41 of the Complaint.

42.    Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to a "full C-band tunable laser" but otherwise denies the allegations in paragraph 42 of the Complaint.

43.    Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 47 of the Complaint.

48.    Cisco denies the allegations in paragraph 48 of the Complaint.

49.    Cisco denies the allegations in paragraph 49 of the Complaint.

50.    Cisco admits that it has knowledge of the '055 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 50 of the Complaint.

51.     No response is required to Plaintiff's reservation of rights contained in paragraph 51 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '055 Patent, willfully or otherwise, or that Plaintiff can make the reservation of rights it purports to make.

52.     Cisco denies the allegations in paragraph 52 of the Complaint.

53.     Cisco denies the allegations in paragraph 53 of the Complaint.

## COUNT IV

**(Alleged Infringement of the '592 Patent against Cisco)**

54.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-53 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-53, as set forth above.

55.     Cisco denies the allegations in paragraph 55 of the Complaint.

56.     Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to the Packet over SONET/SDH (POS) protocol, but otherwise denies the allegations in paragraph 56 of the Complaint.

57.     Cisco admits that certain documents relating to Cisco CRS-1 1-Port OC- 768c/STM-256c Tunable WDMPOS Interface Module refer to a "full C-band tunable laser"), but otherwise denies the allegations in paragraph 57 of the Complaint.

58.      Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 58 of the Complaint.

59.      Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 59 of the Complaint.

60.      Cisco admits that a paper linked on the www.cisco.com website refers to "advanced modulation formats tend to require more complex receivers, such that DPSK demodulation typically requires phase-sensitive delay-line interferometers." Paragraph 60 of the Complaint otherwise contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 60 of the Complaint.

61.      Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 61 of the Complaint.

62.      Cisco denies the allegations in paragraph 62 of the Complaint.

63.      Cisco denies the allegations in paragraph 63 of the Complaint.

64.      Cisco admits that it has knowledge of the '592 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 64 of the Complaint.

65.      No response is required to Plaintiff's reservation of rights contained in paragraph 65 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '592 Patent, willfully or otherwise, or that Plaintiff can make the reservation of rights it purports to make.

66.      Cisco denies the allegations in paragraph 66 of the Complaint.

67.      Cisco denies the allegations in paragraph 67 of the Complaint.

## <u>COUNT V</u>

**(Alleged Infringement of the '327 Patent against all Defendants)**

68.      No response is required to Plaintiff's reference and incorporation of paragraphs 1-67 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-67, as set forth above.

69.      Cisco denies the allegations in paragraph 69 of the Complaint.

70.     The first sentence of paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 70 of the Complaint. Cisco denies the allegations in the second sentence of paragraph 70 of the Complaint. In response to the remaining allegations of paragraph 70, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.     The first sentence of paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 71 of the Complaint. Cisco denies the allegations in the second sentence of paragraph 71 of the Complaint. In response to the remaining allegations of paragraph 71, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and therefore denies them.

73.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and therefore denies them.

74.     The first sentence of paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 74 of the Complaint. Cisco denies the allegations in the second sentence of paragraph 74 of the Complaint. In response to the remaining allegations of paragraph 74, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 75 of the Complaint.

76.     The first sentence of Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in paragraph 76 of the Complaint.  Cisco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Complaint and therefore denies them.

77.     Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint and therefore denies them.

78.     The first sentence of Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 78 of the Complaint. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 of the Complaint and therefore denies them.

79.     Cisco denies the allegations in paragraph 79 of the Complaint.

80.     Cisco denies the allegations in paragraph 80 of the Complaint.

81.     Cisco admits that it has knowledge of the '327 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 81 of the Complaint.

82.     No response is required to Plaintiff's reservation of rights contained in paragraph 82 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '327 Patent, willfully or otherwise, or that Plaintiff can make the reservation it purports to make.

83.     Cisco denies the allegations in paragraph 83 of the Complaint.

84.     Cisco denies the allegations in paragraph 84 of the Complaint.

## <u>COUNT VI</u>

**(Alleged Infringement of the '511 Patent against all Defendants)**

85.     No response is required to Plaintiff's reference and incorporation of paragraphs 1-84 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-84, as set forth above.

86.     Cisco denies the allegations in paragraph 86 of the Complaint.

87.     The first sentence of paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 87 of the Complaint. Cisco otherwise denies the allegations in paragraph 87 of the Complaint.

88.     The first sentence of paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 88 of the Complaint. Cisco otherwise denies the allegations in paragraph 88 of the Complaint.

89.     The first sentence of paragraph 89 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 89 of the Complaint. Cisco otherwise denies the allegations in paragraph 89 of the Complaint.

90.     The first sentence of Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 90 of the Complaint. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90 of the Complaint and therefore denies them.

91.     The first sentence of Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 91 of the Complaint. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 91 of the Complaint and therefore denies them.

92.     The first sentence of paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 92 of the Complaint. Cisco otherwise denies the allegations in paragraph 92 of the Complaint.

93.     The first sentence of paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 93 of the Complaint. Cisco otherwise denies the allegations in paragraph 93 of the Complaint.

94.     Cisco denies the allegations in paragraph 94 of the Complaint.

95.     Cisco denies the allegations in paragraph 95 of the Complaint.

96.     Cisco admits that it has knowledge of the '511 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 96 of the Complaint.

97.     No response is required to Plaintiff's reservation of rights contained in paragraph 97 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '511 Patent, willfully or otherwise, or that Plaintiff can make the reservation it purports to make.

98.     Cisco denies the allegations in paragraph 98 of the Complaint.

99.     Cisco denies the allegations in paragraph 99 of the Complaint.

14

## <u>COUNT VII</u>

**(Alleged Infringement of the '898 Patent against all Defendants)**

100.      No response is required to Plaintiff's reference and incorporation of paragraphs 1-99 of the Complaint. To the extent a response is deemed required, Cisco repeats and incorporates by reference, as if fully set forth herein, its answers to the preceding paragraphs 1-99, as set forth above.

101.      Cisco denies the allegations in paragraph 101 of the Complaint.

102.      The first sentence of paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 102 of the Complaint. In response to the remaining allegations of paragraph 102, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.      The first sentence of paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 103 of the Complaint. In response to the remaining allegations of paragraph 103, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

104.      The first sentence of paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 104 of the Complaint. In response to the remaining allegations of paragraph 104, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

105.      The first sentence of paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in

the first sentence of paragraph 105 of the Complaint. In response to the remaining allegations of paragraph 105, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

106.     The first sentence of paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 106 of the Complaint. In response to the remaining allegations of paragraph 106, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

107.     The first sentence of paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Cisco denies the allegations in the first sentence of paragraph 107 of the Complaint. In response to the remaining allegations of paragraph 107, Cisco lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them

108.     Cisco denies the allegations in paragraph 108 of the Complaint.

109.     Cisco denies the allegations in paragraph 109 of the Complaint.

110.     Cisco admits that it has knowledge of the '898 Patent as of the receipt of Plaintiff's Complaint.  Cisco otherwise denies the allegations in paragraph 110 of the Complaint.

111.     No response is required to Plaintiff's reservation of rights contained in paragraph 111 of the Complaint. To the extent a response is required, Cisco denies that it has infringed the '898 Patent, willfully or otherwise, or that Plaintiff can make the reservation of rights it purports to make.

112.     Cisco denies the allegations in paragraph 112 of the Complaint.

113.     Cisco denies the allegations in paragraph 113 of the Complaint.

## PRAYER FOR RELIEF

Cisco denies all other allegations of the Complaint not otherwise specifically admitted herein. Cisco similarly denies that Plaintiff is entitled to any relief against Cisco.

## JURY TRIAL

Cisco admits that Plaintiff requests a trial by jury. Cisco requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Cisco raises the following affirmative defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

At least the asserted claims of the '816, '952, '055, '592, '327, '511, and '898 Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (patent-eligibility), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

### Second Affirmative Defense

Cisco does not infringe and has not infringed, directly, contributorily, or by inducement, any valid or enforceable claim of the '816, '952, '055, '592, '327, '511, and '898 Patents either literally or under the doctrine of equivalents.

### Third Affirmative Defense

The relief Plaintiff seeks is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments, statements, representations, and/or admissions made during prosecution of the patent applications that resulted in the '816, '952, '055, '592, '327, '511, and '898 Patents and/or other applications in the same families of applications.

### Fourth Affirmative Defense

Plaintiff's claims for relief are barred, at least in part, by the equitable doctrine of laches, waiver, and/or estoppel. The '816, '592, and '055 Patents were previously asserted in an action captioned as *Oyster Optics, Inc. v. Fujitsu Network Communications, Inc.*, Civil Action No. 1:08-cv-8206 (S.D.N.Y. Compl. filed Sept. 24, 2008). In paragraphs 56–59 of the Complaint, Plaintiff alleged that "Cisco and FL jointly developed and released a high speed module operating at the same speed as the IOC768-POS-SR called the IOC768-DPSK/C." Oyster Optics, Inc. filed its complaint against Fujitsu Network Communications in 2008. Despite the knowledge regarding Cisco reflected in that complaint, Plaintiff and its predecessors delayed over eight years before filing the instant action against Cisco.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by actual or implied license, exhaustion, release, or estoppel, at least because of the Oyster-Fujitsu settlement and license agreement executed on or about May 22, 2018.

### Sixth Affirmative Defense

The relief Plaintiff seeks is barred, in whole or in part, for failure to plead and/or establish satisfaction of the notice requirements under 35 U.S.C. § 287 and the laws related thereto.

### Seventh Affirmative Defense

The relief Plaintiff seeks is barred, in whole or in part, by the applicable Statute of Limitations.

### Reservation of Rights

Cisco is presently investigating the facts relating to the procurement of the Patents-in-Suit and the assertions of infringement against Cisco, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Cisco reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Cisco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

Dated:  June 6, 2018                                    Respectfully submitted,

                                                        */s/ Eric H. Findlay*
                                                        Eric H. Findlay
                                                        Roger Brian Craft
                                                        Findlay Craft PC
                                                        102 N College Avenue
                                                        Suite 900
                                                        Tyler, TX 75702
                                                        903/534-1100
                                                        Fax: 903/534-1137
                                                        Email: efindlay@findlaycraft.com
                                                        Email: bcraft@findlaycraft.com

                                                        Louis Norwood Jameson
                                                        Matthew Christopher Gaudet
                                                        John R Gibson

Alice Snedeker
Duane Morris LLP
1075 Peachtree Street, NE
Suite 2000
Atlanta, GA 30309-3929
404/253-6915
Fax: 404/253-6901
Email: wjameson@duanemorris.com
Email: mcgaudet@duanemorris.com
Email: jrgibson@duanemorris.com
Email: aesnedeker@duanemorris.com

Joseph Andrew Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
215-979-1842
Fax: 215-689-3797
Email: japowers@duanemorris.com

John Matthew Baird
Duane Morris LLP
505 9th Street, NW
Suite 1000
Washington, DC 20004-2166
202/776-7819
Fax: 202/776-7801
Email: jmbaird@duanemorris.com

Michael J Sacksteder
Fenwick & West
555 California Street
12th Floor
San Francisco, CA 94104
415/875-2300
Fax: 415/281-1350
Email: msacksteder@fenwick.com

Darren E Donnelly
Armen Nercess Nercessian
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650.988.8500
Fax: 650.938.5200

Email: ddonnelly@fenwick.com
Email: anercessian@fenwick.com

**Attorneys for Defendant**
**CISCO SYSTEMS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay