**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC,<br>    *Plaintiff*,<br>v.<br>CORIANT AMERICA INC. ET AL.,<br>    *Defendants.* | Case No. 2:16-cv-01302-JRG<br>(Lead Case) |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL.,<br>    *Defendants.* | Case No. 2:16-cv-01303-JRG<br>(Consolidated Case) |

**HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA INC.'S
OPPOSED MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL REPORT
REGARDING NON-INFRINGEMENT UNDER THE COURT'S CLARIFIED
CONSTRUCTION OF "PHASE MODULATE"**

Defendants Huawei Technologies Co., Ltd. and Huawei Technologies USA Inc. (collectively, "Huawei") respectfully move for leave to supplement Dr. Willner's expert report on non-infringement based on the Court's clarified construction of "phase modulate" (and similar terms).

As of the date of this filing, Huawei has already served the supplemental expert report at issue in this motion, and Plaintiff Oyster Optics, LLC ("Oyster") deposed Dr. Willner on it.

Huawei files this motion because, during the meet-and-confer process on motions to strike, Oyster maintained that it would seek to preclude that report, and so Huawei files this motion to confirm its procedural right to supplement the report.

## I.   PROCEDURAL BACKGROUND

On December 5, 2017, the Court issued a Claim Construction Memorandum and Order. (*See* Dkt. No. 190.) Therein, the Court had construed "phase modulate" (and similar terms) as "alter the phase of light while keeping the amplitude of the light constant to create an optical signal having a phase that is representative of data." In his report dated January 31, 2018, Dr. Willner provided an analysis of whether the accused products infringe asserted claims of the '952 and '327 patents under this construction.

On June 21, 2018, the Court clarified its construction of "phase modulate" (and similar terms) to be "alter the phase of light to create an optical signal having a phase that is representative of data. Use of phase modulation excludes use of amplitude modulation." (*See* Dkt. No. 615.)

On July 10, 2018, Dr. Willner provided a supplemental report on this one issue (attached hereto as Exhibit 1), discussing the functionality of the accused products in light of the clarified construction. Oyster deposed Dr. Willner regarding his supplemental report (and other issues) on July 13, 2018.

During a subsequent telephonic meet and confer on July 20, 2018, Oyster maintained that it would move to preclude Dr. Willner's supplemental report.

## II. ARGUMENT

Good cause exists for the Court to permit Dr. Willner to submit a supplemental non-infringement report. *See* FED. R. CIV. P. 16(b)(4). Courts weigh four factors in determining whether good cause exists to modify a pretrial schedule with respect to expert witness testimony: "(1) the explanation for the failure [to submit the offered opinion before the expert discovery deadline]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Here, each factor weighs in favor of allowing Dr. Willner to supplement its expert report to address the clarified construction.

### A. Dr. Willner's Supplemental Report is Timely

Dr. Willner could not have addressed the question of infringement under the clarified construction prior to January 31, 2018, the due date for his original opinion, because the clarified construction was not issued until June 21, 2018. After the clarified construction was issued, Huawei timely proposed expert supplementation (for both Oyster's technical expert and for Huawei's technical expert) and provided Oyster with a copy of Dr. Willner's supplemental report in advance of his deposition on July 13, 2018.[1]

Supplementation of expert reports under Federal Rule of Civil Procedure 26 is appropriate in this situation. *See Air Turbine Tech., Inc. v. Atlas Copco Ab*, 410 F.3d 701, 713 (Fed. Cir. 2005) (admonishing a litigant, based on Fed. R. Civ. P. 26(e), for *not* attempting to supplement its expert's report in response to an amended claim construction). Additionally, the Discovery Order

---

[1] Oyster deposed Dr. Willner for a full 7-hour day on July 13, 2018, during which its counsel spent over 3 hours questioning Dr. Willner on his opinions relating to the Court's clarified construction.

in this case requires parties to supplement their disclosures. (*See* Dkt. No. 76 ("After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.").)

### B. Dr. Willner Should Be Permitted to Clarify His Opinions Under the Clarified Construction

It is important and appropriate that Dr. Willner be permitted to provide his updated opinions in view of the clarified construction because they are highly relevant to the question of whether the accused Huawei products infringe the asserted claims. *See Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, Civ. Action No. 6:11-cv-492-RWS-KNM, 2017 WL 4864826, at *3 (E.D. Tex. Oct. 27, 2017) ("Expert testimony regarding whether an accused device falls within the scope of a court's claim construction is appropriate and raises a factual issue for a jury to resolve."). In his original report dated January 31, 2018, Dr. Willner explained why the accused Huawei products did not infringe the asserted claims under the original claim construction. Dr. Willner's supplement now addresses the construction that will be presented to the jury and explains why the accused Huawei products do not exclude the use of amplitude modulation, which is a technical issue that was not addressed in his previous report.

By attempting to prevent this supplementation, Oyster seeks to preclude evidence of non-infringement as to the "phase modulate" limitations of the asserted claims. But whether the accused Huawei products use amplitude modulation is a question of fact for the jury. *See id.* at *4-*5 (declining to strike expert opinions regarding non-infringement under the Court's clarified construction because questions of fact remained as to whether or not the clarified construction was met). The Court should not preclude this evidence from trial.

3

### C. Oyster Is Not Prejudiced By Dr. Willner's Supplemental Report Regarding the Clarified Construction

Oyster will not be prejudiced by allowing Dr. Willner to supplement his non-infringement report to address the clarified construction. Oyster has already received a copy of the supplemental report, and Oyster has deposed Dr. Willner on the opinions contained therein.

### D. No Continuance Is Necessary

All discovery necessitated by the exchange of these supplements has already occurred, and no continuance of any deadline is necessary.

## III. CONCLUSION

For the foregoing reasons, Huawei respectfully requests leave to serve the supplemental report of Dr. Willner attached hereto as Exhibit 1.

Date: July 23, 2018

Respectfully submitted,

*/s/ J. Mark Mann*
David M. Airan (admitted *pro hac vice*)
IL State Bar No. 6215687
John K. Winn (admitted *pro hac vice*)
IL State Bar No. 6291073
Leonard Z. Hua (admitted *pro hac vice*)
IL State Bar No. 6303557
**LEYDIG, VOIT & MAYER, LTD.**
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601-6731
Phone: (312)616-5600
Fax: (312)616-5700
Email: dairan@leydig.com
Email: jwinn@leydig.com
Email: lhua@leydig.com

Andrew W. Stinson
State Bar No. 24028013
**RAMEY & FLOCK, P.C.**
100 East Ferguson, Suite 500
Tyler, Texas 75702

4

Phone: (903) 597-3301
Fax: (903) 597-2413
Email: andys@rameyflock.com

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN | TINDEL | THOMPSON**
300 West Main
Henderson, Texas 75652
903/657-8540 Telephone
903/657-6003 Facsimile

**ATTORNEYS FOR DEFENDANTS
HUAWEI TECHNOLOGIES CO., LTD., AND HUAWEI
TECHNOLOGIES USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 23, 2018, with a copy of this document via electronic mail.

*/s/ J. Mark Mann*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Huawei and counsel for Oyster met and conferred concerning the substance of this motion and the relief requested, via email and via teleconferences on July 6, 2018, and July 20, 2018.  Oyster opposes this motion and the relief requested herein.  The discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

*/s/ David M. Airan*