# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| OYSTER OPTICS, LLC,  *Plaintiff,*  v. | | |
| CORIANT NORTH AMERICA, LLC ET AL., | | 2:16-cv-01302-JRG-RSP LEAD CASE |
| ALCATEL-LUCENT USA, INC., | | 2:16-cv-01297-JRG-RSP |
| CISCO SYSTEMS, INC. ET AL. | | 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | | 2:16-cv-01303-JRG-RSP |

*Defendants.*

## PLAINTIFF OYSTER OPTICS, LLC'S MOTION TO EXCLUDE THE TESTIMONY OF DAVID O. TAYLOR

## REDACTED

On June 25, 2018, Alcatel-Lucent USA., Inc. ("ALU") served the Expert Report of David O. Taylor, providing an analysis of ALU's defenses related to release, license, and exhaustion. Declaration of Theresa M. Troupson ("Troupson Decl."), Exhibit A ("Taylor Rpt."). The report and deposition of David O. Taylor show that ALU intends him to present legal opinions to the jury on questions reserved for the Court. Expert witnesses are not permitted to offer legal conclusions. The Court should therefore exclude Mr. Taylor as an expert witness.

**I.   Legal Standard**

"The Fifth Circuit has consistently held that an expert may not render conclusions of law." *Tavernini v. Bank of Am., N.A.*, No. 4:12CV420, 2013 WL 12045198, at *1 (E.D. Tex. June 18, 2013); *see Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may never render conclusions of law."); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) ("Neither [Federal Rule of Evidence 702 or 704] permits expert witnesses to offer conclusions of law.").

If a contract is not ambiguous and does not involve a specialized term of art, science, or trade, its interpretation is a question of law for the court and expert testimony is not admissible. *Conn Credit I, LP v. TF LoanCo III, LLC*, No. 1:14-CV-429, 2016 WL 8253003, at *3 (E.D. Tex. May 26, 2016) ("[E]xpert testimony is admissible only if the contract language is ambiguous or involves a specialized term of art, science or trade.").

**II.   Mr. Taylor's Entire Report Consists of Impermissible Legal Opinions.**

Mr. Taylor's report consists entirely of legal opinions on questions reserved to the Court. First, Mr. Taylor identified himself as "an expert in patent law and contract law." Troupson Decl., Ex. B, Rough Transcript of Deposition of David O. Taylor, July 17, 2018, at 29; *id.* at 20 (Mr. Taylor describes the area of his expertise as "patent law, contract law, and intellectual property law more generally."). He holds no advanced degrees other than his law degree. *Id.* at 12. His cited publications all address legal topics. Taylor Rpt., ¶ 18. His report opens with an extended discussion of legal principles and case law. *Id.* ¶¶ 27-37. Nothing in his report or deposition suggests that he is qualified to give opinions on topics other than the law.

Mr. Taylor's substantive opinions deal entirely with the proper interpretation and legal effect of the Oyster-Fujitsu Agreement. He opines that ALU received a release "through operation of the [Oyster-Fujitsu] Agreement." Taylor Rpt., ¶ 64. He provides his opinion on the interpretation of the agreement's release provisions. *Id.* ¶¶ 67-76, 78-80. He provides an opinion on how the agreement's license provision combines with the legal doctrine of exhaustion to preclude Oyster from collecting damages from ALU. *Id.* ¶¶ 81-86. Every opinion he offers deals with the interpretation of the Oyster-Fujitsu agreement or its legal effect—in other words, all his opinions are purely legal opinions, and are therefore wholly inappropriate as expert opinions. *Goodman*, 571 F.3d at 399.

Further, ALU has expressly stated that the agreement is unambiguous. Troupson Decl., Ex. C, ALU's Responses and Objections to First Set of Individual Interrogatories, at 7 ("[T]he release/express license provisions of the Oyster/Fujitsu Agreement are unambiguous."), 8 ("[T]he license (or implied license) provisions of the Oyster/Fujitsu Agreement are unambiguous."). And Mr. Taylor agreed that the agreement does not contain technical language other than words that are "technical in the legal sense, for example, the word 'release' or the phrase '*inter partes* review.'" Taylor Tr., at 87-88. The Court obviously does not require the assistance of an "expert" to understand those terms. *Hillwood Enterprises, L.P. v. Intel Corp.*, No. 4:08CV112, 2009 WL 3008082, at *4 (E.D. Tex. Sept. 21, 2009) ("Absent the need to clarify or define terms of art, science, or trade, expert opinion testimony to interpret contract language is inadmissible.").

Allowing Mr. Taylor's opinions and testimony in this case would violate the fundamental rule that "our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury." *Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-127, 2016 WL 4094980, at *3 (E.D. Tex. Aug. 2, 2016) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997)). Mr. Taylor's opinions can be of no assistance to the Court, and would be wholly inappropriate to present to the jury. Therefore, the Court should exclude Mr. Taylor's opinions and testimony in their entirety.

| | |
|---|---|
| Dated: July 20, 2018 | Respectfully submitted,<br><br>**OYSTER OPTICS, LLC**<br><br>By: /s/ *Reza Mirzaie*<br>Marc A. Fenster (CA SBN 181067)<br>E-mail: mfenster@raklaw.com<br>Reza Mirzaie (CA SBN 246953)<br>E-mail: rmirzaie@raklaw.com<br>Amir A. Naini (CA SBN 226627)<br>Email: anaini@raklaw.com<br>Neil A. Rubin (CA SBN 250761)<br>Email: nrubin@raklaw.com<br>Arka Chatterjee (CA SBN 268546)<br>E-mail: achatterjee@raklaw.com<br>Theresa M. Troupson (CA SBN 301215)<br>E-mail: ttroupson@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Telephone:    310/826-7474<br>Facsimile:    310/826-6991<br><br>T. John Ward, Jr. (TX SBN 00794818)<br>E-mail: jw@wsfirm.com<br>Claire Abernathy Henry (TX SBN 24053063)<br>E-mail: claire@wsfirm.com<br>Andrea L. Fair (TX SBN 24078488)<br>E-mail: andrea@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>P.O. Box 13231<br>Longview, Texas 75601<br>Tele: 903/757-6400<br>Facsimile 903/757-2323<br>**Attorneys for Plaintiff**<br>**OYSTER OPTICS, LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 20, 2018, with an unredacted copy of this document via electronic mail.

/s/ *Reza Mirzaie*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that pursuant to Local Rule CV-5(a)(7)(B) that on May 18, 2017, the Court entered a Protective Order (Dkt. No. 95) authorizing the filing of documents designated pursuant to the Protective Order under seal.

/s/ *Reza Mirzaie*