**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| OYSTER OPTICS, LLC, *Plaintiff,* v. | |
|---|---|
| CORIANT NORTH AMERICA, LLC ET AL., | 2:16-cv-01302-JRG-RSP LEAD CASE |
| INFINERA CORPORATION, | 2:16-cv-01295-JRG-RSP |
| ALCATEL-LUCENT USA, INC., | 2:16-cv-01297-JRG-RSP |
| FUJITSU NETWORK COMMUNICATIONS, INC., | 2:16-cv-01299-JRG-RSP |
| CISCO SYSTEMS, INC. ET AL. | 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | 2:16-cv-01303-JRG-RSP |

*Defendants.*

**PLAINTIFF OYSTER OPTICS, LLC'S MOTION TO EXCLUDE**

**THE TESTIMONY OF DR. GEORGE PAPEN**

**FILED UNDER SEAL**

**I.  INTRODUCTION**

Dr. Papen employs an unreliable and inadmissible outcome-oriented methodology to resolve a basic paradox in ALU's litigation position on its newly-raised defenses of exhaustion and license/release:  The modulator and receiver embody different claim elements, so how can he can opine that they each separately include all inventive aspects at the same time?  Dr. Papen answers the question with an artful dodge that contradicts Federal Circuit precedent.  Instead of assuming that the patented claims are valid, Dr. Papen starts with the conclusion he arrived at as Defendant's invalidity expert that each and every claim element exists in the prior art.  This allows Dr. Papen to opine on the substantial element of any component element based on what he pithily called a "conditional analysis."  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Dr. Papen gets to this tautological result by applying the wrong legal standard and method to his analysis.

The Federal Circuit has instructed that rather than basing substantial embodiment on what an expert determines in the prior art, the analysis should be founded on the inventive aspects recognized in the specification and prosecution history.  Dr. Papen used his fundamentally flawed and legally incorrect methodology instead.  As a result, while he arrived at opinions that can support ALU's contentions, they are the kind of inapposite, unreliable, and unhelpful expert testimony that warrants exclusion under Fed R. Evid. 702 and *Daubert*.

**II.  ARGUMENT**

   **A.  Dr. Papen's Expert Report on the New Defenses**

Dr. Papen submitted his "Supplemental Expert Report" regarding the new defenses on behalf of ALU (the "Papen Report") on June 25, 2018.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

### B. Dr. Papen's Opinions Should Be Excluded Because They Are Based on His Legally Incorrect Premise of Invalidity

Dr. Papen starts with his conclusion from his invalidity report: that the claims at issue are invalid as they are anticipated and/or rendered obvious over the prior art. *See* Papen Rep. ¶ 15. Half of the Papen Report is devoted going through *every* element of claims 36 and 38 of '327 patent is found in the prior art. ¶¶ 51-101.

In sum, the basis of Dr. Papen's opinions on substantial embodiment is his determination that all the claim elements are all non-inventive. Conversely, the question on substantial embodiment is whether a component that practices only one or some claim elements thereby embodies all the *inventive* aspects of the claimed invention. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 633 (2008). The Federal Circuit has explained that the "inventive aspects" of patent claims are "what distinguishes them from the prior art." *LifeScan Scotland, Ltd. v. Shasta Techs., LLC,* 734 F.3d 1361, 1369 (Fed. Cir. 2013). The Federal Circuit made it clear that for the purposes of evaluating whether a component item embodies all inventive aspects, there must be the foundational assumption "that all claims at issue are valid." *Helferich Patent Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1309 (Fed. Cir. 2015).

Dr. Papen's premise of invalidity is simply unfit to the underlying basis of these affirmative defenses: that a patentee has rights which may be exhausted, licensed, or released. For example, the Federal Circuit has held that "the right to vend is exhausted by a single, unconditional sale, the article sold being thereby carried outside the monopoly of the patent law and rendered free of every restriction which the vendor may attempt to put upon it." *Quanta*, 553 U.S. at 626 (quoting *Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502, 516 (1917)). But a patentee has no rights under an invalid claim.

nothing to enforce. Accordingly, for expert testimony relating to the issue of substantially embodiment to be reliable and relevant to any of ALU's new defenses, validity must be assumed. Because Dr. Papen presumed *invalidity* instead, he relied on a legal standard that contravened the correct standard under Federal Circuit law. His testimony therefore is unreliable, not relevant, and should be excluded under Fed. R. Evid. 703 and *Daubert*. *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-CV-00068-JRG-RSP, 2013 WL 5962812, at *2 (E.D. Tex. Nov. 7, 2013); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999).

### C. Dr. Papen's "Conditional Analysis" Methodology Results in Unreliable Opinions and His Opinions Should be Excluded on that Basis as Well

Even if Dr. Papen's fundamental legal error in his premise were excused, he compounds that error with an analysis that is so flawed and unreliable that it warrants exclusion under *Daubert* on that basis as well. As stated in his report, Dr. Papen's approach is to start with any given component, and then he answers the question of "whether any additional limitations needed to complete the invention beyond the component are themselves inventive or noninventive (*e.g.* whether they are integral to the inventive or novel aspect(s) of the particular patent claim)." Papen Rep. ¶ 18 (describing the legal standards that he applies in his report).



Dr. Papen's approach he propagates his opinion that there are *no* inventive or novel aspects of the particular claim throughout his analysis. Indeed, Dr. Papen reiterated his opinions from his previous invalidity report in his supplemental report. *See, e.g.*, Papen Rep. ¶ 15, 24-41, 51-

3

101. As a result, when ALU asks Dr. Papen whether any component that maps onto *any* claim element substantially embodies the whole claim, he simply relies on his preexisting invalidity opinion to immediately conclude that it does, because all the other elements are non-inventive. By this tortured logic, Dr. Papen simultaneously reaches two mutually exclusive conclusions: ███ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Dr. Papen confirmed in his own words that his outcome-based reasoning will always lead to the same conclusion of substantial embodiment, no matter what component ALU asks him to evaluate on their behalf:



What Dr. Papen should have properly done instead would have been to follow Federal Circuit precedent and identify the inventive aspects of the claims at issue based on the specification and prosecution history of the patented claims. *Lifescan*, 734 F.3d. at 1371; *see also Helferich*, 778 F.3d at 1310-11. Dr. Papen did not do that. Instead, he relied on an *ipso facto* test that provided whatever outcome was needed to support ALU's contradictory positions. While Dr. Papen's underlying opinions on the invalidity of claim elements may be questions of credibility, his application of that assumption in his substantial embodiment opinions warrant their exclusion under the Court's "gatekeeping" role. *Kumho*, 526. U.S. at 137 (1999).

III. CONCLUSION

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Dated: July 20, 2018                     RUSS AUGUST & KABAT

By: /s/ *Reza Mirzaie*
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amir A. Naini (CA SBN 226627
anaini@raklaw.com
Neil A. Rubin, CA SBN 250761
nrubin@raklaw.com
Arka Chatterjee (CA SBN 268546)
achatterjee@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991


Claire Abernathy Henry (TX SBN 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 13231
Longview, Texas 75601
903/757-6400 – Telephone
903/757-2323 – Facsimile

*Attorneys for Plaintiff*
OYSTER OPTICS, LLC

## **CERTIFICATE OF CONFERENCE**

In compliance with L.R. CV-7(i), I certify that counsel for Oyster Optics, LLC has conferred with counsel for Defendant Alcatel-Lucent USA, Inc. ("ALU"). ALU opposes the relief requested in this motion.

Dated: July 20, 2018

                                                                       */s/ Reza Mirzaie*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that on May 18, 2017, this Court entered a Protective Order (Dkt. 95) which authorizes filing the foregoing document under seal.

Dated: July 20, 2018

                                                  /s/ *Reza Mirzaie*

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 20, 2018, with a copy of this document by electronic mail.

                                                          /s/ *Reza Mirzaie*