**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC, *Plaintiff,* v. | |
| CORIANT NORTH AMERICA, LLC ET AL., | 2:16-cv-01302-JRG-RSP LEAD CASE |
| INFINERA CORPORATION, | 2:16-cv-01295-JRG-RSP |
| ALCATEL-LUCENT USA, INC., | 2:16-cv-01297-JRG-RSP |
| FUJITSU NETWORK COMMUNICATIONS, INC., | 2:16-cv-01299-JRG-RSP |
| CISCO SYSTEMS, INC. ET AL. | 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | 2:16-cv-01303-JRG-RSP |

*Defendants.*

**PLAINTIFF OYSTER OPTICS, LLC'S MOTION TO EXCLUDE**

**THE TESTIMONY OF DR. THOMAS BROWN**

**FILED UNDER SEAL**

I.  INTRODUCTION

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████ Dr. Brown commits numerous errors to arrive at this inherently contradictory conclusion, resulting in opinions that are unreliable and should be excluded.

*First*, Dr. Brown's opinions on the issue of substantial embodiment are based on an incorrect legal standard that contradicts Federal Circuit precedent, by incorrectly assuming. that the claimed invention was made up of elements entirely in the prior art and failing to identify the inventive aspects based on the intrinsic record of the '327 patent. *Second*, Dr. Brown compounds this error by using it to drive an outcome-oriented analysis with resulting opinions that are unhelpful to the fact-finder and should be excluded. ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

*Fourth*, Dr. Brown's report does not disclose an element-by-element analysis of inventive aspects other than for claim 36, so his opinions as to the other claims should be excluded on this basis too.

II. ARGUMENT

Dr. Thomas Brown submitted his "Supplemental Expert Report" on behalf of Cisco regarding its newly-raised affirmative defenses (the "Brown Report") on June 26, 2018. ████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

A. **Dr. Brown's Opinions on Substantial Embodiment Are Based on the Legally Incorrect Premise that *All* Claim Elements are in the Prior Art**

It is well established that an item may substantially embody the patented claim only if it at least includes all inventive aspects of the patented invention. *Quanta Computer, Inc. v. LG Elecs.,*

*Inc.*, 553 U.S. 617, 633 (2008). ████████████████████

████████████████████████████████████████████

████████████████████████████████████  ████████████████

████████████████████████████████████████████

████████████████████████████████

The Federal Circuit, however, has made it clear that for the purposes of evaluating whether an item includes all inventive aspects, there must be the assumption "that all claims at issue are valid." *Helferich Patent Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1309 (Fed. Cir. 2015). Dr. Brown presumed invalidity instead, a fundamentally wrong legal standard that contravened Federal Circuit law. His opinions are therefore necessarily unreliable and not relevant, and thereby should be excluded under Fed. R. Evid. 703 and *Daubert* on that basis alone. *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-CV-00068-JRG-RSP, 2013 WL 5962812, at *2 (E.D. Tex. Nov. 7, 2013); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999) (affirming exclusion of testimony applying the wrong legal standard).

B.  **Dr. Brown's Substantial Embodiment Analysis Thereby Follows a Methodology that Contradicts Federal Circuit Precedent and Leads to Unreliable Opinions that Should Be Excluded**

Dr. Brown's premise of invalidity further leads to his unreliable and unhelpful opinions which warrant exclusion. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Such is Cisco's quandary, which it asked Dr. Brown to resolve: ████████████████████████

████████████████████████████████████████████

██████  ██████████████████████████████████████

████████████████████████████████████ Dr. Brown's

answer is to opine that *all* the elements of claim 36, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ are found in the prior art. Depo. Tr., 70:7-72:24.

As a result, and as he does for all the elements at issue, Dr. Brown sets up an analytical approach in which he may conclude that *any* individual claim element, call it "X," includes *all* inventive aspects of the whole claim, simply by reciting his opinion that any elements other than his given element "X" are found in the prior art.

Dr. Brown's opinions go so astray because he failed to apply the correct methodology as described by the Federal Circuit. To be sure, in virtually every patent case, the accused infringer will assert that all claim elements are found in the prior art. The analysis of whether those claim elements are the "patented advance" of the prior art, however, should properly be based on the patent's specification and prosecution history. *Helferich Patent Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1309 (Fed. Cir. 2015).

In *Helferich*, the Federal Circuit's substantial embodiment analysis turned on what elements of the accused claims were the inventive aspects. The Federal Circuit assumed that the patents were valid and then looked to the intrinsic record. In that case, the Patent Office had recognized that the content claims were patentably distinct from the licensed claims by issuing a divisional restriction, and thereby that they were distinctly inventive. 778 F.3d at 1310-11. Similarly, in *Lifescan*, the Federal Circuit found that because the file history showed that the Patent Office had rejected certain claims as being anticipated by the prior art, this showed that a component practicing those rejected claims did not include any inventive aspects. 734 F.3d at 1371. As the Federal Circuit explained in *Lifescan*, for the purposes of determining substantial embodiment, it does not matter whether something could have been inventive in view of the prior art, what matters is what the patent examiner attributed as "inventive features" to the patent claims that were allowed. *Id.*

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dr. Brown testified that his understanding of the prosecution history was that the amendment which led to the patent examiner allowing the claims to issue was the combination of the controller and the energy level detector in their entirety. Depo. Tr., 76:19-77:6, 129:17-136:23. But Dr. Brown ignored his own understanding on this point in formulating his opinion, even though the Federal Circuit in *Lifescan* and *Helferich* made it clear that the prosecution history should be considered to identify the inventive aspects of the claims at issue. Dr. Brown instead relied on his opinion that the aspects that the examiner recognized as inventive, the controller and energy level detectors, were actually in the prior art, based on a reference that Dr. Brown – not the Patent Office – considered. The Federal Circuit in *Lifescan*, however, rejected this approach. The *Lifescan* court held instead that it does not matter what the Patent Office could have done, or what an expert could say now – rather it matters what the patent examiner *actually* attributed as an inventive feature in the record. 734 F.3d at 1371.

In sum, the basic problem is that while Dr. Brown's underlying assumptions that the claim elements are found in the prior art are matters of credibility, his application of that assumption to his analysis of the new defenses renders them fundamentally unreliable. Accordingly, Dr. Brown's opinions on substantial embodiment are precisely the kind of unreliable expert testimony that should be excluded under the Court's "gatekeeping" role. *Kumho Tire Co, Ltd. v. Carmichael*, 526. U.S. 137, 137 (1999).

    **C.**    **Dr. Brown's Opinions on the "Patented Article" are Based on Reciting the Facial Content of Documents and Amount to Regurgitations of Attorney Positions that Should Also Be Excluded**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬ As an initial matter, Dr. Brown's "patented articles" conclusion is irrelevant to the actual legal standard that the underlying fact that a component includes all inventive aspects be established to prove exhaustion. *Quanta*, 553 U.S. at 633. Dr. Brown's opinions on this issue are also conclusory and should be excluded because they do not meet the prerequisite of Fed. R. Evid.

4

702 that, for expert testimony to be admissible, the expert must have employed his "scientific, technical, or other specialized knowledge" to help the trier of fact.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████ ████

██████████████ Dr. Brown does not demonstrate the use of any of his technical expertise in analyzing the documents, for example, by evaluating underlying charts or interpreting technical terms. Dr. Brown's *ipse dixit* opinions amount to no more than Cisco's own "testimony dressed up and sanctified as" his expert opinions, and they should be excluded. *Viterbo v. Dow Chem. Co.*, 826 F.3d 420, 424 (5th Cir. 1987); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

**D. Dr. Brown Fails to Disclose his Analysis of Inventive Aspects of Claims Other than Claim 36 of the '327 Patent and Therefore His Opinions as to Other Claims Should Be Excluded on This Basis as Well**

Dr. Brown asserts that the understanding underlying his opinions is that "a patent is exhausted on a patent basis if even a single claim is exhausted." Brown Rep. ¶ 17. This understanding, however, is limited to exhaustion and not to other defenses, and most importantly, it is the wrong legal standard. *See Hunt v. Armour & Co.*, 185 F.2d 722, 729 (7th Cir. 1950) (holding that for the purposes of exhaustion, "each claim of a patent constitutes a separate grant of monopoly"); *Helferich*, 778 F.3d at 1304 (citing *Hunt*). In his report, Dr. Brown only provides an element-by-element analysis of inventive aspects that relating to claim 36 of the '327 patent. ¶¶ 250-251 *et seq*. Dr. Brown's opinions on substantial embodiment as to any other claims are essentially absent, or at most *ipse dixit* conclusory opinions, which should be excluded. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); Fed R Civ Proc 26(a)(2)(B)(i) (An expert must provide "a complete statement of all opinions the witness will express and the basis and reasons for them.).

**III. CONCLUSION**

For the foregoing reasons, and because the aforementioned opinions are on issues that are necessary predicates of his ultimate opinions on the new defenses, Dr. Brown's supplemental report and testimony regarding Cisco's affirmative defenses should be excluded.

Dated: July 20, 2018                                  RUSS AUGUST & KABAT

By: /s/ *Reza Mirzaie*
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amir A. Naini (CA SBN 226627
anaini@raklaw.com
Neil A. Rubin, CA SBN 250761
nrubin@raklaw.com
Arka Chatterjee (CA SBN 268546)
achatterjee@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone:    310/826-7474
Facsimile:    310/826-6991


Claire Abernathy Henry (TX SBN 24053063)
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 13231
Longview, Texas 75601
903/757-6400 – Telephone
903/757-2323 – Facsimile

*Attorneys for Plaintiff*
OYSTER OPTICS, LLC

# CERTIFICATE OF CONFERENCE

In compliance with L.R. CV-7(i), I certify that counsel for Oyster Optics, LLC has conferred with counsel for Defendant Cisco Systems, Inc. Cisco opposes the relief requested in this motion.

Dated: July 20, 2018

                                                      /s/ *Reza Mirzaie*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

      I certify that on May 18, 2017, this Court entered a Protective Order (Dkt. 95) which authorizes filing the foregoing document under seal.


Dated: July 20, 2018

                                                      /s/ *Reza Mirzaie*

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 20, 2018, with a copy of this document by electronic mail.

                                                      /s/ *Reza Mirzaie*