**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>*Plaintiff,*<br><br>v. | |
| ALCATEL-LUCENT USA, INC., | 2:16-cv-01297-JRG-RSP |
| CISCO SYSTEMS, INC. ET AL., | 2:16-cv-01301-JRG-RSP |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL., | 2:16-cv-01303-JRG-RSP |
| *Defendants* | |

**PLAINTIFF OYSTER OPTICS, LLC'S ADDITIONAL MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

**Page(s)**

MIL NO. 13: TO BIFURCATE TRIAL OF THE "NEW DEFENSES" AND TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OPINION RELATED TO THE NEW DEFENSES FROM THE JURY TRIAL ................................................................................................ 1
    A.   As the Agreement Is Unambiguous, License and Release Must Be Tried to the Court ............................................................................................................................. 1
    B.   Implied License Is an Issue of Law for the Court to Decide .................................... 2
    C.   Exhaustion Is Not Relevant to the Issues Before the Jury ...................................... 3
MIL NO. 14: TO PRECLUDE UNDISCLOSED NON-INFRINGEMENT THEORIES ............. 4
MIL NO. 15:  TO PRECLUDE EXPERT OPINIONS FROM FACT WITNESSES .................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cascades Comput. Innovation, LLC v. Samsung Elecs. Co. Ltd.*,
   70 F. Supp. 3d 863, 869-70 (2014) .................................................................................. 3

*Cornell Univ. v. Hewlett-Packard*,
   609 F. Supp. 2d 279, 290 (2009) ....................................................................................... 3

*Curlett Family Ltd. P'ship, Ltd. v. Particle Drilling Techs., Inc.*,
   254 F. App'x 320, 323 (5th Cir. 2007) .............................................................................. 1

*Diversified Dynamics Corp. v. Wagner Spray Tech Corp.*,
   106 F. App'x 29, 33 (Fed. Cir. 2004) ................................................................................ 1

*Glass Equipment Development, Inc. v. Besten, Inc.*,
   174 F.3d 1337, 1341 (Fed. Cir. 1999)............................................................................... 2

*Green v. Bank of Am.*,
   No. 4:13-cv-92, 2013 WL 6178499 (E.D. Tex. Sept. 16, 2013).................................... 5

*Honeywell Int'l, Inc. v. U.S.*,
   609 F.3d 1292 (Fed. Cir. 2010).......................................................................................... 3

*Hypertherm, Inc. v. American Torch Tip Co.*,
   Civ. No. 05-cv-373 2009 WL 435324 (D. N.H. Feb. 19 2009)...................................... 5

*Met-Coil Sys. v. Korners Unlimited, Inc.*,
   803 F.2d 684, 687 (Fed. Cir. 1986)................................................................................... 2

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
   560 F. Supp. 2d 556, 559 (E.D. Tex. 2008) ...................................................................... 2

*Quanta Comput, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617, 636 (2008) ..................................................................................................3

*Raytheon Co. v. Indigo Sys. Corp.*,
   No. 4:07-CV-109, 2009 WL 2744057 (E.D. Tex. Aug. 25, 2009) .............................. 1

*REO Indus., Inc. v. Nat. Gas Pipeline Co. of Am.*,
   932 F.2d 447, 453 (5th Cir. 1991) ..................................................................................... 2

*State Contracting & Eng'g Corp. v. State of Fla.*,
   258 F.3d 1329, 1339 (Fed. Cir. 2001)............................................................................... 1

*Sun Oil Co. (Delaware) v. Madeley*,
   626 S.W.2d 726, 727 (Tex. 1981)..................................................................................... 2

*Sundance, Inc. v. DeMonte Fabricating, Ltd.*,
 550 F.3d 1356, 1363 (Fed. Cir. 2008) ............................................................................... 5

*Sunoco Partners Mkting. & Terminals L.P. v. U.S. Venture, Inc.*,
 2017 WL 4283946 (N.D. Ill. Sept. 27, 2017) ................................................................... 3

*Universal Elecs., Inc. v. Zenith Elecs. Corp.*,
 846 F. Supp. 641, 646 (N.D. Ill. 1994). ............................................................................ 3

*Woods v. DeAngelo Marine Exhaust, Inc.*,
 692 F.3d 1272, 1280 (Fed. Cir. 2012) ............................................................................... 5

**<u>Rules</u>**
Fed. R. Evid. 26 ........................................................................................................................ 5
Fed. R. Evid.701 ...................................................................................................................... 5
Fed. R. Evid.702 ...................................................................................................................... 5

## MIL NO. 13: TO BIFURCATE TRIAL OF THE "NEW DEFENSES" AND TO EXCLUDE ANY EVIDENCE, ARGUMENT, OR OPINION RELATED TO THE NEW DEFENSES FROM THE JURY TRIAL

Cisco's "new defenses" – license, release, implied license and exhaustion – should be addressed at a bench trial, and any evidence, opinion and argument relating to these defenses should be excluded from the jury trial. The defenses of express license and release are questions for the Court, unless the contract at issue is ambiguous. Here, all parties agree that the ███ ████████████ (the "Agreement") is unambiguous. The defense of implied license is always a question of law, to be determined by the Court, and it appears that there may be no dispute about whether this issue should be tried to the bench. And while exhaustion can be a jury issue, in this case any sales of accused products to which this defense allegedly applies are entirely or almost entirely post-trial, and the defense will have no effect on the damages to be determined by the jury.

### A. As the Agreement Is Unambiguous, License and Release Must Be Tried to the Court

Cisco's defenses of express license or release rely on interpreting relevant portions of the Agreement. Contract interpretation is a matter of law, specifically, state law. *E.g.*, *Diversified Dynamics Corp. v. Wagner Spray Tech Corp.*, 106 F. App'x 29, 33 (Fed. Cir. 2004); *State Contracting & Eng'g Corp. v. State of Fla.*, 258 F.3d 1329, 1339 (Fed. Cir. 2001) ("Whether express or implied, a license is a contract 'governed by ordinary principles of state contract law.'"). *See also Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 WL 2744057, at *4 (E.D. Tex. Aug. 25, 2009) ("A release is generally nothing more than a contract, interpreted under general contract principles."). Because the Agreement contains a choice of law clause specifying that it will be governed by and interpreted according to the laws of Texas, Texas contract law applies. *See* Declaration of Reza Mirzaie in Support of Additional Motions *in Limine* ("Mirzaie Decl."), Ex. A ████████████████. In Texas, if a contract is not ambiguous, its interpretation is a question of law for the court. *Curlett Family Ltd. P'ship, Ltd. v. Particle Drilling Techs., Inc.*, 254 F. App'x 320, 323 (5th Cir. 2007) ("Under Texas law, if a contract is worded so that it can be given a definite legal meaning, it is not ambiguous and its construction is

a matter of law."); *Orion IP, LLC v. Mercedes-Benz USA, LLC*, 560 F. Supp. 2d 556, 559 (E.D. Tex. 2008) ("Contract interpretation is purely a legal issue. . . . Under Texas law, the interpretation of an unambiguous contract is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present with the contract was entered.") (quotations omitted).

All parties to this case, and even in the related cases, agree that the relevant provisions of the Agreement are unambiguous. *See* Defendant's Motion for Partial Summary Judgment Regarding their Release Defense (Dkt. No. 654) at 2 (the language of the agreement "plainly, and unambiguously, releases Defendants"), 7 ("The definition of 'Licensed Products' is thus unambiguous"). *See also* Mirzaie Decl., Ex. B, Cisco's Responses to Oyster's First Set of Individual Interrogatories (Nos. 1-2), June 15, 2018, at 7 ("Cisco contends that the license (or implied license) provisions of the ▌▌▌▌▌▌ Agreement are unambiguous"). The fact that the parties disagree as to the interpretation of these provisions does not render them ambiguous. "A contract is not ambiguous merely because the parties have a disagreement on the correct interpretation." *REO Indus., Inc. v. Nat. Gas Pipeline Co. of Am.*, 932 F.2d 447, 453 (5th Cir. 1991), *citing Sun Oil Co. (Delaware) v. Madeley*, 626 S.W.2d 726, 727 (Tex. 1981). Cisco's release and license defenses should therefore be tried to the Court.

### B. Implied License Is an Issue of Law for the Court to Decide

At this point it is unclear that any party disputes that implied license should be tried to the Court. Cisco has acknowledged as much, stating in its positions of law in the May 9, 2018 Proposed Joint Pretrial Order, that "[i]mplied license is an equitable defense that does not carry a right to a jury trial, and is to be resolved separately from the Court." Dkt. 550 at 9. ALU has also indicated that it may stipulate to implied license being tried to the Court. In any case, the law is clear. The existence of an implied license is a question of law, reserved for the Court. *See, e.g.*, *Glass Equipment Development, Inc. v. Besten, Inc.*, 174 F.3d 1337, 1341 (Fed. Cir. 1999) (*citing Met-Coil Sys. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986) (holding that "[t]he existence of an implied license to use a patent is a question of law")); *see also Cornell Univ. v.*

2

*Hewlett-Packard*, 609 F. Supp. 2d 279, 290 (W.D.N.Y. 2009) (Rader, J.) ("The existence of an implied license is a question of law reserved for the court.").

      **C.**     **Exhaustion Is Not Relevant to the Issues Before the Jury**

Unlike license, implied license, and release, exhaustion can be a jury issue. However, in this case likely none, or at most very little, of the accused sales at issue in the case to be tried to the jury are subject to Cisco's exhaustion defense. Thus, even if Cisco is successful in its exhaustion defense, only post-trial sales will be affected, and post-trial sales are not relevant to the parties' damages cases.

Cisco's exhaustion defense requires Cisco to prove there has been "an authorized sale." *Quanta Comput, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 636 (2008) (holding that exhaustion requires proof of an "authorized sale"); *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 646 (N.D. Ill. 1994). In this context, under controlling Federal Circuit law, to qualify as "an authorized sale," the transaction must be authorized "**at the time of the sale**." *Honeywell Int'l, Inc. v. U.S.*, 609 F.3d 1292, 1304 (Fed. Cir. 2010) (emphasis added); *see also Sunoco Partners Mkting. & Terminals L.P. v. U.S. Venture, Inc.*, 2017 WL 4283946 at *8 (N.D. Ill. Sept. 27, 2017) (holding that license or covenant not to sue does not retroactively authorize sales); *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co. Ltd.*, 70 F. Supp. 3d 863, 869-70 (N.D. Ill. 2014) (same). In other words, sales made prior to the effective date of the Agreement cannot be subject to Cisco's exhaustion defense.

Both the license and release provisions of the Agreement become effective only upon ▆▆▆ payment subject to the terms provided in ▆▆▆ This payment has not been made as of the date of this motion, as under ▆▆▆ ▆▆▆ ▆▆▆ Mirzaie Decl., ¶ 2. There will therefore likely be little or no accused sales subject to Cisco's exhaustion defense accruing before trial.

3

Post-trial sales are not relevant to either party's damages model. Oyster is seeking a running royalty through trial (and in fact at this point Cisco has produced sales information only through January 2018). Mirzaie Decl., Ex. C, 5th Suppl. Rpt. of Stephen E. Dell, CVA Relating to Damages (New Defenses), ¶ 4. Cisco's damages expert Dr. Becker, for his part, has asserted that Cisco's new defenses have no effect on his lump sum damages models. Mirzaie Decl., Ex. D, Report of Stephen L. Becker, Ph.D. with Respect to the New Defenses, ¶¶ 12-13 ("My consideration of the ███ Agreement does not change, and in fact, reinforces, my conclusion regarding the amount of the reasonable royalty."). While exhaustion may have some relevance to post-trial damages, such as an ongoing royalty, this would be an issue for the Court, and in any case no such request has been made, nor would be unless and until Oyster prevails at trial.

**MIL NO. 14: TO PRECLUDE UNDISCLOSED NON-INFRINGEMENT THEORIES**

Fact and expert discovery on infringement issues closed nearly six months ago and the first trial in this matter is less than one month away. The time to provide non-infringement contentions or theories—in response to Oyster's contention interrogatories and under the expert-witness disclosure deadlines in this Court's Docket Control Order—has long passed. Thus, any theory presented at trial that was not disclosed within this lengthy pretrial process would violate the deadlines set under Rule 26 and by this Court.

Moreover, the prejudice that Oyster would suffer from the surprise of having Defendant spring on Oyster any undisclosed theory at trial is obvious. Among other things, Oyster likely would not have the right of providing its own expert opinions on the issue, nor would it or the Court have the benefit of a potential claim construction proceeding to determine the legal disputes on the issue, which would make the surprise even tougher on the jury, who potentially would not have any benefit of a possible claim interpretation from the outset of trial.

While Oyster believed the parties could reach a stipulation on this non-controversial issue without the need of briefing, defendants have not yet agreed to such a stipulation. Therefore, Oyster presents this issue as a disputed motion *in limine*, but still hopes to reach an agreement on the issue, prior to the pretrial conference. If the parties cannot reach agreement on this, preclusion is

the proper remedy. *See, e.g.*, *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (excluding undisclosed invalidity evidence and holding that contention interrogatories "serve an important purpose in helping to discovery facts supporting the theories of the parties"); *Green v. Bank of Am.*, No. 4:13-cv-92, 2013 WL 6178499, at *9 (E.D. Tex. Sept. 16, 2013).

**<u>MIL NO. 15: TO PRECLUDE EXPERT OPINIONS FROM FACT WITNESSES</u>**

Rule 701 precludes opinions proffered by witnesses who were not disclosed as testifying experts under Rule 26, unless the disclosed fact witness's testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the [] testimony or to determine a fact in issue; *and* (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added). Courts have decided that Rule 701 does preclude lay witness testimony on the issue of infringement and other, similar issues that require specialized knowledge. *See, e.g.*, *Sundance, Inc. v. DeMonte Fabricating, Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("We hold that ***it is an abuse of discretion*** to permit a witness to testify as an expert on the issues of non-infringement or invalidity … unless that person is qualified as an expert in the pertinent art.") (emphasis added); *Hypertherm, Inc. v. American Torch Tip Co.*, Civ. No. 05-cv-373 2009 WL 435324, at *3-4 (D. N.H. Feb. 19 2009) (granting motion *in limine* to preclude any lay witness from testifying as to infringement or invalidity and holding that "[g]iven the legal landscape, no lay opinion testimony will be permitted on the issues of infringement and patent invalidity").

Here, Oyster proposes to preclude lay or fact-witness testimony on the issues of non-infringement, invalidity, the "substantial embodiment" test and "non-infringing uses," should the jury be allowed to hear testimony on the exhaustion issue. This should preclude, for example, fact-witness testimony on whether a particular component of the Defendant's accused products satisfies the "phase modulate" limitation in the asserted claims, or what could be considered a "non-infringing use," or what claim elements were "inventive" or "non-inventive."

While Oyster also believed the parties could reach a stipulation on this non-controversial issue without the need of briefing, defendants have not yet agreed to any such stipulation.

5

Therefore, Oyster presents this issue as a disputed motion *in limine*, but still hopes to reach an agreement on the issue prior to the pretrial conference.

Dated: July 23, 2018

Respectfully submitted,

**OYSTER OPTICS, LLC**

By: /s/ *Reza Mirzaie*
Marc A. Fenster (CA SBN 181067)
E-mail: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
E-mail: rmirzaie@raklaw.com
Amir A. Naini (CA SBN 226627)
Email: anaini@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
Arka Chatterjee (CA SBN 268546)
E-mail: achatterjee@raklaw.com
Adam S. Hoffman (CA SBN 218740)
Email: ahoffman@raklaw.com
Theresa Troupson (CA SBN 301215)
Email: troupson@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone:  310/826-7474
Facsimile:  310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
Andrea L. Fair (TX SBN 24078488)
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 13231
Longview, Texas 75601
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff
OYSTER OPTICS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic service on July 23, 2018.

                                                    /s/ *Reza Mirzaie*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Oyster and counsel for Cisco met and conferred concerning the substance of this motion and the relief requested on multiple occasions, through multiple phone calls and through multiple emails, from July 20 to July 23. Following discussions, Cisco remains opposed to this motion and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

                                                    /s/ *Reza Mirzaie*

**CERTICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that pursuant to Local Rule CV-5(a)(7)(B) that on May 18, 2017 the Court entered a Protective Order (Dkt. 95) authorizing the filing of documents designated pursuant to the Protective Order under seal.

                                                    /s/ *Reza Mirzaie*