# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| OYSTER OPTICS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:16-CV-01302-JRG |
| | § | (LEAD) |
| v. | § | |
| | § | |
| ALCATEL-LUCENT USA, INC., | § | CIVIL ACTION NO. 2:16-CV-01297-JRG |
| | § | (MEMBER) |
| *Defendant*. | § | |
| | § | |

## **ORDER**

Before the Court is Defendant Alcatel-Lucent USA, Inc.'s ("ALU") Contested Bill of Costs (Dkt. No. 861), Supplemental Contested Bill of Costs (Dkt. No. 875) (collectively, the "Bill of Costs"), and Motion for a Finding of Exceptional Case and for Attorneys' Fees (Dkt. No. 868) (the "Attorneys' Fees Motion"). For the reasons stated herein, the Court **CARRIES** the Bill of Costs (Dkt. No. 861, 875) and the Attorneys' Fees Motion (Dkt. No. 868).

In 2016, Plaintiff Oyster Optics, LLC ("Oyster") sued ALU and several other defendants. (Dkt. No. 1.) Those cases were consolidated for pretrial purposes under Lead Case No. 2:16-cv-01302-JRG. (Dkt. No. 96.) During the course of that litigation, Oyster settled its claims against Defendant Fujitsu Network Communications, Inc. ("Fujitsu") and entered into a settlement agreement that granted, *inter alia*, a release to Fujitsu and its customers for certain accused products under the patents-in-suit (the "Oyster-Fujitsu Agreement"). (Dkt. Nos. 510, 580.) ALU subsequently moved for partial summary judgment, alleging that Oyster's claims against ALU's products were barred by the release provision in the Oyster-Fujitsu Agreement (the "MSJ"). (Dkt.

1

No. 654.) The Court granted the MSJ at the pretrial conference and reset the trial date for November 5, 2018. (Dkt. No. 816.)

On November 1, 2018, pursuant to an agreement between Oyster and ALU, the parties filed a joint motion to (1) sever the claims that were subject to ALU's release defense (the "Release Claims") from the other claims left in the case (the "Remaining Claims"); (2) to open a new case number for the Release Claims (the "Release Case") and a new case number for the Remaining Claims (the "Remaining Case"); and (3) to administratively close the Remaining Case (the "Sever and Stay Motion"). (Dkt. No. 845.) The parties agreed to this structure to allow Oyster to immediately appeal the Court's ruling on the MSJ in the Release Case.

The Court granted the Sever and Stay Motion and entered final judgment in the Release Case on November 7, 2018, in which it declared ALU the prevailing party. (Dkt. Nos. 850, 851.) Oyster has appealed the Court's final judgment in the Release Case to the Federal Circuit (the "Appeal") (Dkt. No. 862), and the Remaining Case has been administratively closed pending resolution of the Appeal. As a result, there has been no final judgment entered and no declared prevailing party in the Remaining Case.

ALU now moves for an entry of bill of costs and attorneys' fees in the Release Case. (Dkt. Nos. 861, 875, 868.) However, given the unique posture of the case, the Court finds that "any [such] determination of costs [or fees] at this point would be necessarily incomplete and inefficient." (Dkt. No. 878 at 1.) ALU seeks to recover costs that were incurred before the Court severed the case into two actions, and that potentially cover claims in *both* the Release and Remaining Cases. (*See, e.g.*, Dkt. No. 861 at 6–9 (seeking recovery of costs for non-refundable hotel and travel for trial).) Since no prevailing party has been declared in the Remaining Case, it would be inequitable to award ALU *all* of its requested costs before the Remaining Case has been

fully resolved. If Oyster is declared the prevailing party in the Remaining Case, then the Court would need to equitably apportion costs between the Release and Remaining Cases.

Accordingly, to avoid wasting judicial resources and to ensure a fair and just result, the Court hereby **CARRIES** the Bill of Costs (Dkt. No. 861, 875) and the Attorneys' Fee Motion (Dkt. No. 868) until the Appeal has been fully resolved. *Lewallen v. City of Beaumont*, No. 1:05-cv-733, 2009 WL 2175637, at *15 (E.D. Tex. July 20, 2009) ("Under Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the court directs otherwise."); *Am. Infra-Red Radian Co. v. Lambert Indus., Inc.*, 41 F.R.D. 161, 164 (D. Minn. 1966) ("[A] continuance of taxation of costs is within the discretion of the trial court."); FED. R. CIV. P. 54, advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

The Parties are **ORDERED** to file a Joint Status Report informing the Court of the results of the Appeal within fourteen (14) days of the issuance of an opinion from the Appeal. A courtesy copy of such Joint Status Report shall also be delivered to chambers.

**So ORDERED and SIGNED this 25th day of June, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE